## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Petters Company, Inc., et al.,

Debtors.

(includes:
Petters Group Worldwide, LLC;
PC Funding, LLC;
Thousand Lakes, LLC;
SPF Funding, LLC;
PL Ltd., Inc.;
Edge One LLC;
MGC Finance, Inc.;
PAC Funding, LLC;
Palm Beach Finance Holdings, Inc.)

**Jointly Administered under
Case No. 08-45257**

Court File No. 08-45257

Court Files No.'s:

08-45258 (GFK)
08-45326 (GFK)
08-45327 (GFK)
08-45328 (GFK)
08-45329 (GFK)
08-45330 (GFK)
08-45331 (GFK)
08-45371 (GFK)
08-45392 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

## NOTICE OF HEARING AND MOTION TO APPROVE SETTLEMENT BY STIPULATION PURSUANT TO FED. R. BANKR. P. 9019

TO:      The entities specified in Local Rule 9013-3

1.      Petters Company, Inc. ("PCI") and Thousand Lakes, LLC ("Thousand Lakes," collectively, the "Debtors"), through their undersigned attorney, moves the Court for the relief requested and gives notice of hearing.

2.      The Court will hold a hearing on this Motion before the Honorable Gregory F. Kishel, United States Bankruptcy Judge, at 2:00 P.M. on June 2, 2009, in Courtroom 2A, at the United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota or as soon thereafter as the parties may be heard.

3.      Any response to this Motion must be filed and served by delivery not later than Thursday, May 28, which is three (3) days before the time set for the hearing (excluding Saturdays, Sundays, and holidays), or filed and served by mail not later than Thursday, May 21, 2009, which is seven (7) days before the time set for the hearing (excluding Saturdays, Sundays and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This is a core proceeding.  The Petition commencing the Chapter 11 case of PCI was filed on October 11, 2008 and the Petition commencing the Chapter 11 case of Thousand Lakes was filed on October 15, 2008 (the "Cases").  Venue of these cases and this motion are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The Cases are now pending before this Court.

5.      This Motion arises under Federal Rules of Bankruptcy Procedure 9019 and 2002. This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through 3.  PCI and Thousand Lakes requests an order approving a stipulated settlement of the claim filed by Cananwill, Inc. ("Cananwill") pursuant to Fed. R. Bankr. P. 9019.

### BACKGROUND

6.      The Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  A committee of unsecured creditors (the "Committee") was appointed on November 21, 2008 pursuant to § 1102 of the Bankruptcy Code. On December 24, 2008, the United States Trustee appointed Douglas A. Kelley as Trustee in these Cases ("Trustee").  On February 26, 2009, the Court approved that appointment.  The Trustee continues to operate the Debtors' businesses pursuant to § 1108 of the Bankruptcy Code.

Doc# 2926590\3

7.      PCI is a Minnesota corporation, the shares of which are owned and controlled 100% by Thomas J. Petters ("Petters").  The operations and management decisions of PCI and its subsidiary entities, including Thousand Lakes, were all conducted at the company's headquarters, located at 4400 Baker Road, Minnetonka, Minnesota.  PCI served as a venture capital arm of the Petters enterprises, utilizing single purpose entities to obtain billions of dollars of funding, and purportedly to acquire merchandise for sale to wholesalers and retailers nationwide, which purchase and sale business may have not ever existed.

8.      Petters Group Worldwide, LLC ("PGW") is a privately held Delaware limited liability company.  PGW is also owned 100% by Petters.  The management decisions of PGW and its subsidiary entities were conducted at the company's headquarters, located at 4400 Baker Road, Minnetonka, Minnesota (the "Petters Headquarters").  PGW has investments in companies worldwide, which include 100% ownership of Polaroid (products include cameras, PoGo$^{TM}$ printers, LCD TVs, portable DVD players), among others.  PGW obtained funding from investors/lenders and from PCI.

9.      On or about September 24, 2008, the Federal Bureau of Investigation ("FBI"), together with the Internal Revenue Service – Criminal Investigation Division ("IRS") and the United States Postal Inspection Service ("USPI") executed a search warrant on the Petters Headquarters and seized records of PCI, PGW, sole owner Petters, and other employees allegedly involved in a fraudulent Ponzi scheme.  On October 3, 2008, Petters was arrested on charges of mail and wire fraud, money laundering, and conspiracy.  Other executives implicated in this scheme have also been arrested on various charges and have pleaded guilty to certain crimes.

10.     On December 1, 2008, Petters, PCI and PGW were indicted by a federal grand jury on charges of: (i) mail fraud, (ii) wire fraud, (iii) conspiracy to commit mail fraud and wire fraud, (iv) money laundering, and (v) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 371, 1343, 1956, and 1957.  *See* Indictment, Doc. No. 75, *U.S.A. v. Petters et al.*, Case No. 08-cr-00364 (RHK-AJB) (D. Minn.).   The indictment alleges that Petters used PCI and PGW, as well as their subsidiary entities, to orchestrate a massive Ponzi scheme to defraud investors out of more than $3 billion.

11.     As a result of the investigation and arrests, numerous other employees terminated their employment with the Debtors, including the main law firm providing overall corporate counsel, the two senior in-house counsels, the CEO, the CFO, and others with knowledge of the financial transactions among the several Debtors and with outside lenders and creditors.   In addition, several lenders have commenced actions against the Debtors in several courts, both in Minnesota as well as in other states.

12.     As a result of the investigation, subsequent arrests and litigation by numerous creditors, Debtors sought relief under Chapter 11 of the Bankruptcy Code in order to reorganize and/or preserve their operations, sell assets and preserve potential avoidance and claims. Except for PGW, PCI and the remaining Debtors' operations will be, for the most part, limited to reconstructing accounting records and analyzing and pursuing potential claims.   PGW will conduct these activities as well, but will also be involved in the ongoing management, operations and sales (as the case may be).

## RELIEF REQUESTED

13.     Cananwill, a Pennsylvania corporation with its principal office located in Glenview, Illinois, is an insurance premium finance company, which business consists of lending money to companies to finance business insurance premiums.

4

14.     Lancelot Investors Fund, L.P. is a Delaware limited partnership ("Lancelot").  On or about October 20, 2008, each of the debtors in the Lancelot Investors Fund, L.P. et al. bankruptcy cases, jointly administered under Case No. 08-28225 in the United States Bankruptcy Court, for the Northern District of Illinois (the "Lancelot Cases"), filed petitions for relief under chapter 7 of the Bankruptcy Code.  Ronald R. Peterson has been appointed as the Chapter 7 trustee for the Lancelot Cases.

15.     On or about March 17, 2008, Cananwill entered into a Commercial Insurance Premium Finance and Security Agreement (the "Finance Agreement") with PCI, Thousand Lakes, RWB Services, LLC ("RWB") and Lancelot (the "Borrowers" or "Insureds"), whereby the Borrowers financed the purchase of certain financed insurance policies to insure goods ostensibly owned by certain of the Borrowers (the "Financed Policies").  A true and correct copy of the Finance Agreement is attached hereto as <u>Exhibit A</u>.   Under the terms of the Finance Agreement, the total amount payable for the Financed Policies was $961,637.45 (the "Premium").   As security for amounts owing under the Finance Agreement, the Borrowers assigned all amounts payable to the Borrowers under the Financed Policies.

16.     On March 17, 2008, RWB, a wholly-owned subsidiary of Lancelot and co-debtor in the Lancelot Cases, made an initial down payment of $95,163 in respect of the Premium and the Borrowers financed the remaining balance of $866,474.45 through Cananwill.  A true and correct copy of RWB's March, 2008 bank statement, evidencing the $95,163 down payment is attached hereto as <u>Exhibit B</u>.

17.     Under the terms of the Finance Agreement, the Borrowers were required to pay Cananwill ten equal monthly installments of $88,545.01, commencing on April 4, 2008.  RWB made the scheduled monthly payments as required under the Finance Agreement through

September 5, 2008, before ceasing to make such payments.   A true and correct copy of Cananwill's records showing RWB's monthly payments to Cananwill from April 3, 2008 through September 5, 2008 is attached hereto as <u>Exhibit C</u>.  None of the remaining Borrowers, including PCI and Thousand Lakes, made any payments to Cananwill pursuant to the terms of the Finance Agreement or otherwise.  As such, Thousand Lakes asserts that it is entitled to the benefits of any return of policy premiums it may be able to recover from the insurer.

18.     The Borrowers are in default under the Finance Agreement for failing to make payments due to Cananwill as required by the Finance Agreement.

19.     Because the goods insured under the Financed Policies never existed, the risks insured by the Financed Policies never existed.

20.     On or about December 1, 2008, Cananwill filed a proof of claim (Claim No. 5) against the PCI estate in the amount of $397,554.87 (the "Cananwill Claim").  A true and correct copy of the Cananwill Claim is attached hereto as <u>Exhibit D</u>.  Because of collection costs incurred in respect of the Cananwill Claim since such time, amounts currently owing under the Finance Agreement are $431,837.84, plus an allowance of no more than $15,000 of additional collection costs incurred on or after January 24, 2009 (the "Indebtedness").

21.     After extensive discussion and negotiation, the trustees for the PCI and Lancelot estates, Cananwill and CRC Insurance Services, Inc. as agent for the Financed Policies (the "Agent" and, together with the trustees for the PCI and Lancelot estates and Cananwill, the "Parties"), subject to Court approval, have stipulated and agreed: (i) the Financed Policies will be rescinded; (ii) the Agent will refund the Indebtedness to Cananwill; and (iii) the Agent will refund the difference between the Premium and the Indebtedness to the Lancelot trustee.

22.     Upon the successful funding as described above, the Parties have further stipulated and agreed: (i) the Finance Agreement will be deemed satisfied and terminated; (ii) Cananwill will have no claim against the Lancelot or PCI estates related to the Finance Agreement or related transactions; (iii) the trustees for both the Lancelot and PCI estates will release Cananwill and the Agent from any claims related to the Financed Policies or the Finance Agreement; and (iv) Cananwill and the Agent will release the Lancelot and PCI trustees and their respective estates from any claims related to the Financed Policies or the Finance Agreement, including the Cananwill Claim.

23.     Subject to the Court's approval, the Parties have reached agreement to enter a stipulation that sets forth in greater detail the arrangement among the Parties with respect to the Financed Policies and the Finance Agreement (the "Stipulation"), a true and correct copy of which is attached hereto as Exhibit E.   It is this Stipulation that is the subject of the present Motion.

24.     The PCI estate will only suffer additional costs and expenses by not entering into the Stipulation.  PCI is in default under the Finance Agreement and may be liable to both the Lancelot estate and Cananwill as a result.  The Stipulation would have the effect of returning to the Lancelot estate and Cananwill any amounts to which they are entitled to receive from the insurer without causing additional litigations costs to the PCI estate as well as releasing the PCI estate from liability related to the Financed Policies or the Finance Agreement, including the Cananwill Claim.  Because the Trustee believes the terms of the Stipulation are fair, equitable and in the best interest of the PCI estate, PCI seeks court authorization to enter into the Stipulation.

Doc# 2926590\3

25.     If testimony is needed at the hearing on this motion, PCI hereby gives notice that it may call Ronald R. Peterson, whose business address is Jenner & Block, 330 N. Wabash Avenue, Chicago, IL 60611 to testify as to the facts stated herein.  Other employees of PCI, or its affiliates, may also testify.

26.     WHEREFORE, PCI, through its undersigned attorney, moves the Court for an order (1) approving settlement by stipulation pursuant to Fed. R. Bankr. P. 9019 and (2) granting such other relief as the Court may deem just and equitable.

DATED: May 8, 2009                          **LINDQUIST & VENNUM P.L.L.P.**


By:  ___/e/ James A. Lodoen_____
James A. Lodoen (#173605)
George H. Singer (#262043)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR
DOUGLAS A. KELLEY, TRUSTEE**

## VERIFICATION

I, Douglas A. Kelley, Trustee for Petters Company, Inc., declare under penalty of perjury that the facts set forth in the preceding motion to approve a settlement by stipulation pursuant to Fed. R. Bankr. P. 9019 are true and correct according to the best of my knowledge, information and belief.

Executed on: __May 7__, 2009

Douglas A. Kelley

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under**<br>**Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| | Court Files No.'s: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

## MEMORANDUM IN SUPPORT OF MOTION TO APPROVE SETTLEMENT BY STIPULATION PURSUANT TO FED. R. BANKR. P. 9019

TO:    The entities specified in Local Rule 9013-3

Petters Company, Inc. ("PCI") respectfully submits this Memorandum in Support of its

Motion to Approve Settlement by Stipulation Pursuant to Fed. R. Bankr. P. 9019.

## FACTS

The factual basis for this Memorandum is set forth in the attached Motion and is hereby

incorporated as if fully set forth herein.

## DISCUSSION

### Approval of Proposed Settlement

Fed. R. Bankr. P. 9019(a) provides that "[o]n motion by the trustee and after notice and a

1

hearing, the court may approve a compromise or settlement." "The standard for evaluation of a settlement 'is whether the settlement is fair and equitable and in the best interest of the estate.'" *Tri-State Financial, LLC v. Lovald*, 535 F.3d 649, 654 (8th Cir. 2008). The burden is on the trustee to show "that the proposed settlement is in the best interest of the estate." *In re Y-Knot Construction, Inc.*, 359 B.R. 405, 408 (8th Cir. B.A.P. 2007); *see also In re Hanson Industries, Inc.*, 88 B.R. 942, 946 (Bankr. D. Minn. 1988).

However, the trustee need not "establish that the proposed settlement is the best possible outcome, but only that it does not fall below the lowest point in the range of reasonableness." *In re Y-Knot Construction, Inc.,* 359 B.R. at 408; *see also Tri-State Financial, LLC,* 553 F.3d at 654; *In re Hanson Industries, Inc.*, 88 B.R. at 946. The courts have generally balanced the following four factors to determine whether a proposed settlement is reasonable:

(1) the likelihood of success in the litigation;

(2) the difficulties, if any, in collection matters;

(3) the complexity of the litigation and the attendant expense, inconvenience, and delay; and

(4) the paramount interest of the creditors and a proper deference to their reasonable views.

*In re Trism, Inc.*, 282 B.R. 662, 667 (B.A.P. 8th Cir. 2002); *Tri-State Financial, LLC*, 525 F.3d at 654; *In re Y-Knot Construction, Inc.*, 369 B.R. at 408; *In re Hanson Industries, Inc.*, 88 B.R. at 946.

Here, after consultation with its financial and legal advisors, the Trustee has determined that the Stipulation among the Parties is reasonable and in the best interests of the Debtors' estates. PCI and Thousand Lakes are in default under the Finance Agreement and are liable to

both Cananwill and the Lancelot estate pursuant to the terms of the same.  Neither PCI nor

Thousand Lakes, moreover, have made any payments to Cananwill in respect of the Finance

Agreement and the goods the Financed Policies purport to insure never existed.  Because neither

PCI nor Thousand Lakes paid any portion of the Premium, it would not be entitled to any portion

of the Premium returned.  Thus, the PCI estate does not stand to lose any proceeds by agreeing to

have the Premium distributed to Cananwill or the difference between the Premium and the

Indebtedness distributed to the Lancelot trustee.  Additionally, because the goods insured by the

Financed Policies never existed, the PCI estate will not incur additional risk of loss by rescinding

the Financed Policies.

In addition, the PCI and Thousand Lakes estate have nothing to gain and would only

suffer additional costs and expenses by refusing to settle with the Cananwill claim as provided in

the Stipulation.  PCI is contractually liable to both the Lancelot estate and Cananwill for

damages resulting from defaults and under the Finance Agreement.  The Trustee has assessed the

litigations risk and believes there is a high probability that both the Lancelot estate and

Cananwill would prevail in litigation over amounts owed by the PCI estate under the Finance

Agreement.  The Stipulation will resolve Cananwill's Claim, while removing any remaining

liabilities and avoiding additional collection costs and other fees that would result from formal

litigation over the Finance Agreement and Cananwill's Claim.  Therefore, the Trustee believes

that entering into the Stipulation is not only reasonable, but is in the best interest of, and will

yield the maximum value for, the PCI and Thousand Lakes estates and their creditors.

## **CONCLUSION**

PCI and Thousand Lakes respectfully requests that the Court enter an order (1) approving

the stipulated settlement among PCI, Thousand Lakes, Lancelot and Cananwill, as more fully

Doc# 2926590\3

described in the Motion, pursuant to Fed. R. Bankr. P. 9019 and (2) granting such other relief as the Court may deem just and equitable.

DATED: May 8, 2009                        **LINDQUIST & VENNUM P.L.L.P.**


By:   /e/ James A. Lodoen
_____
James A. Lodoen (#173605)
George H. Singer (#262043)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR
DOUGLAS A. KELLEY, TRUSTEE**

4

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | Court Files No.'s: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

## ORDER APPROVING SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019

This matter came before the Court on June 2, 2009 on the motion of Petters Company, Inc. ("PCI") and Thousand Lakes, LLC ("Thousand Lakes," collectively, the "Debtors") for an order approving settlement by stipulation pursuant to Fed. R. Bankr. P. 9019. James A. Lodoen appeared for the Debtors. Other appearances were as noted on the record. Based on the arguments of counsel, moving documents and the record made at the hearing,

IT IS HEREBY ORDERED:

1. The motion is granted.

2. The Debtors are authorized to enter into the Stipulation, a true and correct copy of which is attached as <u>Exhibit E</u> to the motion.

3.      The ten (10) day stay period of Federal Rule of Bankruptcy Procedure 4001(a)(3)

shall not apply to this Stipulation.

4.      The debtors are authorized to execute any agreements or documents reasonably

necessary to carry out the foregoing action.

Dated: _____

_____
Gregory F. Kishel
United States Bankruptcy Judge

# Exhibit A

PAID
WIRE 3/17/08
$ 95,163.00

## CANANWILL, INC.
**1000 MILWAUKEE AVENUE, GLENVIEW, IL 60025 · (800) 544-0666**
**COMMERCIAL INSURANCE PREMIUM FINANCE AND SECURITY AGREEMENT**
3/11/2008 $86,474.45

Pg. 1 of 2

| | | Contract Number | |
|---|---|---|---|
| NC LIC. #B-116, SC LIC. #99 | | Agent Number **AT900** | Quote Number **403748A-3** |

| Name and address of Insured(s) (as shown in the policy) and co-obligor if any | Name and Address of Insured's Agent ("Agent") |
|---|---|
| Potters Company,Inc, Thousand Lakes, LLC, RWB Services, LLC, & Lancelot Investors Fund, LP 1033 Skokie Blvd Ste 620 Northbrook, IL 60062 | STANTON GROUP RISK MGMT SVCS 3500 AMERICAN BLVD WEST SUITE 450 BLOOMINGTON, MN 55431 Contact: Janelle |
| Telephone Number: (847) 498-1537 | Telephone Number: (952) 922-0301 |

| Policyholder Designation (Check One): | Type of Agreement (Check One): | Indicate contract number of current policy being financed. |
|---|---|---|
| [ ] Proprietorship | [ x ] New | |
| [ ] Partnership [ X ] Corporation | [ ] Additional Premium | |

### SCHEDULE OF POLICIES COVERED BY THIS AGREEMENT

| FOR COMPANY USE ONLY | POLICY NUMBER Prefix Number | FULL NAME OF INSURANCE COMPANY and ADDRESS OF BRANCH REPORTING OFFICE and FULL NAME AND ADDRESS OF GENERAL AGENT | TYPE OF INSUR-ANCE | TERM IN MONTHS | POLICY EFFECTIVE DATE Mo. Day Year | POLICY PREMIUM |
|---|---|---|---|---|---|---|
| 14712 | AA001610X Asgn Risk=N AddCalDays=0 Audit=N Min Ernd=0.000 | LLOYD'S OF LONDON | PROP | 12 | 3/4/2008 | 400,000.00 |
| | | | | | Taxes | 13,029.18 |
| | | | | | Fees | 4,730.45 |
| 14712 | AA001620X Asgn Risk=N AddCalDays=0 Audit=N Min Ernd=0.000 | LLOYD'S OF LONDON | PROP | 12 | 3/4/2008 | 300,000.00 |
| | | | | | Taxes | 9,681.88 |
| | | | | | Fees | 544.09 |
| Total taxes : 30003.13 | | | | | | |
| Total fees : 5684.32 | (Policies Continued on Next Page) | | | | | |

| NY: Charge under §2119 of New York Insurance Law for obtaining and servicing these policies. If none, state 'None'. $ | FLORIDA DOCUMENTARY STAMP TAX | 0.00 |
|---|---|---|

### DISCLOSURE STATEMENT – PAYMENT SCHEDULE

| CASH PRICE (Total Premiums) | $ 961,637.45 |
|---|---|

Payment Plan: [ x ] Monthly  [ ] Quarterly  [ ] Annually
Number of Payments    10    First Payment Due    4/4/2008
Subsequent payments are due on the same day of each succeeding period.

| CASH PRICE The cost of your | – | CASH DOWN PAYMENT | = | AMOUNT FINANCED The amount of credit provided on your behalf. | + | FINANCE CHARGE The dollar amount the credit will cost you. | = | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | AMOUNT OF EACH PAYMENT | ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. |
|---|---|---|---|---|---|---|---|---|---|---|
| $ 961,637.45 | | $ 95,163.00 | | $ 866,474.45 | | $ 18,975.65 | | $ 885,450.10 | $ 88,545.01 | 4.75% |

**CANANWILL, INC. (HEREINAFTER CALLED CANANWILL)**
**1000 MILWAUKEE AVENUE, GLENVIEW, IL 60025 · (800) 544-0666**

Prepayment: The Insured may prepay in full at any time and receive a refund of the unearned finance charge, calculated according to the Rule of 78's (actuarial method in AR, AZ, CA, MA, MO, NJ, OR, PA, VT; short rate method in SC), and subject to a nonrefundable charge stated on page two. Minimum refund is $1.00 (except AK, where there is no minimum refund).

Security Interest: The Insured assigns to Cananwill as security for payment of this agreement all sums payable to the Insured with reference to the policies listed above, including, among other things, any gross return premiums and any payment on account of loss which results in reduction of unearned premium in accordance with the term of said policies.

Delinquency charge: The Insured agrees that upon default in payment of any installment five days or more (more than 5 days in IL, MS, OH) to pay a Delinquency Charge of 5% of

the delinquent installment in AK, CA, DE, MI, MN, ND, NJ, OR, TN, TX, the Delinquency Charge is not due until installment is in default for ten days or more, more than 10 days in MN. NM 7 days in VA. Maximum delinquency charge is $5 in DE, NT, ND; $100 in MD; $500 in WA; 1 1/2% of the installment in NJ with a minimum of $25. In AK, OR; for delinquent payments of less than $250, the delinquency charge is the lesser of 5% of the payment or $5, otherwise the delinquency charge is 2% of the payment. KS: Delinquency charge is $5 plus 2% of the installment in default.

Cancellation Charge: The Insured agrees that if a default results in cancellation of the policy(ies) to pay a Cancellation Charge in the amount stated on page two. (Not applicable in AK, KY,TX, and NC.)

See the provisions on page two for additional information about nonpayment, default, and any repayment in full before the scheduled date and any prepayment refunds or penalties.

QIV# 403748A-3 Prin:3/12/2008 3:19 PM CFG:CustomConfig RT:SR128Prevall PF:0.00 T:4.94 B1:4.75 B2:4.75

| NOTICE TO INSURED: | 1. DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT, INCLUDING THE WRITING ON PAGE TWO, OR IF IT CONTAINS ANY BLANKS. 2. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT AT THE TIME YOU SIGN IT. 3. YOU UNDERSTAND AND HAVE RECEIVED A COPY OF THIS AGREEMENT. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. 4. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE. 5. SEE PAGE TWO FOR IMPORTANT INFORMATION. |
|---|---|

When used in this Agreement, "insured" means the Insured and any co-obligor named above and all insureds covered by the Policies listed in the Schedule of Policies. Each insured jointly and severally agrees to the payment of all amounts required by this Agreement and to be bound by all of its provisions including those on page two. The person signing represents and warrants that he or she is authorized to enter into this Agreement on behalf of each insured and to bind each insured to this Agreement. Each Insured agrees that Cananwill may send all notices under this Agreement to the Insured's address shown above. You are not required to enter into an insurance premium financing arrangement as a condition to the purchase of any insurance policy.

By ___ [signature] ___    Date 3/17/2008
(Signature of Insured)

HAROLD KATZ, VICE PRESIDENT
(Typed Name and Title)

**AGENT'S REPRESENTATIONS AND WARRANTIES**
The undersigned Agent has read the Insurance Agent's Representations and Warranties on page two and makes all such representations and warranties recited therein and agrees to be bound by the terms of this Agreement.

By ___    Date ___
(Signature of Agent)

___
(Typed Name and Title)

CW- 1    QIV (Ed. 01-03)

Reduce Lancelot CP
(AIP)

# Exhibit B

# Charter One

**Commercial Account Statement**

 **1** OF 3

**1-866-262-4249**

Call Charter One's PhoneBank anytime for account information,
current rates and answers to your questions.

Beginning March 01, 2008
through March 31, 2008

US002 BR869

**RWB SERVICES, LLC
C/O LANCELOT INVESTMENT MANAGEMENT, LLC
1033 SKOKIE BLVD SUITE 620
NORTHBROOK IL  60062**

---

## Commercial Checking

**SUMMARY**

**Balance Calculation**

| | |
|---|---:|
| Previous Balance | 2,603.22 |
| Checks | .00 - |
| Debits | 310,696,224.28 - |
| Deposits & Credits | 310,695,889.50 + |
| **Current Balance** | **2,268.44 =** |

RWB SERVICES, LLC
C/O LANCELOT INVESTMENT MANAGE
**Commercial Checking**
450296-581-1

**Previous Balance**

2,603.22

**TRANSACTION DETAILS**

**Debits**

**Other Debits**

| Date | Amount | Description |
|---|---:|---|
| 03/03 | 22,100,000.00 | Online Transfer To Checking 4503527001 |
| 03/03 | 13,398,513.08 | Online Transfer To Checking 4502965870 |
| 03/03 | 5,170,939.34 | Online Transfer To Checking 4502965846 |
| 03/03 | 1,545,125.00 | Online Transfer To Checking 4502965846 |
| 03/03 | 1,166,211.85 | Online Transfer To Checking 4502965870 |
| 03/03 | 348,475.00 | Online Transfer To Checking 4502965870 |
| 03/03 | 279,783.34 | Online Transfer To Checking 4500250092 |
| 03/03 | 220,039.97 | Online Transfer To Checking 4500250092 |
| 03/03 | 220,039.97 | Online Transfer To Checking 4500250076 |
| 03/03 | 65,750.00 | Online Transfer To Checking 4500250092 |
| 03/03 | 65,750.00 | Online Transfer To Checking 4500250076 |
| 03/03 | 20,097.77 | Online Transfer To Checking 4502965870 |
| 03/03 | 419.68 | Online Transfer To Checking 4500250092 |
| 03/04 | 19,300,000.00 | Online Transfer To Checking 4503527001 |
| 03/04 | 6,396,333.70 | Online Transfer To Checking 4502965846 |
| 03/04 | 4,464,555.06 | Online Transfer To Checking 4502965870 |
| 03/04 | 3,754,415.12 | Online Transfer To Checking 4502965846 |
| 03/04 | 2,824,645.53 | Online Transfer To Checking 4502965846 |
| 03/04 | 1,937,000.00 | Online Transfer To Checking 4502965846 |
| 03/04 | 1,352,000.00 | Online Transfer To Checking 4502965870 |
| 03/04 | 846,740.43 | Online Transfer To Checking 4502965870 |
| 03/04 | 637,047.72 | Online Transfer To Checking 4502965870 |
| 03/04 | 159,762.35 | Online Transfer To Checking 4500250092 |
| 03/04 | 159,762.35 | Online Transfer To Checking 4500250076 |
| 03/04 | 120,197.68 | Online Transfer To Checking 4500250092 |
| 03/04 | 120,197.68 | Online Transfer To Checking 4500250076 |
| 03/04 | 3,289.53 | Online Transfer To Checking 4502965846 |
| 03/04 | 741.89 | Online Transfer To Checking 4502965870 |
| 03/04 | 139.98 | Online Transfer To Checking 4500250092 |
| 03/04 | 139.98 | Online Transfer To Checking 4500250076 |
| 03/07 | 2,240,832.69 | Online Transfer To Checking 4502965846 |
| 03/07 | 1,564,071.14 | Online Transfer To Checking 4502965870 |
| 03/07 | 12,755.50 | Online Transfer To Checking 4502965870 |
| 03/07 | 8,903.17 | Online Transfer To Checking 4502965870 |
| 03/13 | 13,000,000.00 | Online Transfer To Checking 4503527001 |
| 03/13 | 6,262,833.61 | Online Transfer To Checking 4502965846 |

# Charter One

**1-866-262-4249**

Call Charter One's PhoneBank anytime for account information,
current rates and answers to your questions.

**Commercial Account Statement**

 **2** OF 3

Beginning March 01, 2008
through March 31, 2008

---

*Commercial Checking continued from previous page*

## Other Debits (continued)

| Date | Amount | Description |
|------|--------|-------------|
| 03/13 | 4,371,373.80 | Online Transfer To Checking 4502965870 |
| 03/13 | 2,547,827.47 | Online Transfer To Checking 4502965846 |
| 03/13 | 18,788.50 | Online Transfer To Checking 4502965846 |
| 03/13 | 13,114.12 | Online Transfer To Checking 4502965870 |
| 03/17 | 23,500,000.00 | Online Transfer To Checking 4503527001 |
| 03/17 | 20,252,172.53 | Online Transfer To Checking 4502965846 |
| 03/17 | 3,101,814.75 | Online Transfer To Checking 4502965846 |
| 03/17 | 312,974.22 | Online Transfer To Checking 4502965846 |
| 03/17 | 95,163.00 | Outgoing Wire Transfer (Mts.No.080317003955) |
| 03/17 | 334.77 | Service Charge (1) |
| | | *Please refer to your Commercial Analysis Statement* |
| 03/18 | 18,500,000.00 | Online Transfer To Checking 4503527001 |
| 03/18 | 15,458,513.49 | Online Transfer To Checking 4502965846 |
| 03/18 | 3,166,820.26 | Online Transfer To Checking 4502965846 |
| 03/19 | 22,000,000.00 | Online Transfer To Checking 4503527001 |
| 03/19 | 8,028,512.29 | Online Transfer To Checking 4502965846 |
| 03/19 | 4,170,228.47 | Online Transfer To Checking 4502965846 |
| 03/19 | 2,780,152.31 | Online Transfer To Checking 4500250092 |
| 03/19 | 2,527,411.19 | Online Transfer To Checking 4500250092 |
| 03/19 | 1,743,913.72 | Online Transfer To Checking 4502965870 |
| 03/19 | 1,093,125.00 | Online Transfer To Checking 4502965870 |
| 03/19 | 728,750.00 | Online Transfer To Checking 4500250076 |
| 03/19 | 662,500.00 | Online Transfer To Checking 4500250092 |
| 03/19 | 457,125.00 | Online Transfer To Checking 4502965870 |
| 03/19 | 4,014.26 | Online Transfer To Checking 4502965846 |
| 03/25 | 32,600,000.00 | Online Transfer To Checking 4503527001 |
| 03/25 | 14,800,000.00 | Online Transfer To Checking 4502965870 |
| 03/25 | 4,079,771.53 | Online Transfer To Checking 4502965846 |
| 03/25 | 2,719,847.69 | Online Transfer To Checking 4500250076 |
| 03/25 | 2,472,588.81 | Online Transfer To Checking 4500250092 |
| 03/25 | 2,457,000.00 | Online Transfer To Checking 4502965846 |
| 03/25 | 1,975,800.00 | Online Transfer To Checking 4502965870 |
| 03/25 | 1,928,860.44 | Online Transfer To Checking 4502965846 |
| 03/25 | 1,706,086.28 | Online Transfer To Checking 4502965870 |
| 03/25 | 200,000.00 | Online Transfer To Checking 4502965846 |
| 03/25 | 130,000.00 | Online Transfer To Checking 4500250092 |
| 03/25 | 102,056.11 | Online Transfer To Checking 4500250092 |
| 03/25 | 91,000.00 | Online Transfer To Checking 4502965870 |
| 03/25 | 71,439.28 | Online Transfer To Checking 4502965870 |
| 03/25 | 26,700.00 | Online Transfer To Checking 4502965846 |
| 03/25 | 12,239.31 | Online Transfer To Checking 4502965846 |
| 03/25 | 8,159.54 | Online Transfer To Checking 4500250076 |
| 03/25 | 7,417.77 | Online Transfer To Checking 4500250092 |
| 03/25 | 5,118.26 | Online Transfer To Checking 4502965870 |

RWB SERVICES, LLC
C/O LANCELOT INVESTMENT MANAGE
**Commercial Checking**
450296-581-1

**Total Debits**
310,696,224.28

## Deposits & Credits

| Date | Amount | Description |
|------|--------|-------------|
| 03/03 | 22,100,000.00 | Online Transfer From Checking 4502965803 |
| 03/03 | 5,168,862.50 | Online Transfer From Checking 4503527001 |
| 03/03 | 4,788,517.50 | Online Transfer From Checking 4503527001 |
| 03/03 | 4,620,660.00 | Online Transfer From Checking 4503527001 |
| 03/03 | 4,324,125.00 | Online Transfer From Checking 4503527001 |
| 03/03 | 3,598,980.00 | Online Transfer From Checking 4503527001 |
| 03/04 | 19,300,000.00 | Online Transfer From Checking 4502965803 |
| 03/04 | 5,730,300.00 | Online Transfer From Checking 4503527001 |
| 03/04 | 5,348,764.00 | Online Transfer From Checking 4503527001 |
| 03/04 | 4,480,515.00 | Online Transfer From Checking 4503527001 |
| 03/04 | 3,706,400.00 | Online Transfer From Checking 4503527001 |
| 03/04 | 3,510,990.00 | Online Transfer From Checking 4503527001 |
| 03/07 | 3,826,562.50 | Online Transfer From Checking 4503527001 |
| 03/13 | 13,000,000.00 | Online Transfer From Checking 4502965803 |
| 03/13 | 4,645,632.50 | Online Transfer From Checking 4503527001 |
| 03/13 | 4,554,745.00 | Online Transfer From Checking 4503527001 |
| 03/13 | 4,013,560.00 | Online Transfer From Checking 4503527001 |
| 03/17 | 23,500,000.00 | Online Transfer From Checking 4502965803 |
| 03/17 | 5,199,425.00 | Online Transfer From Checking 4503527001 |
| 03/17 | 5,189,000.00 | Online Transfer From Checking 4503527001 |
| 03/17 | 4,175,730.00 | Online Transfer From Checking 4503527001 |
| 03/17 | 3,555,200.00 | Online Transfer From Checking 4503527001 |
| 03/17 | 2,994,780.00 | Online Transfer From Checking 4503527001 |

Member FDIC  Equal Housing Lender

 **Charter One**

**1-866-262-4249**

Call Charter One's PhoneBank anytime for account information,
current rates and answers to your questions.

**Commercial Account Statement**

 **3** OF 3

Beginning March 01, 2008
through March 31, 2008

*Commercial Checking continued from previous page*

**Deposits & Credits (continued)**

| Date | Amount | Description |
|------|--------|-------------|
| 03/17 | 2,552,826.50 | Online Transfer From Checking 4503527001 |
| 03/17 | 95,163.00 | Online Transfer From Checking 4502965803 |
| 03/18 | 18,500,000.00 | Online Transfer From Checking 4502965803 |
| 03/18 | 5,617,950.00 | Online Transfer From Checking 4503527001 |
| 03/18 | 5,320,660.00 | Online Transfer From Checking 4503527001 |
| 03/18 | 4,694,805.00 | Online Transfer From Checking 4503527001 |
| 03/18 | 2,991,918.75 | Online Transfer From Checking 4503527001 |
| 03/19 | 22,000,000.00 | Online Transfer From Checking 4502965803 |
| 03/19 | 5,843,663.75 | Online Transfer From Checking 4503527001 |
| 03/19 | 4,892,415.00 | Online Transfer From Checking 4503527001 |
| 03/19 | 4,754,100.00 | Online Transfer From Checking 4503527001 |
| 03/19 | 4,068,176.00 | Online Transfer From Checking 4503527001 |
| 03/19 | 2,637,377.50 | Online Transfer From Checking 4503527001 |
| 03/25 | 32,600,000.00 | Online Transfer From Checking 4502965803 |
| 03/25 | 5,544,720.00 | Online Transfer From Checking 4503527001 |
| 03/25 | 5,188,900.00 | Online Transfer From Checking 4503527001 |
| 03/25 | 5,147,750.00 | Online Transfer From Checking 4503527001 |
| 03/25 | 5,131,295.00 | Online Transfer From Checking 4503527001 |
| 03/25 | 5,046,875.00 | Online Transfer From Checking 4503527001 |
| 03/25 | 3,840,035.00 | Online Transfer From Checking 4503527001 |
| 03/25 | 2,894,510.00 | Online Transfer From Checking 4503527001 |

RWB SERVICES, LLC
C/O LANCELOT INVESTMENT MANAGE
**Commercial Checking**
450296-581-1

⊕ **Total Deposits & Credits**
310,695,889.50

⊜ **Current Balance**
2,268.44

**Daily Balance**

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 03/03 | 2,603.22 | 03/13 | 2,603.22 | 03/19 | 2,268.46 |
| 03/04 | 2,603.22 | 03/17 | 2,268.45 | 03/25 | 2,268.44 |
| 03/07 | 2,603.22 | 03/18 | 2,268.45 | | |

**NEWS FROM CHARTER ONE**

--Encourage Repeat Business! Sign up for a new merchant services account and you'll also
receive 100 FREE gift cards to sell to your customers. Also, with your Charter One business
checking account you'll receive next day settlement of funds from credit card transactions
when you choose Charter One Merchant Services as your payment processor.
Call 1-866-COB-4BIZ or stop by your local branch for details. Terms and conditions apply.
Limited time offer.

# �֍ Charter One

**Checking Account Balance Worksheet**

Before completing this worksheet, please be sure
to adjust your checkbook register balance by
- Adding any interest earned
- Subtracting any fees or other charges

**1** Your current balance on this statement   $ _____
                                                        Current Balance

**2** List deposits which do not appear on
this statement

| Date | Amount | Date | Amount |
|------|--------|------|--------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(+) $ _____
                Total of 2

**3** Subtotal by adding 1 and 2   (=) $ _____
                                            Subtotal of 1 and 2

**4** List outstanding checks, transfers, debits,
POS purchases or withdrawals that do not
appear on this statement

| Date/ Check No. | Amount | Date/ Check No. | Amount |
|-----------------|--------|-----------------|--------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(−) $ _____
                Total of 4

**5** Subtract 4 from 3. This should match your
checkbook register balance   (=) $ _____
                                        Total

---

### Customer Service

If you have any questions regarding your account or discover an error, call the number shown on the front of your statement or write to us at the following address:

*Charter One*
*Customer Service Center*
*P.O. Box 42001*
*Providence, RI 02940-2001*

**Deposit Accounts Are Non-Transferable**
Personal deposit accounts, such as CDs and savings accounts, cannot be transferred to another person or to a corporate entity.

**Loan Statements**

**BILLING RIGHTS SUMMARY**

**In Case of Errors or Questions About Your Bill**
If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at the address shown above as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

*Special Rule for Credit Card Purchases*

If you have a problem with the quality of goods or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. (If we own or operate the merchant, or if we mailed you the advertisement for the property or services, all purchases are covered regardless of amount or location of purchase.)

**Electronic Transfers**

**In Case of Errors or Questions About Your Electronic Transfers**
In case of errors or questions about your electronic transfers, telephone us at the number shown on the front of your statement or write us at the address shown above as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number (if any).
- Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 Business days to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation.

**Finance Charge Calculations for Overdraft Line of Credit Accounts Based on Average Daily Balance Computation Method**

*Calculating your Finance Charge*
We compute your finance charge by multiplying the Average Daily Balance of your account by the Daily Periodic Rate and then multiplying the result by the number of days in the billing cycle.

*Calculating your Average Daily Balance*
To get the average daily balance, we take the beginning balance of your account each day (which does not include any unpaid finance charges or fees), add any new Overdraft Line of Credit transactions as of the date of those transactions, and subtract any payments or credits. This gives us the daily balance. Then we add all the daily balances for the billing cycle together and divide the total by the number of days in the billing cycle. This gives us the average daily balance for your account.

**Negative Information**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Change of Address**
Please call the number shown on the front of your statement to notify us of a change of address.

*Thank you for banking with Charter One.*

Charter One is a division of RBS Citizens, N.A.

Member FDIC  ⌂  Equal Housing Lender

# Exhibit C

**Cash Reporting –   Balance & Transaction Detail**                     **Business Date: 04/03/2008**
**Current Day**                                                          ** Informational Purposes Only **
Amount Range: All Amounts
Includes Credits and Debits for: All Transaction Types

| AMOUNT | TRANSACTION DESCRIPTION | TRAN TYPE | OUR-REF-NO | AVL | TIME | DATE | S/R |
|---|---|---|---|---|---|---|---|
| | FED REF: 0403 G1QG750C 001982 **VIA FED** | | | | | | |
| 105,856.84 | EFT CREDIT | ACH | 0937635385TC | SAME | 02:39 | 04/03/2008 | |
| | ORIG CO NAME: PEDIATRIC SERVIC | | | | | | |
| | ORIG ID: 1581584862 | | | | | | |
| | ENTRY DESCR: PAYMENT | | | | | | |
| | ENTRY CLASS: CCD | | | | | | |
| | TRACE NO: 021000027635385 | | | | | | |
| | ENTRY DATE: 080403 | | | | | | |
| | IND ID NO: 01-49986325-02 | | | | | | |
| | IND NAME: CANANWILL INC. | | | | | | |
| | COMPANY DATA: HUB | | | | | | |
| | REMARK: PEDIATRIC SERVICES OF AMERICA PAYMENT | | | | | | |
| 88,545.01 | FED WIRE CREDIT | FED | 0267901094FF | SAME | 12:01 | 04/03/2008 | STRAIGHT |
| | YOUR REF: 04-96884827-01 | | | | | | |
| | REC FROM: RBS CITIZENS, N.A. 1 CITIZEN'S DRIVE RIVERSIDE RI 02915 | | | | | | |
| | FED ID: 011500120 | | | | | | |
| | B/O CUSTOMER: /4502965811 RWB SERVICES, LLC C/O LANCELOT INVESTMENT MANAGEMENT,NORTHBROOK IL 60062 | | | | | | |
| | FED TIME: 11:58 | | | | | | |
| | REC GFP: 04031558 | | | | | | |
| | MRN SEQ: 2008040300004527 | | | | | | |
| | FED REF: 0403 A1B7A41C 000799 **VIA FED** | | | | | | |
| 76,348.46 | FED WIRE CREDIT | FED | 0437213094FF | SAME | 14:25 | 04/03/2008 | STRAIGHT |
| | YOUR REF: 04-96835338-01 | | | | | | |
| | REC FROM: UMB BANK NA 1010 GRAND AVENUE KANSAS CITY MO 64106 | | | | | | |
| | FED ID: 101000695 | | | | | | |
| | B/O CUSTOMER: /9871070956 WILLOW BROOK FOODS INC PO BOX 50190 SPRINGFIELD MO 65805 | | | | | | |
| | REMARK: /BNF/CCPT/5223229 CANANWILL INC P.O. BOX 4795 CAROL STREAM, IL 60197 -4795 | | | | | | |
| | FED TIME: 14:22 | | | | | | |
| | REC GFP: 04031823 | | | | | | |
| | MRN SEQ: 0804030000002574 | | | | | | |
| | FED REF: 0403 J1B7841C 001068 **VIA FED** | | | | | | |
| 14,108.40 | FED WIRE CREDIT | FED | 0652401094FF | SAME | 16:57 | 04/03/2008 | STRAIGHT |
| | YOUR REF: NA | | | | | | |
| | REC FROM: WACHOVIA BANK NA OF FLORIDA 214 NORTH HOGAN STREET MAIL CODE FL 0037 JACKSONVILLE FL 32203 | | | | | | |
| | FED ID: 063000021 | | | | | | |

*Handwritten annotations:* 3, 91654827, *,  4, 9168353338, 5, 5013814(o)

**Cash Reporting ~     Balance & Transaction Detail**                    **Business Date: 05/02/2008**

**Current Day**                                                          ** Informational Purposes Only **

Amount Range: All Amounts

Includes Credits and Debits for: All Transaction Types

| AMOUNT | TRANSACTION DESCRIPTION | TRAN TYPE | OUR-REF-NO | AVL | TIME | DATE | S/R |
|---|---|---|---|---|---|---|---|
| | B/O CUSTOMER: /4600188353 ALLEN MATKINS -GENERAL 515 S FIGUEROA STREET LOS ANGELES , CA 90071 | | | | | | |
| | ACCT PARTY: /5223229 CANANWILL | | | | | | |
| | REMARK: ALLEN MATKINS 01-49880942-33 /BNF/JPMORGAN CHASE BANK, NA CHICAGO IL | | | | | | |
| | FED TIME: 11:58 | | | | | | |
| | REC GFP: 05021558 | | | | | | |
| | MRN SEQ: 2008050200038236 | | | | | | |
| | FED REF: 0502 I1B7031R 000985 **VIA FED** | | | | | | |
| 180,961.63 | FED WIRE CREDIT | FED | 0368002123FF | SAME | 12:44 | 05/02/2008 | STRAIGHT |
| | YOUR REF: 20001024HUDSONHI | | | | | | |
| | REC FROM: WACHOVIA BANK NA NJ/PA/NY PO BOX 13830 PHILADELPHIA PA 19101 | | | | | | |
| | FED ID: 031201467 | | | | | | |
| | B/O CUSTOMER: /WBNS2000019130325 HUDSON HIGHLAND 622 THIRD AVENUE NEW YORK, NY 10017 | | | | | | |
| | B/O BANK: /2000019130325 HUDSON HIGHLAND GROUP, INC. 560 LEXINGTON AVE - 5TH FL NEW YORK, NY 10022 | | | | | | |
| | REMARK: HUDSON HIGHLAND GROUP, INC. PAYMENTQUOTE#: 398250A-1 | | | | | | |
| | FED TIME: 12:40 | | | | | | |
| | REC GFP: 05021640 | | | | | | |
| | MRN SEQ: 2008050200206206 | | | | | | |
| | FED REF: 0502 E3B75DAC 002527 **VIA FED** | | | | | | |
| 88,545.01 | FED WIRE CREDIT | FED | 0284814123FF | SAME | 11:39 | 05/02/2008 | STRAIGHT |
| | YOUR REF: 04-96884827-01 | | | | | | |
| | REC FROM: RBS CITIZENS, N.A. 1 CITIZEN'S DRIVE RIVERSIDE RI 02915 | | | | | | |
| | FED ID: 011500120 | | | | | | |
| | B/O CUSTOMER: /4502965811 RWB SERVICES, LLC C/O LANCELOT INVESTMENT MANAGEMENT,NORTHBROOK IL 60062 | | | | | | |
| | FED TIME: 11:37 | | | | | | |
| | REC GFP: 05021537 | | | | | | |
| | MRN SEQ: 2008050200004401 | | | | | | |
| | FED REF: 0502 A1B7A41C 000796 **VIA FED** | | | | | | |
| 61,176.67 | FED WIRE CREDIT | FED | 0113003123FF | SAME | 09:00 | 05/02/2008 | STRAIGHT |
| | YOUR REF: 000000503 | | | | | | |
| | REC FROM: WELLS FARGO NA 155 5TH STREET, 6TH FLOOR SAN FRANCISCO CA 94103 | | | | | | |
| | FED ID: 121000248 | | | | | | |
| | B/O CUSTOMER: /5916240251 POLAR SEMICONDUCTOR, INC. PSI CONCENTRATION BLOOMINGTON MN 55425-1350 | | | | | | |
| | ACCT PARTY: /5223229 CANANWILL, INC. | | | | | | |

# JPMorganChase ◑

**Cash Reporting --  Balance & Transaction Detail**

**Current Day**

Amount Range: All Amounts

Includes Credits and Debits for: All Transaction Types

**Business Date: 06/04/2008**

**\*\* Informational Purposes Only \*\***

| Country: | **United States** | | |
|---|---|---|---|
| Bank: | **JPMorgan Chase Bank, N.A. (IL)** | **Currency: U.S. Dollar** | |

**Account Number:** 5223229
**Account Name:** CANANWILL INC.                              **LAST UPDATE: 15:28 NY TIME 06/04/2008**

| Summary: | LEDGER | SAME DAY | NEXT DAY | 2 OR MORE DAYS |
|---|---|---|---|---|
| OPENING | 10,519,530.17 | 6,710,777.17 | 3,604,202.00 | 204,551.00 |
| CREDITS (6) | 258,706.88 | 258,706.88 | 0.00 | 0.00 |
| DEBITS (10) | 6,684,338.93 | 6,684,338.93 | 0.00 | 0.00 |
| CURRENT | 4,093,898.12 | 285,145.12 | 3,604,202.00 | 204,551.00 |

**CREDIT Details**

| AMOUNT | TRANSACTION DESCRIPTION | TRAN TYPE | OUR-REF-NO | AVL | TIME | DATE | S/R |
|---|---|---|---|---|---|---|---|
| 153,301.11 | FED WIRE CREDIT | FED | 0442909156FF | SAME | 14:53 | 06/04/2008 | STRAIGHT |
|  | YOUR REF:  20002796GUILMILL | | | | | | |
|  | REC FROM:  WACHOVIA BANK BANK OF NC,NA 301 SOUTH TRYON STREET CHARLOTTE NC 28288-0203 | | | | | | |
|  | FED ID:  053000219 | | | | | | |
|  | B/O CUSTOMER:  /WBNC2000002928939 GUILFORD MILLS 127 RACINE DRIVE WILMINGTON, NC 28403 | | | | | | |
|  | B/O BANK:  /2000002928939 GUILFORD MILLS INC MASTER ACCOUNT 6001 W MARKET STREET GREENSBORO NC 27409 | | | | | | |
|  | REMARK:  ACCT # 01-50190385 | | | | | | |
|  | FED TIME:  14:48 | | | | | | |
|  | REC GFP:  06041848 | | | | | | |
|  | MRN SEQ:  2008060400044687 | | | | | | |
|  | FED REF:  0604 E3D75D1C 003023 \*\*VIA FED\*\* | | | | | | |
| 88,545.01 | FED WIRE CREDIT | FED | 0491607156FF | SAME | 15:25 | 06/04/2008 | STRAIGHT |
|  | YOUR REF:  04-96884827-01 | | | | | | |
|  | REC FROM:  RBS CITIZENS, N.A. 1 CITIZEN'S DRIVE RIVERSIDE RI 02915 | | | | | | |
|  | FED ID:  011500120 | | | | | | |
|  | B/O CUSTOMER:  /4502965811 RWB SERVICES, LLC C/O LANCELOT INVESTMENT MANAGEMENT,NORTHBROOK IL 60062 | | | | | | |
|  | FED TIME:  15:21 | | | | | | |
|  | REC GFP:  06041921 | | | | | | |
|  | MRN SEQ:  2008060400007060 | | | | | | |
|  | FED REF:  0604 A1B7A41C 001645 \*\*VIA FED\*\* | | | | | | |

*handwritten: 501 90385*

*handwritten: 96884827*

**Cash Reporting --    Balance & Transaction Detail**

**Current Day**                                                    **Business Date: 07/02/2008**

Amount Range: All Amounts                                          ** Informational Purposes Only **

Includes Credits and Debits for: All Transaction Types

| AMOUNT | TRANSACTION DESCRIPTION | TRAN TYPE | OUR-REF-NO | AVL | TIME | DATE | S/R |
|---|---|---|---|---|---|---|---|
| | B/O BANK: /004426417419/ MOMENTIVE PERFORMANCE MATERIALS USA, INC. ATTN: DESIREE RIGBY 260 HUDSON RIVER ROAD WATERFORD NY 12188 | | | | | | |
| | REMARK: VENDOR 30393 CC 1015, PAYMENT F /ROM MOMENTIVE TREASURY BOA WIRE TR/EASURY BOA WIRE | | | | | | |
| | FED TIME: 09:02 | | | | | | |
| | REC GFP: 07021302 | | | | | | |
| | MRN SEQ: 2008070200100255 | | | | | | |
| | FED REF: 0702 B6B7HU3R 000975 **VIA FED** | | | | | | |
| 300,930.45 | EFT CREDIT | ACH | 1846368873TC | SAME | 05:10 | 07/02/2008 | |
| | ORIG CO NAME: SMURFIT STONE | | | | | | |
| | ORIG ID: 1362659288 | | | | | | |
| | DESC DATE: Jul 01 | | | | | | |
| | ENTRY DESCR: Payments | | | | | | |
| | ENTRY CLASS: CTX | | | | | | |
| | TRACE NO: 021000026368873 | | | | | | |
| | ENTRY DATE: 080702 | | | | | | |
| | IND ID NO: 2000205737 | | | | | | |
| | IND NAME: 0007CANANWILL INC | | | | | | |
| | ADDENDA: ISA*00*        *00*        *01*092533678        *01*006981815        *080701*140 | | | | | | |
| 262,557.99 | BOOK TRANSFER CREDIT | BOOK | 1608300184JO | SAME | 11:29 | 07/02/2008 | STRAIGHT |
| | YOUR REF: CAP 08/07/02 | | | | | | |
| | REC FROM: 00000000304656445 REALOGY SERVICES GROUP LLC 1 CAMPUS DR PARSIPPANY NJ 07054- | | | | | | |
| | REMARK: PAYMENT OF JULY INSTALLMENT FOR FINANCE AGREEMENT ACCOUNT 81-50094807-02 | | | | | | |
| | REC GFP: 07021527 | | | | | | |
| 88,545.01 | FED WIRE CREDIT | FED | 0533507184FF | SAME | 14:12 | 07/02/2008 | STRAIGHT |
| | YOUR REF: 04-96884827-01 | | | | | | |
| | REC FROM: RBS CITIZENS, N.A. 1 CITIZEN'S DRIVE RIVERSIDE RI 02915 | | | | | | |
| | FED ID: 011500120 | | | | | | |
| | B/O CUSTOMER: /4502965811 RWB SERVICES, LLC C/O LANCELOT INVESTMENT MANAGEMENT,1033 SKOKIE BLVD SUITE 620 | | | | | | |
| | FED TIME: 14:10 | | | | | | |
| | REC GFP: 07021810 | | | | | | |
| | MRN SEQ: 2008070200007134 | | | | | | |
| | FED REF: 0702 A1B7A41C 001313 **VIA FED** | | | | | | |
| 53,954.52 | FED WIRE CREDIT | FED | 0597203184FF | SAME | 15:04 | 07/02/2008 | STRAIGHT |
| | YOUR REF: O/B CITIBANK NYC | | | | | | |
| | REC FROM: CITIBANK 111 WALL ST NEW YORK NY 10043-0001 | | | | | | |

*(handwritten: 50094807)*
*(handwritten: 96884827)*
*(handwritten: 50229672)*

**Cash Reporting** ~   **Balance & Transaction Detail**                    **Business Date: 08/04/2008**

**Current Day**                                                            ** Informational Purposes Only **

Amount Range: All Amounts

Includes Credits and Debits for: All Transaction Types

| AMOUNT | TRANSACTION DESCRIPTION | TRAN TYPE | OUR-REF-NO | AVL | TIME | DATE | S/R |
|---|---|---|---|---|---|---|---|
| | *TRACE NO:* 021000023451167 | | | | | | |
| | *ENTRY DATE:* 080804 | | | | | | |
| | *IND ID NO:* 2000239623 | | | | | | |
| | *IND NAME:* 0007CANANWILL INC | | | | | | |
| ADDENDA: ISA*00* | *00* | *01*092533678 | *01*006981815 | | | *080801*141 | |
| 88,545.01 | FED WIRE CREDIT | FED | 0114008217FF | SAME | 10:03 | 08/04/2008 | STRAIGHT |
| | *YOUR REF:* 04-96884827-01 | | | | | | |
| | *REC FROM:* RBS CITIZENS, N.A. 1 CITIZEN'S DRIVE RIVERSIDE RI 02915 | | | | | | |
| | *FED ID:* 011500120 | | | | | | |
| | *B/O CUSTOMER:* /4502965811 RWB SERVICES, LLC C/O LANCELOT INVESTMENT MANAGEMENT,1033 SKOKIE BLVD SUITE 620 NORTHBROOK IL 60062 | | | | | | |
| | *FED TIME:* 09:58 | | | | | | |
| | *REC GFP:* 08041358 | | | | | | |
| | *MRN SEQ:* 2008080400002977 | | | | | | |
| | *FED REF:* 0804 A1B7A41C 000313 **VIA FED** | | | | | | |
| 84,231.31 | FED WIRE CREDIT | FED | 0037602217FF | SAME | 07:34 | 08/04/2008 | STRAIGHT |
| | *YOUR REF:* O/B MELLON BANK | | | | | | |
| | *REC FROM:* MELLON BANK N.A.-DUE FROM BK MGMT CLIENT SERVICE CENTER, SUITE 154-0320 500 ROSS STREET PITTSBURGH PA 15262- | | | | | | |
| | *FED ID:* 043000261 | | | | | | |
| | *B/O CUSTOMER:* /469984 FIBERVISIONS INC CREDIT SUISSE CAYMAN ISLANDS 7101 ALCOVY RD COVINGTON GA 30014-1372 | | | | | | |
| | *REMARK:* QUOTE NUMBER: 410646B-1 | | | | | | |
| | *FED TIME:* 07:30 | | | | | | |
| | *REC GFP:* 08041131 | | | | | | |
| | *MRN SEQ:* 709 | | | | | | |
| | *FED REF:* 0804 B1B7TQ1C 000032 **VIA FED** | | | | | | |
| 58,096.91 | BOOK TRANSFER CREDIT | BOOK | 3630100212JO | SAME | 18:50 | 08/04/2008 | STRAIGHT |
| | *YOUR REF:* CAP OF 08/07/30 | | | | | | |
| | *REC FROM:* 00000000005592003 CHICAGO BRIDGE AND IRON CO DELAWARE2103 RESEARCH FOREST DR 4TH FL ONE CB&I PLZ THE WOODLANDS TX 77380-2624 | | | | | | |
| | *REMARK:* MONTHLY INSTALLMENT FOR CHICAGO BRIDGE AND IRON ACCT 04-96861932-01 | | | | | | |
| | *REC GFP:* 08041804 | | | | | | |
| 13,797.08 | FED WIRE CREDIT | FED | 0380501217FF | SAME | 13:54 | 08/04/2008 | STRAIGHT |
| | *YOUR REF:* O/B UNITED BANK | | | | | | |
| | *REC FROM:* UNITED BANK OF PIKE PO BOX 158 ZEBULON GA 30295-0158 | | | | | | |
| | *FED ID:* 061107515 | | | | | | |
| | *B/O CUSTOMER:* /596479 ACTION EXPEDITING INC 779 DIXIE AVE MADISON GA 30650-1831 | | | | | | |

50146955

**Cash Reporting --   Balance & Transaction Detail**

**Current Day**

Amount Range: All Amounts

Includes Credits and Debits for: All Transaction Types

**Business Date: 09/04/2008**

**\*\* Informational Purposes Only \*\***

| AMOUNT | TRANSACTION DESCRIPTION | TRAN TYPE | OUR-REF-NO | AVL | TIME | DATE | S/R |
|---|---|---|---|---|---|---|---|
| 88,545.01 | FED WIRE CREDIT | FED | 0330709248FF | SAME | 12:54 | 09/04/2008 | STRAIGHT |
| | YOUR REF: 04-96884827-01 | | | | | | |
| | REC FROM: RBS CITIZENS, N.A. 1 CITIZEN'S DRIVE RIVERSIDE RI 02915 | | | | | | |
| | FED ID: 011500120 | | | | | | |
| | B/O CUSTOMER: /4502965811 RWB SERVICES, LLC C/O LANCELOT INVESTMENT MANAGEMENT,1033 SKOKIE BLVD SUITE 620 NORTHBROOK IL 60062 | | | | | | |
| | FED TIME: 12:51 | | | | | | |
| | REC GFP: 09041651 | | | | | | |
| | MRN SEQ: 2008090400005237 | | | | | | |
| | FED REF: 0904 A1B7A41C 001094 \*\*VIA FED\*\* | | | | | | |
| 56,857.33 | EFT CREDIT | ACH | 2474279799TC | SAME | 03:33 | 09/04/2008 | |
| | ORIG CO NAME: Snelling Svc LLC | | | | | | |
| | ORIG ID: 1715048856 | | | | | | |
| | DESC DATE: 090308 | | | | | | |
| | ENTRY DESCR: BATCH | | | | | | |
| | ENTRY CLASS: CCD | | | | | | |
| | TRACE NO: 021000024279799 | | | | | | |
| | ENTRY DATE: 080904 | | | | | | |
| | IND ID NO: 0000020691 | | | | | | |
| | IND NAME: Cananwill Inc of PA | | | | | | |
| 53,954.52 | FED WIRE CREDIT | FED | 0048514248FF | SAME | 08:22 | 09/04/2008 | STRAIGHT |
| | YOUR REF: O/B CITIBANK NYC | | | | | | |
| | REC FROM: CITIBANK 111 WALL ST NEW YORK NY 10043-0001 | | | | | | |
| | FED ID: 021000089 | | | | | | |
| | B/O CUSTOMER: /000059225415 KNICKERBOCKER VILLAGE INC 10 MONROE ST NEW YORK NY 100027682 | | | | | | |
| | B/O BANK: GCNXUVDE455 CITIBANK NA NYBD CITICORP DATA SYS 111 SYLVAN AVE 1ST FLOOR ENGLEWOOD CLIFFS NJ 07632 1514 | | | | | | |
| | FED TIME: 08:18 | | | | | | |
| | REC GFP: 09041218 | | | | | | |
| | MRN SEQ: G0182481546001 | | | | | | |
| | FED REF: 0904 B1Q8023C 001975 \*\*VIA FED\*\* | | | | | | |
| 29,332.03 | FED WIRE CREDIT | FED | 0064014248FF | SAME | 08:51 | 09/04/2008 | STRAIGHT |
| | YOUR REF: CANANWILL INS | | | | | | |
| | REC FROM: HSBC BANK USA FMR MARINE MIDLAND BK NA 500 STANTON-CHRISTIANA ROAD NEWARK DE 19713 | | | | | | |
| | FED ID: 021001088 | | | | | | |
| | B/O CUSTOMER: /243009739 PHORM UK INC 264 W 40TH ST FL 16 NEW YORK NY 10018-1512 NEW YORK | | | | | | |

*9688827*

# Exhibit D

B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF **MINNESOTA** _____ | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor **Petters Company, Inc** | Case Number **08-45257 (GFK)** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): **Cananwill INC** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent: **Cananwill Inc 1000 Milwaukee Ave Glenview IL 60025** Telephone number: (847) 953-6220 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor: **04-96884827** | Check here ☐ replaces ☐ amends if this claim a previously filed claim, dated:_____ | |

| 1. **Basis for Claim** ☐ Goods sold ☐ Services performed ☑ Money loaned | ☐ Personal injury/wrongful death ☐ Taxes ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) ☐ Other _____ | ☐ Wages, salaries, and compensation (fill out below) Last four digits of your SS #:____ Unpaid compensation for services performed From _____ to _____ (date) (date) |
|---|---|---|

| 2. **Date debt was incurred:** 03/20/2008 | 3. **If court judgment, date obtained:** |
|---|---|

4. **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☑ Other _____
☐ Motor Vehicle

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. **Total Amount of Claim at Time Case Filed:** | $_____ (unsecured) | $397,554.87 (secured) | _____ (priority) | $397,554.87 (total) |
|---|---|---|---|---|

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date **11/19/2008** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): **Daisy Cruz -Corp Collections** _(signature)_ |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

CANANWILL, INC
1000 MILWAUKEE AVENUE
GLENVIEW, IL 60025

1-877-701-1212

11/19/08 MM/DD/YY                                        PAGE  1

INSURED:                                AGENT:
Petters Company,Inc, Thousand           STANTON GROUP RISK MGMT SVCS
Lakes, LLC, RWB Services, LLC,          3500 AMERICAN BLVD WEST
& Lancelot Investors Fund, LP           SUITE 450
1033 Skokie Blvd Ste 620                BLOOMINGTON, MN 55431
Northbrook IL 60062
ACCOUNT NBR: 04-96884827-01     STATEMENT OF ACCOUNT

        CASH PRICE:      961,637.45    DOWN PAYMENT:          95,163.00

    AMOUNT FINANCED:     866,474.45    TOTAL OF PAYMENTS:    885,450.10

    FINANCE CHARGE:       18,975.65    NUMBER OF PAYMENTS:  10   BEGINNING:04/04/08

| DATE | AMOUNT | BALANCE | DESCRIPTION |
|------|--------|---------|-------------|
| 04/04/08 | 88,545.01 | 796,905.09 | REGULAR PAYMENT |
| 05/05/08 | 88,545.01 | 708,360.08 | REGULAR PAYMENT |
| 06/05/08 | 88,545.01 | 619,815.07 | REGULAR PAYMENT |
| 07/03/08 | 88,545.01 | 531,270.06 | REGULAR PAYMENT |
| 08/05/08 | 88,545.01 | 442,725.05 | REGULAR PAYMENT |
| 09/05/08 | 88,545.01 | 354,180.04 | REGULAR PAYMENT |
| 10/10/08 | 4,427.25 | 358,607.29 | LATE CHARGE ASSESSED |
| 10/27/08 | 0.00 | 358,607.29 | CANCELLATION CHRG |

        LESS UNEARNED INTEREST:            344.63

                    SUBTOTAL:          358,262.66

    POST CANCELLATION INTEREST:         39,292.21

    PAYOFF AMOUNT THROUGH 11/19/08      397,554.87

    DAILY  INTEREST CHARGETHRU 01/04/09    237.39

**CANANWILL, INC.**
**1000 MILWAUKEE AVENUE, GLENVIEW, IL 60025 - (800) 544-0666**
**COMMERCIAL INSURANCE PREMIUM FINANCE AND SECURITY AGREEMENT**

Pg. 1 of 2

3/17/2008 866,474.45

| NC LIC. #B-116, SC LIC. #99 | | Contract Number | |
|---|---|---|---|
| | Agent Number **AT900** | Quote Number **403748A-3** | |

| Name and address of Insured(s) (as shown in the policy) and co-obligor if any | Name and Address of Insured's Agent ("Agent") |
|---|---|
| Potters Company,Inc, Thousand Lakes, LLC, RWB Services, LLC, & Lancelot Investors Fund, LP 1033 Skokie Blvd Ste 620 Northbrook, IL 60062 | STANTON GROUP RISK MGMT SVCS 3500 AMERICAN BLVD WEST SUITE 450 BLOOMINGTON, MN 55431 Contact: Janelle |
| Telephone Number: (847) 498-1537 | Telephone Number: (952) 922-0301 |

| Policyholder Designation (Check One): [ ] Proprietorship | Type of Agreement (Check One): [ x ] New | Indicate contract number of current policy being financed. | |
|---|---|---|---|
| [ ] Partnership [ X ] Corporation | [ ] Additional Premium | | |

**SCHEDULE OF POLICIES COVERED BY THIS AGREEMENT**

| FOR COMPANY USE ONLY | POLICY NUMBER Prefix / Number | FULL NAME OF INSURANCE COMPANY AND ADDRESS OF BRANCH REPORTING OFFICE AND FULL NAME AND ADDRESS OF GENERAL AGENT | TYPE OF INSUR-ANCE | TERM IN MONTHS | POLICY EFFECTIVE DATE Mo. Day Year | POLICY PREMIUM |
|---|---|---|---|---|---|---|
| 14712 | AA001610X Asgn Rsk=N Add'CxlDays=0 Audit=N Min Ernd=0.000 | LLOYD'S OF LONDON | PROP | 12 | 3/4/2008 Taxes Fees | 400,000.00 13,029.18 4,730.45 |
| 14712 | AA001620X Asgn Rsk=N Add'CxlDays=0 Audit=N Min Ernd=0.000 | LLOYD'S OF LONDON | PROP | 12 | 3/4/2008 Taxes Fees | 300,000.00 9,681.88 544.09 |
| Total taxes : 30003.13 Total fees : 5684.32 | | (Policies Continued on Next Page) | | | | |

NY: Charge under §2119 of New York Insurance Law for obtaining and servicing these policies. If none, state 'None'. $

| FLORIDA DOCUMENTARY STAMP TAX | 0.00 |
|---|---|

**DISCLOSURE STATEMENT – PAYMENT SCHEDULE**

CI SINCE 1937

| | CASH PRICE (Total Premiums) | $ 961,637.45 |
|---|---|---|

Payment Plan: [ x ] Monthly [ ] Quarterly [ ] Annually
Number of Payments **10** First Payment Due **4/4/2008**
Subsequent payments are due on the same day of each succeeding period.

| CASH PRICE | - | CASH DOWN PAYMENT | = | AMOUNT FINANCED The amount of credit provided on your behalf. | + | FINANCE CHARGE The dollar amount the credit will cost you. | = | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | AMOUNT OF EACH PAYMENT | ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. |
|---|---|---|---|---|---|---|---|---|---|---|
| $ 961,637.45 | | $ 95,163.00 | | $ 866,474.45 | | $ 18,975.65 | | $ 885,450.10 | $ 88,545.01 | 4.75% |

**CANANWILL, INC. (HEREINAFTER CALLED CANANWILL)**

Prepayment: The Insured may prepay in full at any time and receive a refund of the unearned finance charge, calculated according to the Rule of 78's (actuarial method in AR, AZ, CA, MA, MO, NJ, OR, PA, VT; short rate method in SC) and subject to if there is no minimum refund). Minimum refund is $1.00 (except AK, where there is no minimum refund).

Security Interest: The Insured assigns to Cananwill as security for payment of this agreement all sums payable to the Insured with reference to the policies listed above, including, among other things, any gross return premiums and any payment on account of loss which results in reduction of unearned premium in accordance with the term of said policies.

Delinquency charge: The Insured agrees that upon default in payment of any installment five days or more (more than 5 days in IL, MS, OH) to pay a Delinquency Charge of 5% or

**1000 MILWAUKEE AVENUE, GLENVIEW, IL 60025 - (800) 544-0666**

the delinquent installment. In AK, CA, DE, MI, MN, ND, NJ, OR, TN, TX, the Delinquency Charge is not due until installment is in default, for ten days or more, more than 10 days in MA, NM 7 days in VA. Maximum delinquency charge is $.50 in DE, $1.00 in MD; $500 in NM, 1 1/2% of the installment in NJ with a minimum of $25. In AK; OR: for delinquent payments of less than $250, the delinquency charge is the lessor of 5% of the payment or $5, otherwise the delinquency charge is 2% of the payment. KS; Delinquency charge is $5 plus 2% of the installment in default.

Cancellation Charge: The Insured agrees that if a default results in cancellation of the policies) to pay a Cancellation Charge in the amount stated on page two. (Not applicable in AK, KY,TX, NC.)

See the provisions on page two for additional information about nonpayment, default, and any repayment in full before the scheduled date and any prepayment refunds or penalties.

QIV# 403748A-3 PRN:3/12/2008 3:19 PM CFG:CustomConfig RT:SR128Prevail PF:0.00 T:4.94 B1:4.75 B2:4.75

| NOTICE TO INSURED: | 1. DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT, INCLUDING THE WRITING ON PAGE TWO, OR IF IT CONTAINS ANY BLANKS. 2. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT AT THE TIME YOU SIGN IT. 3. YOU UNDERSTAND AND HAVE RECEIVED A COPY OF THIS AGREEMENT. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. 4. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE. 6. SEE PAGE TWO FOR IMPORTANT INFORMATION. |
|---|---|

When used in this Agreement, "Insured" means the Insured and any co-obligor named above and all insureds covered by the Policies listed in the Schedule of Policies. Each Insured jointly and severally agrees to make all payments required by this Agreement and to be bound by all of its provisions including those on page two. The person signing represents and warrants that he or she is authorized to enter into this Agreement on behalf of each Insured and to bind each Insured severally. Each Insured agrees that Cananwill may send all notices under this Agreement to the Insured's address shown above. You are not required to enter into an insurance premium financing arrangement as a condition to the purchase of any insurance policy.

By X _Hal Katz_ (Signature of Insured) Date 3/17/2008

_HAROLD KATZ, VICE PRESIDENT_ (Typed Name and Title)

**AGENT'S REPRESENTATIONS AND WARRANTIES**
The undersigned Agent has read the Insurance Agent's Representations and Warranties on page two and makes all such representations and warranties recited therein and agrees to be bound by the terms of this Agreement.

By _Timothy Gonsion_ (Signature of Agent) Date 3-17-2008

_Timothy GONSION    Partner_ (Typed Name and Title)

CW- 1    QIV    (Ed. 01-93)

## ADDENDUM TO COMMERCIAL INSURANCE PREMIUM FINANCE AGREEMENT ("PFA")

| Agent Number | AT900 |
|---|---|
| Quote Number | 403748A-3 |

| | | SCHEDULE OF POLICIES COVERED BY THE PFA INCLUDES THE FOLLOWING: | | | | |
|---|---|---|---|---|---|---|
| **FOR COMPANY USE ONLY** | **POLICY NUMBER**<br>Prefix    Number | **FULL NAME OF INSURANCE COMPANY AND ADDRESS OF BRANCH REPORTING OFFICE AND FULL NAME AND ADDRESS OF GENERAL AGENT** | **TYPE OF INSUR-ANCE** | **TERM IN MONTHS** | **POLICY EFFECTIVE DATE**<br>Mo. Day Year | **POLICY PREMIUM** |
| 14712 | AA001630X<br>Asgn Rsk=N Add'xlDays=0<br>Audit=N Min Ernd=0.000 | LLOYD'S OF LONDON | PROP | 12 | 3/4/2008<br>Taxes<br>Fees | 225,950.00<br>7,292.07<br>409.78 |

The Insured (jointly and severally if more than one) agrees as follows: (Pg. 2 of 2)

1. In consideration of the payment by CANANWILL of the Amount Financed, Insured agrees to pay the Cash Down Payment to the insurance company(ies) listed in the Schedule of Policies, and to pay CANANWILL the Total of Payments in accordance with the terms of this Agreement. Interest is computed on an annual basis of 12 months of 30 days each.

2. Insured assigns to CANANWILL as security for the total amount payable hereunder all sums payable to the Insured under the listed Policies, including, among other things, any gross unearned premiums and any payment on account of loss which results in a reduction of unearned premium in accordance with the terms of said policies.

3. Insured hereby irrevocably appoints CANANWILL as its Attorney-in-Fact upon the occurrence of an Event of Default (defined below) and, after proper notice has been mailed as required by law, grants to CANANWILL authority to effect cancellation of policy(ies) listed in the Schedule of Policies ("Policies"), and to receive any unearned premium or other amounts with respect to the Policies assigned as security herein, and to sign any check or draft issued therefor in Insured's name and to direct the insurance companies to make said check or draft payable to CANANWILL. Insured agrees that proof of mailing any notice hereunder constitutes proof of receipt of such notice.

4. Insured agrees that any payments made and accepted after Policy cancellation shall not constitute reinstatement or obligate CANANWILL to request reinstatement of such insurance Policy(ies), and Insured acknowledges that CANANWILL has no authority to reinstate coverage, and that such payments may be applied to Insured's indebtedness hereunder.

5. Insured agrees not to assign the Policy(ies) except for the interest of mortgagees or loss payees, without the written consent of CANANWILL. CANANWILL may assign this Agreement without Insured's consent, and all rights conferred upon CANANWILL shall inure to CANANWILL's successors and assigns.

6. Except in KY and VT, Insured agrees to pay a fee of $15.00 in the event of a dishonored check. ($5.00 in CA; $10 in AZ, MA, MD, OH, VI; $7.50 in NV, not to exceed CANANWILL's cost in NJ).

7. An Event of Default occurs when the Insured does not pay any installment according to the terms of this Agreement or (except in MD) fails to comply with any of the terms of this Agreement or (except in MD) if any of the Policies are cancelled for any reason. If an Event of Default occurs and after giving notice as required by law, all amounts due under this Agreement become immediately due and payable and the Insured is liable for all amounts described herein, including any unpaid balance remaining after application of the unearned premiums. If an Event of Default occurs, CANANWILL may at its option pursue the following remedies:

- After proper notice has been given as required by law, CANANWILL may immediately cancel the Policy(ies) and collect any unearned premiums or other amounts payable under said Policies. Unearned premiums shall be payable to CANANWILL only.
- CANANWILL may take all necessary actions to enforce payment of this debt. To the extent not prohibited or limited by applicable law, CANANWILL is entitled to collection costs and expenses incurred while enforcing its rights under this Agreement and to reasonable attorney's fees if this Agreement is referred to an attorney who is not a salaried employee of CANANWILL for collection or enforcement (not permitted in KY, NC; total of collection costs and attorney's fees is limited to 20% of the unpaid balance in AZ, FL, MO, MS, NH, NV, NY, VI; 15% of unpaid balance in TN; 25% of unpaid balance in VT).
- Except in AK, KY, MI, NC, VT and the other states listed herein, after cancellation, Insured agrees to pay interest on the unpaid balance (calculated according to the Rule of 78's (actuarial method in AR, AZ, CA, NJ, OR, PA; short rate method in SC) as of the scheduled due date of the first delinquent payment leading to cancellation of the Policies) at the rate of 1% per month (in AR, NM, TX, at the Annual Percentage Rate stated on page one), or at the highest rate permitted by law, whichever is less, until the entire balance of this loan is paid in full. In Insured agrees to pay interest at the rate of 1% per month on the difference between the unpaid balance on the date of cancellation (computed according to the actuarial method) and the unearned premiums received by CANANWILL on the cancelled Policies, for the period from the date of cancellation until the balance is paid in full.
- In AL, DC, DE, IL, KS, NY and WA, after cancellation, Insured agrees that CANANWILL may recompute the total finance charge due under this Agreement on the original amount financed, at the rate and in the manner described in this paragraph from the first effective date of the Policies through the last originally scheduled installment date, and Insured agrees to pay this amount, subject to the provisions on prepayment in full. That rate, stated as a dollar amount per year for each $100 of amount financed is as follows: $9 in AL, DE; $10 in DC, IL, WA; $12 in KS; $14 in NY.
- CANANWILL may offset and deduct from any amounts CANANWILL owes to Insured with respect to any Policies financed hereunder, any amounts which Insured owes to CANANWILL under this or (except in KY, MD, NC and TX) any other agreement.

8. Insured agrees to pay a non-refundable service fee of $10 in AK, AZ, CT, DE, KS, LA, MO, NY, PA, WA, WI; $12 in NJ; $12.50 in MT; $15 in AL, KY, NC, RI, SC, TN, VA; $16 in MA; $18 in MI; $20 in DC, FL, GA, MD, OH, MN; OK; $25 in CO, HI, IA, ID, IN, ME, NE, ND, NV, OK, SD, UT, VI, WV, WY; the lesser of $50 or 10% of the amount financed in OR. In CA, the minimum finance charge is $25. In IL, the non-refundable service charge is $20 if the amount financed is less than $500, $30 if the amount financed is $500 or more but less than $1,000, or $40 if the amount financed is over $1,000. In NJ, if this loan is prepaid in full, Insured agrees to pay an additional charge of $20 for any loan of $2,000 or less, 1% of the loan for loans over $2,000 up to and including $5,000 and $100 on loans over $5,000.

9. Insured agrees to pay a cancellation charge of $5 in TN, VI; $10 in MN, ND,OH; $15 in AL, AZ, GA, MO, MS, RI, WI; $25 in CO, HI, IA, ID, IN, LA, ME, NE, OK, SD, UT, WV, WY; the greater of 2% of the unpaid balance or $5 in MA; the difference between the delinquency charge assessed and; $5 in DE, MI, MT, NJ, NY, OR, WA; $10 in DC; $15 in NH, $100 in ND.

10. Insured agrees to pay promptly to the insurer any additional premiums due on the Policies.

11. The Agent is not the agent of CANANWILL and the Agent cannot bind CANANWILL. CANANWILL is not the Agent of any insurer and is not liable for any acts or omissions of any insurer. Insured acknowledges that it has chosen to do business with the Agent and the insurance companies issuing the Policies, and that the insolvency, fraud, defalcation or other action or failure to act by any of them shall not relieve or diminish Insured's obligations to CANANWILL hereunder.

12. Except in MD, and if not prohibited by applicable law, CANANWILL may insert the name of the insurer, policy numbers and first installment due date if omitted and if policy has not been issued at the time of signature.

13. This Agreement shall have no force or effect until accepted by CANANWILL. All rights and remedies in this Agreement are cumulative and not exclusive. If any part of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement shall continue to be in full force and effect. Neither CANANWILL nor its assignee shall be liable for any loss or damage to the Insured by reason of failure of any insurance company to issue or maintain in force any of the Policies or by reason of the exercise by CANANWILL or its assignee of the rights conferred herein. This Agreement constitutes the entire Agreement between CANANWILL and Insured and may not be modified except as agreed upon in writing. CANANWILL's acceptance of late or partial payments shall not be deemed a waiver by CANANWILL of any provisions of this Agreement, and CANANWILL is entitled to require Insured to strictly comply with the terms hereof. Except in AR, this Agreement is governed by the law of the state of the Insured's address shown on page one of this Agreement. In AR, this Agreement is governed by the law of the state where this Agreement is accepted by CANANWILL. If any amount contracted for or received by CANANWILL is determined to violate any law or regulation, CANANWILL may return such prohibited amount to Insured without any further liability therefor (waiver of liability not applicable in KY).

14. Insured represents and warrants that the proceeds of this loan are to be used to purchase insurance for other than personal, family or household purposes and that all information provided herein or in connection with this agreement is true, correct, complete and not misleading.

## 15. CALIFORNIA RESIDENTS ONLY:
## FOR INFORMATION CONTACT THE DEPARTMENT OF FINANCIAL INSTITUTIONS, STATE OF CALIFORNIA.

Insured agrees that, in accordance with Section 18608 of the California Financial Code, CANANWILL's liability to Insured upon the exercise of CANANWILL's authority to cancel the Policies shall be limited to the amount of the principal balance of this loan, except in the event of CANANWILL's willful failure to mail the notice of cancellation required under California law.

In connection with the Policies scheduled on page one, the Agent represents and warrants to CANANWILL, its successors and assigns that:

1. Deposit premiums are not less than the anticipated premiums to be earned for the full terms of the Policies.

2. All of the scheduled Policies or bonds in this Agreement are cancellable by standard short rate or pro-rata tables.

3. When cancellation is requested by Insured or by CANANWILL, none of the Policies require advance notice of cancellation to any party, other than any notice required to be given by CANANWILL, and there are no audit or reporting form policies, Policies subject to retrospective rating or to minimum earned premium except as indicated in the Schedule of Policies.

4. We are the authorized policy issuing Agent of the insurance companies or the broker placing the coverage directly with the insurance company on all Policies except as indicated in the Schedule of Policies.

5. The Insured(s) signature(s) on both pages one and two hereof are genuine, the Insured has not paid for the scheduled Policies other than as described herein, the Insured(s) have received a copy of this Agreement, this Agreement is valid and enforceable and there are no defenses to it, the scheduled Policies are in full force and effect and the premiums indicated are correct for the term of the Policies, and all other information relating to the Policies and the Insured is complete and correct. None of the Policies have been financed on an installment payment plan provided by the insurance company(ies), or are noncancellable policy(ies), or policies written for a term of less than one year. The Agent recognizes the Insured's assignment of the unearned premiums and upon cancellation of any of the scheduled Policies agrees to pay promptly any unearned commissions to CANANWILL and to pay to CANANWILL the unearned premiums immediately upon receipt Agent shall not deduct any amounts which Insured owes to Agent from any amounts owing to CANANWILL hereunder. The Policies are not for personal, family or household purposes.

6. A proceeding in bankruptcy, receivership or insolvency has not been instituted by or against the Insured or if the Insured is the subject of such a proceeding, it is noted on the Agreement in the space in which the Insured's name and address is placed.

7. If the Agreement has been signed by the Agent on behalf of the Insured, the Agent has the authority to act in this capacity and the Agent has provided the Insured with a complete copy of this Agreement.

8. There are no exceptions to the Policies financed other than those indicated, and the Policy(ies) comply with CANANWILL's eligibility requirements.

9. The Cash Down Payment, and any installments due from the Insured which Agent has agreed to collect, have been collected from the Insured.

10. Agent is not an agent of CANANWILL and is not authorized to bind CANANWILL and has not made any representation to the contrary.

The Agent agrees to promptly remit all funds received from CANANWILL and the Insured for the financed Policies and due to the insurance company(ies) issuing such Policies. Agent shall be liable to CANANWILL for any losses, costs, damages or other expenses (including attorney's fees) incurred by CANANWILL or its assignee as a result of or in connection with any untrue or misleading representation or warranty made by Agent hereunder, or otherwise arising out of the breach by Agent of this Agreement. Agent shall promptly notify CANANWILL of any unpaid increased premiums for the Policies.

CW- 1   QIV (Ed.01-03)

# Exhibit E

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA**

_____
                                        :
IN RE:                                  :        Chapter 11
                                        :
PETTERS COMPANY, INC, <u>et</u> <u>al</u>.,        :        Case No. 08-45257 (GFK)
                                        :        (Jointly Administered)
                                        :
            Debtors.                    :
_____:


**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____
                                        :
IN RE:                                  :        Chapter 7
                                        :
LANCELOT INVESTORS FUND, L.P.,          :        Case No. 08-28225
<u>et</u> <u>al</u>.,                                 :
                                        :        (Jointly Administered)
                                        :
            Debtors.                    :        Hon. Jacqueline P. Cox Presiding
_____:


**STIPULATION AND ORDER AMONG DOUGLAS A. KELLEY, AS
REPRESENTATIVE FOR THE ESTATES OF PETTERS COMPANY, INC., ET
AL., RONALD R. PETERSON, CHAPTER 7 TRUSTEE FOR THE ESTATES OF
THE LANCELOT INVESTORS FUND, L.P., ET AL., CANANWILL, INC., AND
CRC INSURANCE SERVICES, INC. AS AGENT UNDER CERTAIN POLICIES
OF INSURANCE FOR RELIEF FROM THE AUTOMATIC STAY AND
<u>RELATED MATTERS</u>**

            This Stipulation and Order (the "Stipulation") is made among Douglas A.

Kelley, as representative for the estates of the Petters Company, Inc., <u>et al.</u> (the " Petters

Trustee"), Ronald R. Peterson, chapter 7 trustee for the estates of the Lancelot Investors

Fund, L.P., <u>et al.</u> (the "Lancelot Trustee," and together with the Petters Trustee, the

"Trustees"), Cananwill, Inc. ("Cananwill"), and CRC Insurance Services, Inc. as agent

under certain policies of insurance as set forth herein (the "Agent").

## I.     BACKGROUND

A.     On or about October 1, 2008 (the "Petters Petition Date"), each of

the debtors (the "Petters Debtors") in the Petters Company, Inc., et al. bankruptcy cases,

jointly administered under Case No. 08-45257 (GFK) (Bankr. D. Minn.) (collectively, the

"Petters Bankruptcy Cases"), filed petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code")

commencing the Petters Bankruptcy Cases.

B.     On or about October 20, 2008 (the "Lancelot Petition Date"), each

of the debtors (the "Lancelot Debtors", and together with the Petters Debtors, the

"Debtors") in the Lancelot Investors Fund, L.P., et al. bankruptcy cases, jointly

administered under Case No. 08-28225 (Bankr. N.D. Ill.) (collectively, the "Lancelot

Bankruptcy Cases"), filed petitions for relief under chapter 7 of the Bankruptcy Code

commencing the Lancelot Bankruptcy Cases.

C.     Cananwill is an insurance premium finance company, which

business consists of lending money to companies to finance business insurance

premiums.

D.     On or about March 17, 2008, Cananwill and debtors Petters

Company, Inc., Thousand Lakes, LLC, RWB Services, LLC and Lancelot Investors

Fund, LP (collectively, the "Borrowers") entered into a Commercial Insurance Premium

Finance and Security Agreement (as amended or supplemented, the "Finance

Agreement") whereby Cananwill loaned a total of $866,474.45 to enable the purchase of

the following policies of insurance (the "Financed Policies"):

 Lloyd's of London Policy No. AA001610X;

 Lloyd's of London Policy No. AA001620X; and

 Lloyd's of London Policy No. AA001630X.

 E. The Financed Policies provided coverage for property loss with

respect to goods purportedly purchased by certain of the Petters Debtors for resale.  The

total premium for the Financed Policies was $961,637.45 of which the Lancelot Debtors

paid $95,163.00 as a cash down payment and the remaining $866,474.45 was financed by

Cananwill in exchange for the Borrowers' promise to pay Cananwill ten (10) equal

monthly installments of $88,545.01, commencing April 4, 2008.  The Lancelot Debtors

made certain payments to Cananwill under the Finance Agreement through September 5,

2008, before ceasing to make payments.  As of January 23, 2009, the unpaid balance due

under the Finance Agreement was $431,837.84, inclusive of  interest, attorneys fees and

other charges and costs of collection through January 23, 2009; the indebtedness shall

also include other costs of collection (including attorneys fees), in an amount not to

exceed $15,000 incurred on or after January 24, 2009, related to the Finance Agreement

(the "Indebtedness").

 F. The Finance Agreement provides that, in the event of the

Borrowers' default, Cananwill is entitled, inter alia, to cancel the Financed Policies and

collect any unearned premiums or other amounts payable under the Financed Policies,

and apply such amounts to the Indebtedness due to Cananwill.  Furthermore, under the

Finance Agreement, the Borrowers assigned to Cananwill as security for the total

amounts payable thereunder "all sums payable to the Insured with reference to the

[Financed Policies], including, among other things, any gross return premiums and any

payment on account of loss which results in reduction of unearned premium." Finance

Agreement at 1.

    G.  Pursuant to applicable law, the assignment to Cananwill of the

right to repayment from refunded premiums is valid and enforceable, notwithstanding the

absence of any UCC filing in such premiums.

    H.  The Borrowers are in default under the Finance Agreement for

failing to make payments due Cananwill pursuant to the Finance Agreement.

    I.  Because the goods insured under the Financed Policies did not

exist, the risks insured in the Financed Policies never existed.

    K.  The parties have engaged in discussions with respect to the

Financed Policies, as a result of which the Trustees, Cananwill and the Agent have

resolved all of the issues relating thereto as hereinafter set forth.

## II.  AGREEMENT

    NOW THEREFORE, THE FOREGOING BACKGROUND BEING

INCORPORATED BY REFERENCE AS IF SET FORTH BELOW, AND THE

PARTIES INTENDING TO BE BOUND, IT IS HEREBY STIPULATED AND

AGREED BY AND BETWEEN THE TRUSTEES, AGENT AND CANANWILL AS

FOLLOWS:

    1.  The Financed Policies shall be deemed rescinded *ab initio* and the

premium paid in the amount of $961,627.45 shall be refunded.  Within five (5) business

days of the entry of an order approving this Stipulation, the Agent shall refund the

Indebtedness to Cananwill pursuant to the instructions contained in paragraph 2 hereof.

Within five (5) business days of the entry of an order approving this Stipulation, the

Agent shall refund the difference between $961,627.45 and the Indebtedness to the

Lancelot Trustee pursuant to wire instructions to be provided to the undersigned Agent

under separate cover by the undersigned counsel to the Lancelot Trustee.  To the extent

the Agent fails to timely refund the Indebtedness to Cananwill and the difference between

$961,627.45 and the Indebtedness to the Lancelot Trustee, the Trustees and Cananwill, in

cooperation with each other, shall take all reasonable actions necessary to obtain such

funds from the Agent and/or the insurer.

2.      All amounts paid to Cananwill shall be sent to Cananwill, Inc.,

1000 North Milwaukee Avenue, Glenview, IL 60025, Attention: Michael Rubin, or such

other address as is directed by Cananwill, such payments not to be subject to

disgorgement.  Upon (i) receipt of payment of the Indebtedness ("timely receipt"

meaning receipt by Cananwill within fifteen (15) days of entry of an order approving this

Stipulation) and (ii) prompt application by Cananwill of the payment to the Indebtedness,

the Finance Agreement shall be deemed satisfied and terminated, and Cananwill shall

have no claim in the Lancelot Bankruptcy Cases or the Petters Bankruptcy Cases on

account of or arising from the Finance Agreement or the transactions occurring

thereunder; provided, however, Cananwill does not release any security interests,

interests in unearned premiums, claims, rights, remedies and/or causes of action arising

from or relating to any Commercial Insurance Premium Finance and Security Agreement

or other agreements (other than the Finance Agreement).

3.      Upon receipt of the payments referenced in paragraph 1 hereof

(a)      the Trustees, on their own behalf and on behalf of their respective

bankruptcy estates, shall be deemed to have released Cananwill and the Agent from any

and all causes of action claims, counterclaims, and rights of set-off and/or recoupment

(including but not limited to all causes of action under the Bankruptcy Code) that the

Trustees or the estates have or may have with the passage of time against Cananwill or

the Agent arising from or related to the Financed Policies or the Finance Agreement; and

(b)      Cananwill annd the Agent shall be deemed to have released the

Trustees and their respective estates from any and all causes of action claims,

counterclaims, and rights of set-off and/or recoupment (including but not limited to all

causes of action under the Bankruptcy Code) that Cananwill or the Agent has or may

have with the passage of time against either of the Trustees ortheir respective estates,

arising from or related to the Financed Policies or the Finance Agreement.

4.      Except for the limited releases provided in paragraph 3 hereof,

nothing herein shall waive or release any rights, claims, causes of action or defenses of

the Trustees, or either of them, against any party including, without limitation, the Agent

and Cananwill, arising out of or relating to any policy of insurance or finance agreement

other than the Financed Policies and the Finance Agreement.  Similarly, except for the

limited releases provided in paragraph 3 hereof, nothing herein shall waive or release any

rights, claims, causes of action or defenses of Cananwill or the Agent, or either of them,

against any party including, without limitation, the Trustees or their estates, arising out of

or relating to any policy of insurance or finance agreement other than the Financed

Policies and the Finance Agreement.

5.       The automatic stay provided by Section 362(a) of the Bankruptcy Code is hereby lifted to the extent necessary to permit the transactions authorized hereby.

6.       This Stipulation is effective as of the date of its execution and shall be binding on the Trustees, the Petter Debtors' estates, the Lancelot Debtors' estates, Cananwill, the Agent, any trustee appointed in any subsequent bankruptcy cases of any Debtor, each of their successors and assigns, and all creditors and parties-in-interest in either the Petters Bankruptcy Cases and/or the Lancelot Bankruptcy Cases.  This Stipulation is not intended to, nor shall it serve to, alter or amend the Finance Agreement, or any other Commercial Insurance Premium Finance and Security Agreement or other agreements between Cananwill and one or more of the Petters Debtors and/or Lancelot Debtors.

7.       The Trustees shall take all actions necessary to obtain approval of this Stipulation in an order of the Bankruptcy Court in each of the Petters Bankruptcy Cases and the Lancelot Bankruptcy Cases in accordance with Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure, local rules of the Bankruptcy Court, and administrative orders entered by the Bankruptcy Court in or applicable to the Petters Bankruptcy Cases and the Lancelot Bankruptcy Cases.  In the event the Bankruptcy Courts in either the Petters Bankruptcy Cases or the Lancelot Bankruptcy Cases decline to approve this Stipulation, this Stipulation shall be void and of no further force and effect.

8.       All notices delivered pursuant to this Stipulation shall be effective upon receipt and shall be delivered by telecopy or federal express or other next day delivery service, as follows:

If to the Lancelot Trustee:

Michael S. Terrien
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telecopy No. (312) 923-2728

If to the Petters Trustee

Douglas A. Kelley
**(GET INFORMATION)**

If to Cananwill:

Cananwill, Inc.
1000 North Milwaukee Avenue
Glenview, IL 60025
Attention:  Michael Rubin
Telecopy No. (847) 953-1555

With a copy to:

Andrew J. Flame, Esquire
Howard A. Cohen, Esquire
DRINKER BIDDLE & REATH LLP
1100 North Market Street
Suite 1000
Wilmington, DE 19801-1254
Telecopy No.  (302) 467-4201

9.      This Stipulation and the provisions and rights conferred herein are

not intended and shall not inure to the benefit of any third party.

10.     This Stipulation may be executed in counterparts and in facsimile,

and the counterparts together shall constitute a fully executed integrated agreement

binding on all parties.

11.     Time is of the essence with respect to each and every term of this

Stipulation.

12.    The ten (10) day stay period of Federal Rule of Bankruptcy

Procedure 4001(a)(3) shall not apply to this Stipulation and Order.

IN WITNESS WHEREOF, the parties, by counsel, have executed this

Stipulation on the dates set forth below.

**Cananwill, Inc.**

Dated: February __, 2009          _____

By: Michael Rubin
Its: Authorized Signatory

**Ronald R. Peterson, in his capacity as
Chapter 7 Trustee of each of the Estates
of the Lancelot Debtors**

Dated: February __, 2009          _____

By: Ronald R. Peterson

**Douglas A. Kelley, in his capacity as
Representative of each of the Estates of
the Petters Debtors**

Dated: February __, 2009          _____

By: Douglas A. Kelley

**CRC Insurance Services, Inc., as Agent**

Dated: February __, 2009

_____

By:

**SO ORDERED:**      _____ _____, 2009

_____
**United States Bankruptcy Judge**
**District of Minnesota**

**SO ORDERED:**      _____ _____, 2009

_____
**United States Bankruptcy Judge**
**Northern District of Illinois**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under**<br>**Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| | Court Files No.'s: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

## CERTIFICATE OF SERVICE

Gretchen Luessenheide of the City of New Hope, County of Hennepin, State of Minnesota, being first duly sworn on oath, states that on May 8, 2009 she served the following document:

1. Notice of Hearing and Motion to Approve Settlement by Stipulation Pursuant to Fed. R. Bankr. P. 9019;
2. Memorandum in Support of Motion to Approve Settlement by Stipulation pursuant to Fed. R. Bankr. P. 9019; and
3. Proposed Order Approving Settlement Pursuant to Fed. R. Bankr. P. 9019.

upon

| | |
|---|---|
| Arrowhead Capital Management LLC<br>c/o James N. Fry<br>601 Carlson Parkway, Suite 1250<br>Minnetonka, MN 55305 | Rhone Holdings II, Ltd.<br>c/o Thomas K. Cauley, Bryan Krakauer,<br>Brian McAleenan<br>Sidley Austin LLP<br>1 South Dearborn<br>Chicago, IL 60603 |
| Elite Landings, LLC<br>2005 Cargo Road<br>Minneapolis, MN 55450 | Connie Lahn<br>David Runck<br>Fafinski Mark & Johnson, P.A.<br>Flagship Corporate Center<br>775 Prairie Center Drive, Suite 400<br>Eden Prairie, MN 55344 |

| | |
|---|---|
| Greenwich Insurance Company<br>c/o David M. Gische and Marcus B. Holladay<br>Troutman Sanders LLP<br>401 9th Street NW<br>Washington, DC 20004-1234 | Freestone Low Volatility Partners LP<br>c/o Mark R. Jacobs<br>Pryor Cashman LLP<br>410 Park Avenue<br>New York, NY 10022 |
| Douglas A. Kelley<br>Kelley & Wolter PA<br>Centre Village Offices<br>431 South 7th Street, Suite 2530<br>Minneapolis, MN 55415 | Petters Aviation LLC<br>2005 Cargo Road<br>Minneapolis, MN 55450 |
| Ronald R. Peterson<br>Jenner & Block, LLP<br>330 North Wabash Avenue<br>Chicago, IL 60611-7603 | Party Insight Partners LP<br>c/o Patrick C. Smith<br>3109 Hennepin Avenue South<br>Minneapolis, MN 55408 |
| Taunton Ventures LP<br>c/o Paul Taunton<br>990 Deerbrook Drive<br>Chanhassen, MN 55317 | Huron Consulting Group, Inc.<br>4795 Paysphere Circle<br>Chicago, IL 60674-4795 |
| Cananwill, Inc.<br>c/o Howard A. Cohen<br>Drinker, Biddle & Reath, LLP<br>1100 North Market Street, Suite 1000<br>Wilmington, DE 19801 | Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 |
| US Attorney for District of Minnesota<br>600 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415 | Minnesota Department of Revenue<br>Collection Division<br>P. O. Box 64564<br>St. Paul, MN 55164-0564 |

via U.S. Mail to the addresses listed above, and electronically by Notice of Electronic Filing upon all parties who have requested service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota.

_____/e/ Gretchen Luessenheide_____
Gretchen Luessenheide

Doc# 2945024\1