# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Petters Company, Inc., et al.,

Debtors.

(includes:
Petters Group Worldwide, LLC;
PC Funding, LLC;
Thousand Lakes, LLC;
SPF Funding, LLC;
PL Ltd., Inc.;
Edge One LLC;
MGC Finance, Inc.;
PAC Funding, LLC;
Palm Beach Finance Holdings, Inc.)

**Jointly Administered under
Case No. 08-45257**

Court File No. 08-45257

Court Files Nos.:
08-45258 (GFK)
08-45326 (GFK)
08-45327 (GFK)
08-45328 (GFK)
08-45329 (GFK)
08-45330 (GFK)
08-45331 (GFK)
08-45371 (GFK)
08-45392 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

**NOTICE OF HEARING AND MOTION FOR AN ORDER AUTHORIZING AND
APPROVING CASE MANAGEMENT PROCEDURES
GOVERNING MULTIPLE ADVERSARY PROCEEDINGS
ARISING UNDER 11 U.S.C. §§ 105, 502, 506, 510, 542, 544, 547, 548 AND 550**

TO:     The entities specified in Local Rule 9013-3.

1.      Douglas A. Kelley, the duly-appointed Chapter 11 Trustee (the "<u>Trustee</u>") of the above-captioned debtors (the "<u>Debtors</u>"), by and through his undersigned counsel, hereby moves this Court for the relief requested and gives notice of hearing.

2.      The Court will hold a hearing on this Motion before Gregory F. Kishel, United States Bankruptcy Judge, at 1:30 p.m. on January 18, 2011, or as soon thereafter as the parties may be heard, in Courtroom 2A, at the United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota.

3.     Any response to this Motion must be filed and served by delivery or by mail not later than January 13, 2011, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This is a core proceeding.  Voluntary petitions commencing the Chapter 11 cases of Petters Company, Inc. ("PCI") and Petters Group Worldwide, LLC ("PGW") were filed on October 11, 2008.  Petitions commencing the Chapter 11 cases of PC Funding, LLC, Thousand Lakes, LLC, SPF Funding, LLC, PL Ltd., Inc., Edge One, LLC and MGC Finance, Inc. were filed on October 15, 2008.  The petition commencing the Chapter 11 case of PAC Funding, LLC was filed on October 17, 2008.  The petition commencing the Chapter 11 case of Palm Beach Finance Holdings, Inc. was filed on October 19, 2008 (collectively, the "Petitions," the "Petition Dates," the "Petters Cases" and the "Petters Estates").  Venue of the Petters Cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The Petters Cases are now pending before this Court.

5.     On December 24, 2008, the United States Trustee appointed Douglas A. Kelley as Trustee in these cases.  On February 26, 2009, this Court approved that appointment.  An official committee of unsecured creditors (the "Creditors' Committee") has been appointed in these cases pursuant to § 1102 of the Bankruptcy Code.

6.     This Motion arises under 11 U.S.C. § 105 and Federal Rules of Bankruptcy Procedure 7004(m), 7016, 7026 and 9006.  This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 2002-1, 7004-2, 9006-1, 9013-1 through 3.

## FACTUAL BACKGROUND

### I.    Events Leading Up to Bankruptcy Filings

7.     PCI is a Minnesota corporation, the shares of which are 100% owned and, prior to October 6, 2008, were 100% controlled by Thomas J. Petters ("Petters").  PCI, in turn, is the sole member or shareholder, as applicable, and owns 100% of the membership interests or shares, as applicable, of PC Funding, Thousand Lakes, SPF Funding, PL Ltd., Edge One, MGC Finance, and PAC Funding (the "PCI Estates").  Palm Beach Finance Holdings is wholly-owned by Petters.  The operational and managerial decisions of PCI and its affiliates were principally made by Petters and his Co-conspirators (as that term is defined below).  PCI obtained capital for the Petters enterprises, on its own account and also utilizing single purpose entities to obtain billions of dollars of funding, purportedly to acquire merchandise for sale to wholesalers and retailers nationwide.  In almost all instances, however, the purchase and sale business did not exist.

8.     PGW is a privately held Delaware limited liability company that was also 100% owned and, prior to October 6, 2008, was 100% controlled by Petters.  The operational and managerial decisions of PGW and its subsidiary entities were also made by Petters and his Co-conspirators.  PGW was a holding company that provided certain accounting, legal and human resource services to Petters' business entities, but had no independent operations.  PGW obtained funds mostly from PCI that PCI obtained as part of a scheme to defraud investors, as well as from investors whose funds were used to further the fraudulent scheme.

9.     On September 24, 2008, the Federal Bureau of Investigation, together with the Internal Revenue Service – Criminal Investigation Division and the United States Postal Inspection Service executed search warrants on multiple locations and seized records of PCI, PGW and other subsidiary entities, including the Debtors, as well as sole owner Petters, his Co-conspirators and other employees and persons involved in a scheme to defraud and obtain

billions of dollars of money and property by means of materially false and fabricated pretenses, representations and promises (the "Ponzi Scheme").

10.     On October 3, 2008, Petters was arrested on charges of mail and wire fraud, money laundering, and conspiracy.  Other executives implicated in this scheme have also been arrested on various charges and have pleaded guilty to certain crimes as a result of their involvement in the Ponzi Scheme.

11.     On December 1, 2008, a United States Grand Jury returned an indictment against PCI and PGW for their respective criminal conduct in furthering a $3.5 billion fraud.

12.     Petters and his Co-conspirators operated the Ponzi Scheme with the assistance of other individuals within the Petters organizations from approximately 1993 through the date of his arrest by federal agents on October 3, 2008.  Petters, through PCI, PGW and various other entities that he controlled, laundered what is estimated to be an amount in excess of $40 billion.

13.     Petters, through a multitude of entities and with the assistance of his Co-conspirators, induced investors into financing the purchase of non-existent electronic equipment purportedly secured by fabricated purchase orders.  Over many years, Petters and his Co-conspirators caused investors to believe that their investments to purchase consumer electronic goods from wholesalers were to be resold to large, "big box" retailers such as Costco, Sam's Club and B.J.'s Wholesale Club.  Petters and his Co-conspirators, however, intentionally fabricated documents to recruit investors into the Ponzi Scheme and cause existing investors to continue to invest in the Ponzi Scheme.  Petters and his Co-conspirators prepared and utilized fabricated documents that were represented to investors to be equipment purchase orders and related documents.  The purchase orders and the related documents were in most cases entirely fictitious and the inventory—electronic goods or other items—never actually existed.  The result was that investors were not repaid with the earnings from their investments, but with funds

Petters and his Co-conspirators obtained from other investors—in other words, Petters was "robbing Peter to pay Paul." Indeed, Petters, through PCI and PGW and a multitude of shell companies, intended that the payments to early investors would induce ongoing, repeated, greater and more widespread investment in the Ponzi Scheme and thereby further perpetrate and extend the life of the fraud.

14.    Petters and the businesses he controlled had increasing difficulties in raising sufficient capital to cover outstanding investments and provide working capital for operating needs. As a result of numerous defaults with investors, Petters, operating through PCI, PGW and other entities, was forced to enter into numerous agreements, including a series of pledges, guaranties, security agreements, forbearance and other agreements with various investors and entered into numerous other transactions in order to prop up failing businesses, obtain new funding, avoid the discovery of the fraud, halt investigations, appease large investor groups who had the leverage to extract value, and perpetuate the Ponzi Scheme.

15.    On October 2, 2008, the United States, in support of a criminal investigation, sought an asset freeze and receivership under the Anti-Fraud Injunction Act, 18 U.S.C. § 1345, in the United States District Court for the District of Minnesota, captioned *United States v. Thomas Joseph Petters, et al*., Civil Case No. 08-05348 ADM/JSM (the "Civil Fraud Case"). This receivership proceeding was for the benefit of victims of the massive fraud that took place at PGW and PCI. The Honorable Ann D. Montgomery was assigned the receivership case. On October 6, 2008, Judge Montgomery issued an Order for Entry of Preliminary Injunction, Order Appointing Receiver and Other Equitable Relief, [Dkt. No. 12], as subsequently amended on October 14, 2008 [Dkt. No. 43], October 22, 2008 [Dkt. No. 70] and December 8, 2008 [Dkt. No. 127] (collectively, the "Receivership Order"). Judge Montgomery appointed Douglas A. Kelley as Receiver (the "Receiver") for Petters, PCI and PGW, as well as certain entities owned

and controlled 100% by such entities.  Pursuant to the Receivership Order, the Receiver is to "conserve, hold and manage all receivership assets … in order to prevent any irreparable loss, damage or injury to consumers or creditors of the Entities [under the receivership]." Receivership Order, p. 11, ¶ IV(B)(4).  Judge Montgomery, through the Receivership Order, specifically granted the Receiver authority to file "any bankruptcy petitions for any of the [Debtors] to protect and preserve the assets of any of the [Debtors]."  *See* Second Amended Order of Preliminary Injunction, Appointment of Receiver and Other Equitable Relief, Sect. IV, paragraph (B)(2)(c) [Dkt. No. 127].

16.   As a result of the investigation, subsequent arrests and litigation by numerous claimants, the Receiver sought relief for the Debtors under Chapter 11 of the Bankruptcy Code in order to preserve assets and potential claims held by these estates pursuant to the Bankruptcy Code and other applicable law.

## II.   Events Since the Bankruptcy Filing

17.   On December 1, 2008, and through the Superseding Indictment entered June 3, 2009, Petters, PCI and PGW were indicted by a federal grand jury and charged on 15 counts of (i) mail fraud, (ii) wire fraud, (iii) conspiracy to commit mail fraud and wire fraud, and (iv) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 371, 1343, 1956 and 1957. *See* Indictment, Dkt. No. 75, and Superseding Indictment, Dkt. No. 196, *United States of America  v. Petters et al.*, Case No. 08-cr-00364 (RHK-AJB) (D. Minn.) (the "Criminal Fraud Case").  Petters was also indicted on 5 counts of engaging in money laundering in violation of 18 U.S.C. § 1957.  *Id*.  The Honorable Richard H. Kyle was assigned the case.  The Indictment alleged that Petters and the Individual Defendants used PCI and PGW, as well as their subsidiary entities, to orchestrate a massive Ponzi scheme that spanned over a decade and defrauded investors out of more than $3.5 billion.

18.   At various times during the course of the Ponzi Scheme, Petters was assisted in the operation of the scheme by numerous individuals and conspirators, including Deanna Coleman ("Coleman"), Robert White ("White"), Larry Reynolds ("Reynolds"), Michael Catain ("Catain"), and James Wehmhoff ("Wehmhoff") (collectively referred to herein as "Co-conspirators"). Coleman has pleaded guilty to a single count of conspiracy to commit mail fraud.   On September 2, 2010, Judge Richard H. Kyle sentenced Coleman to one year and a day in prison for her involvement in the fraud.   White has pleaded guilty to a single count of mail fraud and has been sentenced to 5 years in prison for his crimes.   Reynolds and Catain have each pleaded guilty to a single count of conspiracy to commit money laundering.   Reynolds has been recently sentenced to nearly 11 years in prison for his role in the Ponzi scheme.   Catain has been sentenced to 7.5 years.   Wehmhoff has pleaded guilty to conspiracy to defraud the United States, conspiracy to commit tax evasion and one count of aiding and assisting in the filing of a false tax return and has recently been sentenced.

19.   PCI and PGW have also entered guilty pleas to charges of mail fraud, conspiracy to commit mail fraud and wire fraud and conspiracy to commit money laundering and have been sentenced.

20.   On December 2, 2009, a jury in the United Stated District Court of the District of Minnesota found Petters guilty of all 20 counts charged in the Superseding Indictment.   On April 8, 2010, Petters was sentenced to 50 years in prison for his crimes.   Pursuant to the Court's *Preliminary Order of Forfeiture*, Case No. 08-cr-00364, Doc. No. 395, certain property, including real property, proceeds from the sale of real property and accounts were forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). *Id*. at ¶¶1 & 2.   A money judgment was also entered against Petters in the amount of $3,522,880,614.10 in favor of the United States.   *Id*. at ¶3.

III.   <u>The Adversary Proceedings</u>

21.   The Trustee has engaged PricewaterhouseCoopers LLP ("<u>PwC</u>") to perform various forensic accounting and related services in connection with the massive fraud and Ponzi Scheme that was designed and orchestrated principally by Petters and the business organizations that he controlled, including PCI and PGW.   PwC's services include the performance of investigative work involving the flow of funds to, from and between the various Petters-related entities.   The Trustee, PwC and other professionals have reviewed payments and other transfers made by the Debtors to third parties prior to the commencement of the Petters Cases and other transactions entered into and obligations incurred by the Debtors.   Based upon this investigation, the Trustee has identified fraudulent transfer, preferential transfer and other claims against numerous persons or entities.

22.   Between September 10, 2010 and October 11, 2010, the Trustee timely commenced over 200 adversary proceedings against approximately 382 defendants in this Court (the "<u>Pending Adversary Proceedings</u>") seeking, among other things, the avoidance and recovery of false profits, preferences and other sums transferred by the Debtors prior to the bankruptcy filings so that the funds can be equitably redistributed to creditors.   The Pending Adversary Proceedings are more completely identified on <u>Exhibit A</u>.   In the Pending Adversary Proceedings, the Trustee seeks to recover significant sums in connection with transfers made by the Debtors, including "false profits" and transfers for no or inadequate consideration in the approximate amount of $1 billion.   Approximately 112 of the Pending Adversary Proceedings involve an aggregate monetary claim for recovery of $1 million or less.   The Trustee anticipates commencing additional adversary proceedings in the future against additional immediate or mediate transferees of initial transferees and other parties (all such additional adversary proceedings, together with the Pending Adversary Proceedings, are collectively referred to

herein as the "Adversary Proceedings"). The Adversary Proceedings arise out of the Petters Ponzi Scheme and, for the most part, a common nucleus of operative facts. The proceedings will present many common issues of law and fact which will require coordination and resolution by this Court. The Trustee's goal is to resolve each of these Adversary Proceedings as efficiently as possible and provide for a just and speedy resolution and a maximum return to creditors holding allowed claims against the bankruptcy estates. Accordingly, the Trustee seeks the entry of an order from this Court adopting and approving the procedures identified below substantially in the form submitted in connection with this motion (the "Procedures Order").

23.     The Petters Ponzi Scheme is one of the largest fraudulent investment schemes in the history of the United States. It is widely recognized that Ponzi schemes necessarily give rise to extensive avoidance powers. The premise underlying all avoidance litigation, namely advancing the Bankruptcy Code's goal of equality of distribution, has a particularly pronounced meaning in the context of a Ponzi scheme. While one can readily say that most creditors are victims in a Ponzi scheme, the economic loss attributable to the fraudulent scheme often falls disproportionately on some—particularly those that have not been repaid. The Bankruptcy Code's fraudulent and preferential transfer provisions permit, among other things, a trustee to set aside and recover payments or other transfers made to or for the benefit of a creditor that increase its recovery ahead of recovery by other, similarly situated creditors. The law upon which the Trustee relies and forms the basis for the Adversary Proceedings represents an equitable determination by Congress that creditors must be treated equally in cases of insolvency or fraud. The operative statutes therefore permit recovery against even a perfectly innocent creditor that was legally entitled to be repaid.

## RELIEF REQUESTED

24.     In order to facilitate the orderly administration of such a large number of adversary proceedings, the Trustee submits that it is appropriate to establish procedural guidelines to govern the litigation of the Adversary Proceedings.  The Trustee therefore proposes that the Court implement the procedures set forth herein (as set forth below, the "Procedures"). The Trustee believes that the proposed Procedures will serve judicial economy, speed the time within which the Adversary Proceedings will be resolved and potentially avoid unnecessary litigation costs for the parties by providing a mechanism for consolidating common issues of law and fact, establishing a stream-lined process for resolving disputes, modifying, and in some cases eliminating, the need for this Court's individualized review of every case management issue that arises.  In general, the Procedures: (a) establish omnibus status conferences and pretrial hearings to enable the parties and the Court to promptly and efficiently address issues relating to the administration of the Adversary Proceedings; (b) establish dates for filing certain motions and a process for identifying common questions of law and fact; (c) coordinate the efficient resolution of common legal and factual issues in multiple Adversary Proceedings; (d) maximize the potential for settlement before trial either through negotiation or through mediation; (e) establish an initial framework for expediting the resolution of the multiple Adversary Proceedings in a fair and efficient manner; and (f) aid overall efficiency, promote uniformity and minimize the burden on the Court.

### The Procedures

25.     The Trustee requests the entry of an order authorizing and adopting the following

Procedures for the Adversary Proceedings:

**A.     Applicability of the Procedures and the Procedures Order:**

    (i)     *General Applicability*.  The Procedures and the Procedures Order shall apply to all of the Adversary Proceedings, except as otherwise provided herein.

    (ii)     *Later-Served Defendants*.  In the event the Trustee serves a defendant in an Adversary Proceeding with a summons and a complaint less than fourteen (14) days prior to the hearing on the Motion seeking the entry of the Procedures Order or at any time after the entry of the Procedures Order (such defendant being referred to herein as the "Later-Served Defendant"), such Later-Served Defendant may object to being subject to the provisions of the Procedures by filing and serving a written objection within fourteen (14) days from the date the Procedures Motion or the Procedures Order, as the case may be, is served upon such Later-Served Defendant.  Upon receipt of a timely objection, the Court shall hear such objection at a regularly scheduled Omnibus Hearing Date (as defined below) and determine whether and to what extent the Procedures Order shall apply to such defendant.

**B.     Extension of Rule 7004(m) Period:**

    (i)     *Extension of Service Deadlines for the Summons and Complaint*.  The 120-day time period provided in Rule 7004(m) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the Trustee to serve the summons and complaint in the Adversary Proceedings on all defendants is and shall be extended by 120 days.  The extension is without prejudice to the Trustee to seek further extensions of time for cause shown.

**C.     Answer Deadline and Extensions:**

    (i)     *Answer Deadline*.  Pursuant to the Court's Scheduling Order dated September 22, 2010, unless otherwise extended as hereinafter provided, the defendants in the Pending Adversary Proceedings shall file an answer or other responsive pleading to the complaints filed by the Trustee in connection with the Pending Adversary Proceedings the later of (a) ***January 28, 2011***, or (b) the answer date specified in the summons served on a particular defendant.

    (ii)     *Extensions*.  The Trustee shall have the authority to extend the time to file an answer or other responsive pleading to a complaint filed in connection

with the Adversary Proceedings.  The parties shall be permitted to enter into informal, written extension agreements or stipulations to extend the time to respond to the complaint in an Adversary Proceeding without the necessity of filing those agreements or stipulations with the Court.

**D.**    **Mediation:**

(i)    *Thresholds*.  All of the Adversary Proceedings in which (a) the Trustee seeks an aggregate monetary recovery of $1,000,000 or less, or (b) the parties otherwise agree in writing to submit to mediation, shall be referred to mandatory mediation (collectively, the "Mediation Cases").

(ii)    *Location*.  Since the Adversary Proceedings are proceedings before this Court, Minnesota is the proper forum for mediation.

(iii)    *Mediators*.  The mediations shall be conducted by bankruptcy judges designated by the Court unless the defendant(s) in the Pending Adversary Proceeding (a) agree(s) to pay the fees and costs of a private mediator identified in accordance with this provision, and (b) by no later than *February 18, 2011,* notify(s) counsel for the Trustee in writing of its election to proceed with private mediation and identifies a private mediator from the list of proposed mediators submitted in connection with the Procedures Motion as Exhibit B (the "Private Mediator List").  By mutual agreement, the Trustee and the defendant may select a mediator not on the Private Mediator List.

(iv)    *Mediation Request Notice*.  The Trustee shall file a "Notice of Mediation and Request for Referral" (the "Mediation Request Notice") in each Adversary Proceeding designated by the Trustee as a Mediation Case where the defendant does not elect to proceed with private mediation in accordance with the provisions of the previous paragraph of this Section D, requesting the Court to promptly refer the Mediation Case to another bankruptcy judge to serve as mediator; provided, however, that (a) the Mediation Request Notice shall not be filed by the Trustee before *February 18, 2011*, and (b) unless the parties agree otherwise, the Mediation Request Notice shall not be filed by the Trustee with respect to a defendant in any Mediation Case where such defendant has brought a Motion to Dismiss (as defined below) until after the Court issues its ruling in connection with such motion.

(v)    *Scheduling*.  The Trustee, working with the mediator's calendar clerk or office, will commence scheduling mediations based upon the availability of the mediator and the parties shall cooperate with each other regarding the scheduling of mediations.

(vi)    *Required Disclosures*.  Within the later of sixty (60) days of (a) the filing of an answer or other responsive pleading to the complaint, or (b) the entry of the Procedures Order (the latter of such date being referred to herein as

the "Required Disclosure Date"), the parties in the Mediation Cases shall, unless otherwise agreed, deliver to the other parties the following required disclosures (the "Required Disclosures"): (1) copies of all agreements by, between and/or among any of the Debtors and/or Thomas Petters and the defendant(s); (2) copies of all correspondence, including electronic communications, by, between and/or among the Debtors, Thomas J. Petters, and/or the Co-conspirators and the defendant(s); and (3) copies of all documents reflecting investment/loan payment information relating to the transfers and transactions that are the subject to the Adversary Proceeding, including bank statements, cancelled checks, wire information, tax returns, investment account statements, including any analyses of such investment/loan and payment information. In the case of any defendant asserting or intending to assert an inability to pay or satisfy a judgment, in whole or in part, or other particularized financial hardship in connection with his, her or its position in the Mediation, the Required Disclosures delivered by such party on the Required Disclosure Date shall also include a requirement to complete and provide the information set forth in the Financial Disclosure Form attached to the Procedures Motion as Exhibit C (the "Financial Disclosure Form"), the particularities of which Financial Disclosure Form the Trustee shall treat as confidential. The Trustee shall be authorized to enter into a confidentiality agreement with a defendant upon reasonable request in order to preserve the confidentiality of personal financial information set forth in the Financial Disclosure Form.

(vii)   *Participation in Mediation.*   The parties to the Mediation Cases shall participate in mediation as scheduled and presided over by the mediator in good faith and with a view toward reaching a consensual resolution. Each mediation shall be attended in person by a representative for each of the parties with full settlement authority and, if a defendant is represented, their legal counsel, as well as counsel for the Trustee (who shall have settlement authority).

(viii)   *Mediator's Directives.*   The mediator, in a separate order, notice or other communication that need not be filed, may require the parties to provide to the mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the mediator's discretion, upon notice (which need not be filed), the mediator may adjourn a mediation. The mediator may also continue a mediation that has been commenced if the mediator determines that a continuation is in the best interests of the parties.

(ix)   *Failure to Comply.*   Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation in good faith, may result in the imposition by the Court of sanctions, which may include the entry of judgment in favor of the Trustee and the award of costs and attorneys' fees.

13

(x)     *Confidential Settlement Communications*.  Pursuant to Federal Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications by, between and among the parties in connection with the mediation shall be confidential and inadmissible.

(xi)    *Report on Mediation*.  If an Adversary Proceeding settles or fails to settle at the conclusion of mediation, then the Trustee shall so advise the Court at the next regularly scheduled Omnibus Hearing.

**E.      Motions to Dismiss:**

(i)     *Deadlines for Motions to Dismiss*.   Any defendant in an Adversary Proceeding seeking to bring a motion to dismiss pursuant to Rule 7009 or 7012 of the Bankruptcy Rules or otherwise ("Motion to Dismiss") shall file such motion on or before the later of (a) ***January 28, 2011***, or (b) the answer date specified in the summons served on a particular defendant.

(ii)    *Scheduling Hearing on and Responses to Motions to Dismiss*.   No hearings shall be scheduled on any Motion to Dismiss pending further order of the Court issued in connection with Trustee's Consolidation Motion described in Section F below.  The Court will set a date and time for hearing on the Motion to Dismiss in the Pending Adversary Proceedings at the next regularly scheduled Omnibus Pretrial Hearing on March __, 2011 (date to be selected and announced by the Court) and will address a briefing schedule with respect to responses to such motions, set additional deadlines and other matters relating to the Motions to Dismiss at such hearing.

**F.      Coordination and Consolidation of Common Issues of Law and Fact:**

(i)     *Common Issues Coordination*.  The Trustee intends to request that the Court consolidate various matters and proceedings for hearing and presentation for decision in the Adversary Proceedings on common questions of law or fact pursuant to Rule 7042 of the Bankruptcy Rules. In connection therewith, the Trustee intends to seek an expedited discovery schedule on certain matters and request the entry of additional orders to make the litigation of the Adversary Proceedings more efficient and to avoid unnecessary duplication, costs and delay.  Counsel for defendants interested in participating in the process of identifying common issues with counsel for the Trustee in connection with the Pending Adversary Proceedings shall communicate that desire to the undersigned counsel for the Trustee on or before ***February 4, 2011*** and in writing identify (a) their clients, and (b) issues of law and fact they believe to be appropriate to consolidate for hearing and any other matters appropriate for coordination.  Counsel for the Trustee shall confer with defendants that have communicated an interest in the coordination of such issues in accordance with the foregoing and discuss common issues and procedures relating to consolidation.

(ii)    *Consolidation Motions*.  On or before **March 2, 2011**, the Trustee shall file a motion with the Court seeking to consolidate for hearing and presentation for decision actions involving one or more common questions of law or fact pursuant to Rule 7042 of the Bankruptcy Rules (the "Consolidation Motion").  In connection therewith, the Trustee shall identify common questions for consolidation and propose an expedited discovery schedule(s) on appropriate matters, deadlines, the further coordination and scope of discovery in multiple Pending Adversary Proceedings, additional procedures, and other matters necessary or appropriate to the efficient and orderly administration of the consolidated actions or proceedings.  The Court will hold a hearing on the Consolidation Motion at the next regularly scheduled Omnibus Pretrial Hearing on March __, 2011 (date to be selected and announced by the Court).

(iii)   *Consolidated Case Filings*.  The Consolidation Motion and any responses thereto shall be filed in the main bankruptcy case (*In re Petters Company, Inc., et al.*, BKY Case No. 08-45257), and not in each separately docketed Adversary Proceeding, and shall be captioned accordingly.

## G.    <u>Discovery Matters</u>:

(i)     *Applicability of Rules*.  The discovery provisions of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Minnesota Local Bankruptcy Rules (the "<u>Local Rules</u>") shall govern the discovery to be conducted in the Adversary Proceedings, unless otherwise provided herein or in further order of the Court.

(ii)    *Waiver of Certain Requirements*.  The provisions of Rule 26(a)(1), 26(a)(2), 26(a)(3) and 26(f) of the Federal Rules of Civil Procedure, as made applicable to the Adversary Proceedings pursuant to Rule 7026 of the Bankruptcy Rules, shall not apply to the Adversary Proceedings.

(iii)   *Discovery*.  Discovery on certain matters relating to common questions of law and fact shall be identified or proposed in connection with the Consolidation Motion and addressed by the Court pursuant to separate order.  Pending further order of the Court, the conduct of any and all discovery procedures in the Adversary Proceedings shall be stayed; <u>provided</u>, <u>however</u>, that the Trustee may immediately take any discovery that the Trustee deems necessary or desirable to effectuate service of process on any defendant to the Adversary Proceedings.

(iv)    *Documents in Criminal Proceedings*.  The Trustee shall not, in connection with discovery in any Adversary Proceeding, be required to produce the transcripts of the criminal proceedings (or transcripts of hearings ancillary to such criminal proceedings) commenced by the United States against Thomas J. Petters, Deanna Coleman, Robert White, Larry Reynolds,

Michael Catain, James Wehmhoff, Greg Bell, PCI and PGW or related documents and exhibits in connection with discovery requests issued by any party in connection with the Adversary Proceedings.  Defendants and other parties are directed to the following resource in order to request a copy of those transcripts, documents and exhibits:

> Carla R. Bebault, RPR, FCRR
> 146 Federal Building
> 316 North Robert Street
> Saint Paul, Minnesota 55101
> (651) 848-1220
> carla_bebault@mnd.uscourts.gov

**H.**    **Omnibus Pretrial Hearings:**

(i)    *Omnibus Pretrial Hearings.*  All non-dispositive matters and motions to request the approval of a settlement agreement requiring a hearing in connection with the Adversary Proceedings prior to trial shall be heard by the Court only on scheduled Omnibus Pretrial Hearing Dates established by the Court from time to time (each hearing referred to as an "Omnibus Pretrial Hearing" and the scheduled date for such hearing referred to as the "Omnibus Pretrial Hearing Date"), unless otherwise set forth herein or the Court orders otherwise on a particularized showing of good cause.  The initial Omnibus Pretrial Hearing Dates shall be held on at ___ a.m. on March __, 2011, April __, 2011, May __, 2011 and June __, 2011. Thereafter, the Omnibus Pretrial Hearings shall be scheduled approximately every thirty (30) days at the convenience of the Court.  The Trustee shall file and serve notices of the scheduling of the Omnibus Pretrial Hearings in the Adversary Proceedings.

(ii)   *Appearances at Omnibus Pretrial Hearings.*  Defendants in each of the Adversary Proceedings are not required to appear at the Omnibus Pretrial Hearings unless (a) such defendants have requested relief from the Court that will be heard at the scheduled Omnibus Pretrial Hearing; (b) the Trustee has requested relief against such defendants from the Court that will be heard at the scheduled Omnibus Pretrial Hearing and such defendants intend to contest that relief; or (c) the Court has directed the defendant to appear.

**I.**    **Default Judgments:**

(i)    *Applications for Default Judgments.*  If a defendant in an Adversary Proceeding fails to timely interpose a response to the complaint by the deadline to answer or respond (and thus has defaulted), the Trustee shall be entitled to promptly seek the entry of default judgment by application pursuant to Local Rule 7055-1 served on the defaulting party on at least fourteen (14) days notice and final judgment shall be entered pursuant to Rule 7054 of the Bankruptcy Rules.

(ii) *Certain Papers Not Required*.  The Trustee need not file or serve a motion for default judgment and need not file or serve a memorandum of law.

(iii) *Hearings on Defaults*.  All hearings on the default applications shall be heard at the Omnibus Pretrial Hearings, except as otherwise provided herein.

**J.** **Pre-Trial Jurisdictional Matters:**

(i) *Retention of Jurisdiction and Authority over Adversary Proceedings*. Consistent with this Court's rulings and pronouncements in *Kelley v. Hofer et al. (In re Petters Company, Inc.)*, ADV. No. 10-04221 (November 15, 2010) and *Hedback v. American Family Mut. Ins. Co. (In re Mathews)*, 203 B.R. 152 (Bankr. D. Minn. 1996), this Court shall retain the jurisdiction and the authority to preside over all Adversary Proceedings and to adjudicate all pre-trial matters, including the presentation of all dispositive motions and issuance of decisions on them.

**K.** **Miscellaneous:**

(i) *Conflicts*.  These Procedures shall control with respect to the Adversary Proceedings to the extent of any conflict with other applicable rules or orders entered prior to the date hereof.

(ii) *Extensions of Deadlines*.  The deadlines and other provisions contained in the Procedures Order may be extended or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to written agreement or stipulation, which agreement or stipulation need not be filed with the Court.

(iii) *Notices of Appearance*.  Consistent with the Scheduling Order entered by the Court on September 22, 2010, all attorneys retained by any defendant in an Adversary Proceeding in these bankruptcy cases shall file a notice of appearance on behalf of their client in the file for the Chapter 11 cases and, if the attorney does not timely file an answer, in the file for the Adversary Proceeding as well.

(iv) *Electronic Service*.  Any motions, notices or other pleadings filed or served by the Trustee in the Adversary Proceedings (other than the summons and complaint) may be served by e-mail (unless the defendant is an individual and is not represented by legal counsel in which event service by e-mail shall not be effective unless such defendant has consented to service by e-mail).  Service by e-mail shall be effective as of the date such e-mail is sent to the e-mail address furnished by the defendants in connection with the Adversary Proceedings or the bankruptcy cases to the Court or counsel for the Trustee.

17

(v)   *Relief from Procedures*.  Nothing herein shall prevent the Trustee or any defendant in an Adversary Proceeding from seeking relief from the provisions of these Procedures, upon a showing of good cause, by appropriate motion to the Court in accordance with the procedures set forth herein.

(vi)   *Exchange of Documents and Information*.  Nothing herein shall prevent the parties to any Adversary Proceeding from voluntarily exchanging information or engaging in settlement discussions at any time; provided, however, that any voluntary exchange of information shall in no way be construed as a waiver of any of the requirements or limitations contained in these Procedures.

(vii)   *Construction*.  The Procedures set forth in the Procedures Order shall be construed by the parties in a manner that promotes the expeditious and economical resolution of the Adversary Proceedings and administration of these bankruptcy cases.

(viii)   *Service of Procedures Order*.  The Trustee shall serve a copy of the Procedures Order approving these Procedures on each defendant in the Adversary Proceedings; provided, however, that the Trustee shall not be required to serve the Procedures Order on legal counsel for any parties that have filed a notice of appearance in these Chapter 11 bankruptcy cases or the Adversary Proceedings prior to the entry of the Procedures Order.

# # # # #

**Best Interests of the Bankruptcy Estates**

26.   The Trustee seeks to establish administrative and procedural safeguards in order to administer the Adversary Proceedings at the least possible expense and in the most efficient manner.  The Trustee submits that the proposed Procedures will protect the due process rights of all parties in interest to the Adversary Proceedings and are appropriate under the circumstances. The Trustee believes that the proposed Procedures will ease the Court's administration of over 200 adversary proceedings, create the framework for a uniform and expeditious resolution of common issues of law and fact, and significantly reduce the economic burdens of pursuing the Adversary Proceedings on the Petters Estates and parties in interest.  The relief requested in this Motion is consistent with relief afforded by the courts in cases where the volume of adversary proceedings justify the development of a streamlined and relatively uniform approach for

prosecuting and administering multiple actions.  *See, e.g., Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC (In re Madoff)*, ADV No. 08-01789 (Bankr. S.D.N.Y. November 10, 2010); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. 2003 Sept. 11, 2003).

27.    Counsel for the Trustee has consulted extensively with the Creditors' Committee with respect to the relief requested in this Motion and believes that the Creditors' Committee supports the relief requested and views it as appropriate under the circumstances and in the best interests of the bankruptcy estates.  Counsel for the Trustee has also generally discussed the proposed procedures and a coordinated process for identifying and addressing common issues of law and fact with counsel for several defendants in the Pending Adversary Proceedings prior to the date hereof.  The Procedures also contemplate a process for further communication among counsel for the Trustee and various defendants on matters impacting the administration of multiple Adversary Proceedings.

## **GENERAL**

28.    The Trustee reserves the right to file a supplemental memorandum of law or response in reply to objections, if any, that may be interposed with respect to the relief requested in this Motion.

WHEREFORE, the Trustee believes that the proposed Procedures and other relief requested in this Motion are integral to the ability to resolve the Adversary Proceedings in a cost-effective, efficient manner that will further speedy distribution to creditors.  In light of the foregoing, the Trustee respectfully requests that this Court enter an order authorizing and approving the Procedures, and granting such other or further relief the Court deems just and equitable.

DATED: December 10, 2010　　　　　　　　**LINDQUIST & VENNUM** P.L.L.P.


By: _____/e/  George H. Singer_____
James A. Lodoen (#111831)
George H. Singer (#0262043)
Terrence J. Fleming (#012883)
Mark D. Larsen (#0318498)
Sandra Smalley-Fleming (#0296983)


4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 371-3211
Facsimile:  (612) 371-3207
E-Mail Addresses:
jlodoen@lindquist.com
gsinger@lindquist.com
tfleming@lindquist.com
mlarsen@lindquist.com
ssmalley-fleming@lindquist.com


**ATTORNEYS FOR
DOUGLAS A. KELLEY,
CHAPTER 11 TRUSTEE OF
PETTERS COMPANY, INC., ET AL.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **Jointly Administered under**<br>**Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| (includes: | Court Files Nos.: |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER**
**AUTHORIZING AND APPROVING CASE MANAGEMENT PROCEDURES**
**GOVERNING MULTIPLE ADVERSARY PROCEEDINGS**
**ARISING UNDER 11 U.S.C. §§ 105, 502, 506, 510, 542, 544, 547, 548 AND 550**

Douglas A. Kelly, the duly-appointed Chapter 11 Trustee (the "Trustee") of the above-captioned debtors (the "Debtors") by and through his legal counsel, respectfully submits this Memorandum of Law in support of his Motion for an Order Authorizing and Approving Case Management Procedures Governing Multiple Adversary Proceedings Arising Under 11 U.S.C. §§ 105, 502, 506, 510, 542, 544, 547, 548 and 550 (the "Procedures Motion"). Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Procedures Motion unless the context requires otherwise.

## FACTS

The relevant factual background and basis for this Memorandum is set forth in the Procedures Motion and is incorporated as though fully set forth herein.

## ARGUMENT

## I.    Basis for Relief Requested

### A.    Authority of the Court to Implement the Procedures

The Court has broad discretion to adopt and implement guidelines, such as the Procedures and other relief proposed in the Procedures Motion, which will aid in the administration of the Adversary Proceedings.  Specifically, § 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code.  That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude this court from *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105.  Section 105 therefore recognizes the bankruptcy court's "inherent powers" to manage the cases on their docket by providing "the necessary authority to manage arguments and conduct of parties to ensure judicial efficiency and to do justice."  *Johnson v. McDow (In re Johnson)*, 236 B.R. 510, 521 (D.D.C. 1999) (citing *Roadway Express v. Piper*, 447 U.S. 752, 765, 767 n.14 (1980)).  *Accord In re Miller,* 16 F.3d 240, 244 (8th Cir. 1994); *Finstrom v. Huisinga*, 101 B.R. 997, 998 (D. Minn. 1989); *In re Sunflower Racing, Inc.*, 218 B.R. 972, 977 (D. Kan. 1998); *Western Cities Broadcasting, Inc. v. Schueller (In re Schueller)*, 126 B.R. 354, 359 (D. Colo. 1991).  Toward that end, the bankruptcy court has the authority to review the circumstances of the case and establish such rules, processes and time schedules as may be

2

necessary to ensure that the litigation is "fair, fast, effective, and efficient." *In re Aspen*

*Limousine Serv., Inc., aff'd,* 193 B.R. 325 (D. Colo. 1996). In addition, Rule 7016 of the Federal

Rules of Bankruptcy Procedure affords courts significant flexibility in case management and

scheduling. Specifically, Rule 7016(a) authorizes the Court to enter orders for the purpose of:

(1)     expediting the disposition of the action;
(2)     establishing early and continuing control so that the case will not
        be protracted because of lack of management;
(3)     discouraging wasteful pretrial activities;
(4)     improving the quality of the trial through more thorough
        preparation; and
(5)     facilitating the settlement of the case.

Fed. R. Bankr. P. 7016(a). Rule 7016(b) authorizes courts to enter scheduling and other orders

that limit the time to file motions and to complete discovery, establish dates for conferences and

trials and "any other matters appropriate in the circumstances of the case." Fed. R. Bankr. P.

7016(b).

**B.     Benefit to the Bankruptcy Estates and Parties in Interest**

The Proposed Procedures, which the Trustee has developed in concert with the Creditors'

Committee, further the purpose of the applicable Bankruptcy Rules by establishing certain initial

guidelines that the Trustee believes are essential to the efficient administration and successful

resolution of the Adversary Proceedings. The Trustee submits that implementation of the

Procedures and orders issued in furtherance thereof will further the cost-effective, timely

resolution of the Adversary Proceedings for the benefit of creditors, the defendants in the

Adversary Proceedings and all parties in interest. The Trustee further submits that the

Procedures will also further the goals of judicial economy and conservation of judicial resources.

Absent the establishment of the Procedures to govern the prosecution of the Adversary

Proceedings, it will be challenging for the Trustee to prosecute the Adversary Proceedings in an

efficient and timely manner and equally difficult for the Court to administer these matters. To

the extent that the Procedures deviate from otherwise applicable rules and practice, the Trustee submits that such variations are necessary in light of the large number of Pending Adversary Proceedings that are currently before this Court.

Accordingly, by this Procedures Motion, the Trustee requests entry of an order modifying certain procedures governing the Adversary Proceedings, including, among other things, summons issuance, response dates, calendaring, mediation, discovery and certain motion practices.  Due to the large number of defendants against whom the Trustee has and may commence the Adversary Proceedings, the Trustee submits that some of the informal and formal local practices should be modified to ease the paper and logistical burdens on the Court and all parties in interest.  The Proposed Procedures provide a more systematic, structured and efficient means for managing the case load and establish a framework for expediting the identification and resolution of common questions of law and fact.

## II.    <u>General Discussion of Relief Requested</u>

### A.    <u>Extension of Bankruptcy Rule 7004(m) Period</u>

The Trustee and his counsel believe that it is necessary and appropriate to extend the 120-day time period provided for in Rule 7004(m) of the Federal Rules of Bankruptcy Procedure by 120 days.  Rule 4(m) of the Federal Rules of Civil Procedure, made applicable by Rule 7004 of the Federal Rules of Bankruptcy Procedure, allows a plaintiff 120 days from the filing of a complaint to serve a summons.  Fed. R. Bankr. P. 7004(m).  In the event that a defendant is not served within the 120-day period, the court "on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*.  But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period."  *Id.* (emphasis added).  Thus, where good cause is shown, Rule 7004(m) requires the Court to extend the 120-day period for service

4

of process.  Even where good cause is not shown, the Rule permits the Court in the exercise of

its discretion to extend the time for service.  *Mejia v. Castle Hotel, Inc.,* 164 F.R.D. 343

(S.D.N.Y. 1996) (interpreting Rule 4(m) of the Federal Rules of Civil Procedure); *In re Ames

Dep't Stores, Inc.*, No. 01-42217 (REG) (S.D.N.Y. Feb. 3, 2004 Order Extending Service

Period); *In re Enron Corp.*, No. 01-16034 (AJG) (S.D.N.Y. April 28, 2004).

In addition, Rule 9006(b)(1) provides for the enlargement of time to perform acts

required under the Federal Rules of Bankruptcy Procedure:

> [W]hen an act is required or allowed to be done at or within a specified period by
> these rules or by notice given thereunder or by order of the court, the court for
> cause shown may at any time in its discretion . . . with or without motion or notice
> order the period enlarged if the request therefore is made before the expiration of
> the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(1).

The extension of the service period will substantially aid in the efficient administration of

the Adversary Proceedings.  The benefits of the additional 120 days to the Trustee are apparent:

(a) valuable claims in favor the bankruptcy estates will be preserved; (b) the Trustee will have

additional time to identify the correct identity of additional initial transferees and subsequent

transferees and join them to the Pending Adversary Proceedings to the extent appropriate; (c) the

Trustee will have additional time to effectuate service on the approximate 25 defendants named

in the Pending Adversary Proceedings that do not reside in the United States[1]; (d) the Adversary

Proceedings can proceed in a more efficient and organized fashion; and (e) costs and judicial

resources can be conserved.  The Trustee therefore submits that the foregoing benefits constitute

good cause under Rule 7004(m).  Were the Court to find that good cause has not been shown, the

---

[1] Although Rule 7004(m) and the 120-day limit for service "does not apply to service in a
foreign country . . . ," courts have recognized the appropriateness of extending time to complete
service on foreign defendants.  *See, e.g., In re Copper Antitrust Litig.*, No MDL 1301, 02-C-
0707-C, 2003 23200370, at *1 (W.D. Wis. May 30, 2003); *Kim v. Frank Mohn A/S*, 909 F. Supp.
474, 480 (S.D. Tex. 1995).

Trustee submits that the Court should exercise its discretion to grant the requested extension of time under the circumstances.

### B.    Answer Deadline and Extensions

Pursuant to the Court's Scheduling Order dated September 22, 2010, the Court established a deadline of January 28, 2011 for defendants in the Pending Adversary Proceedings to file formal answers to the complaints, subject to further extension on stipulation or on grant by the Court on formal motion.   The Trustee requests that the Court grant the parties express authority to enter into informal, written extension agreements or stipulations to extend the time to respond to adversary complaints without the necessity of filing those agreements with the Court.   The Trustee believes that this will eliminate the requirement of judicial involvement in connection with requests for extensions of time, particularly in connection with future Adversary Proceedings or in connection with Pending Adversary Proceedings for which service of process remains outstanding and logistical issues may warrant an extension (i.e. foreign defendants).

### C.    Mediation Procedures

The Trustee is willing to resolve as many Adversary Proceedings as possible without proceeding to full or extensive litigation.   Indeed, the Trustee expects that many actions can be ultimately settled or resolved without the necessity of a trial on the merits.   The Trustee is also prepared to consider mitigating circumstances and the financial situation of particular defendants that provide necessary information to enable the Trustee to make determinations with respect to the actions.[2]   The Procedures contemplate mandatory mediation for all Adversary Proceedings in which the Trustee seeks an aggregate monetary recovery of $1,000,000 or less[3] and in Adversary

---

[2] *See* Financial Disclosure Form, attached to the Procedures Motion as <u>Exhibit C</u>.

[3] *See* Listing of Pending Adversary Proceedings, attached to the Procedures Motion as <u>Exhibit A</u> for proceedings identified by the Trustee for mediation and falling within the established financial threshold.

Proceedings in which the parties agree in writing to submit to mediation.[4]  Particularly in light of the amounts in controversy in connection with certain Adversary Proceedings, the Trustee believes that the proposed Procedures with respect to mediation will ease the burden on the Court, the parties and counsel and serve to facilitate and maximize the potential for a fair resolution of the Trustee's claims in certain instances without the need for trial.

### D.   Motions to Dismiss

The Trustee anticipates that the Motions to Dismiss and answers to the complaints will frame issues and likely implicate certain common questions of law or fact in multiple Adversary Proceedings.  The Procedures therefore establish deadlines for bringing all motions to dismiss and establish a process for scheduling a prompt hearing on such motions and the Trustee's responses thereto and expediting the coordination of proceedings and issues.

### E.   Coordination and Consolidation of Common Issues of Law and Fact

The Trustee intends to request that the Court consolidate various matters and proceedings for prompt hearing and presentation for decision in the Adversary Proceedings on common questions of law and fact pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7042.  Accordingly, the Trustee intends to file a Consolidation Motion on or before March 2, 2011 after it has considered the answers to the complaint and motions to dismiss that have been filed, all of which are generally due on or before January 28, 2011.  In connection with the Consolidation Motion, the Trustee intends to seek an expedited discovery schedule on certain matters and request the entry of additional orders to avoid duplication and make the litigation of the Adversary Proceedings and common questions of law and fact more

---

[4] Subject to the terms and timing specified in the Procedures Order, defendants in the Mediation Cases may elect to proceed with private mediation and obtain the services of a private mediator acceptable to the Trustee.  *See* Private Mediator List that will be submitted in connection with the Procedures Motion as <u>Exhibit B</u> and filed in advance of the scheduled hearing thereon.

efficient.  The Trustee has already engaged in discussions with certain parties regarding aspects of the Procedures Motion and the Procedures contemplate a process for discussions with counsel interested in participating in good faith in discussions with the Trustee regarding the coordination of various common matters.

### F.      Discovery Matters

The Trustee intends to propose additional, coordinated procedures and protocols relating to discovery and other matters in connection with the Consolidation Motion, including the expedited discovery of certain issues relating to common questions of law and fact, after the Trustee and his legal counsel have considered the pleadings filed by the defendants on January 28, 2011 (i.e. the answers to the complaints and the Motions to Dismiss).  In order to promote uniformity, ensure efficiencies and avoid dilatory tactics in the litigation process at this stage of the proceedings, the Procedures stay the conduct of all discovery pending further order of the Court anticipated in connection with the Coordination Motion (other than discovery by the Trustee that is necessary or desirable to effectuate service of process on any defendant which shall not be stayed and allowed to proceed immediately).

### G.      Omnibus Pretrial Hearings

The Procedures establish Omnibus Pretrial Hearings and dates for hearings on all non-dispositive matters and motions to request the approval of a settlement agreement.  The Trustee believes that the establishment of omnibus hearings for certain matters will reduce the number of hearing dates, will reduce the burden on the court of administering over 200 Adversary Proceedings and alert parties well in advance of those hearing dates for planning purposes.

### H.      Default Judgments

The Procedures establish stream-lined procedures for the entry of default judgments against defendants who have not answered the complaints in the Adversary Proceedings.  The

process set forth in and contemplated by the Procedures will reduce costs by permitting the Trustee to file an application as opposed to a motion and eliminate the necessity of filing a memorandum of law.  The Trustee will, under the proposed Procedures, provide defendants with additional notice before the entry of default judgment and, if the defendant fails to respond, permit the Court to grant the relief demanded in the complaint and the application without further notice and hearing.  All hearings on default applications will be heard at the Omnibus Pretrial Hearings.

## I.      Pre-Trial Jurisdictional Matters

The Procedures make clear that this Court shall retain the jurisdiction and the authority to preside over *all* Adversary Proceedings and to adjudicate all pre-trial matters, including the presentation of and decisions on all dispositive motions—even in Adversary Proceedings in which a particular defendant may have a right to a trial by jury on some or all issues.  This Court's retention of such matters is consistent with the contemplation of the United States District Court in addressing issues in various proceedings and consistent with the Court's previous rulings and decisions in these bankruptcy cases and other proceedings.  *See, e.g., Kelly v. Hover et al. (In re Petters Company, Inc.)*, ADV No. 10-04221 (November 15, 2010) (rulings on the record; order forthcoming) (Kishel, J.); *Hedback v. American Family Mut. Ins. Co. (In re Mathews)*, 203 B.R. 152 (Bankr. D. Minn. 1996) (Kishel, J.).

## CONCLUSION

The Trustee believes that the implementation of the Procedures will further the cost-effective, efficient resolution of the Adversary Proceedings for the benefit of the bankruptcy estates and all parties in interest and increase the likelihood of a speedy distribution to creditors. The Trustee also believes that the Procedures will further the goals of judicial economy and the

conservation of judicial resources and is well within the authority granted to the Court under 11

U.S.C. § 105 and the applicable Federal Rules of Bankruptcy Procedure.

DATED: December 10, 2010 **LINDQUIST & VENNUM P.L.L.P.**


By:     /e/  George H. Singer
James A. Lodoen (#111831)
George H. Singer (#0262043)
Terrence J. Fleming (#012883)
Mark D. Larsen (#0318498)
Sandra Smalley-Fleming (#0296983)

4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 371-3211
Facsimile:  (612) 371-3207
E-Mail Addresses:
jlodoen@lindquist.com
gsinger@lindquist.com
tfleming@lindquist.com
mlarsen@lindquist.com
ssmalley-fleming@lindquist.com

**ATTORNEYS FOR
DOUGLAS A. KELLEY,
CHAPTER 11 TRUSTEE OF
PETTERS COMPANY, INC., ET AL.**

# Exhibit A


# (Pending Adversary Proceedings)

**Adversary Proceedings Filed in** *In re Petters Company, Inc., et al.* **Bky No. 08-45257**

|    | Case Name | Adversary Number | Demand Amount | Mediation Case |
|----|-----------|------------------|---------------|----------------|
| 1 | Acorn Capital Group, LLC | 10-04441 | Settlement Pending | |
| 2 | Actionwear International S.L. et al | 10-04432 | $ 1,030,000.00 | |
| 3 | After the Second Millennium (PCI) | 10-04433 | $ 2,533,890.74 | |
| 4 | After the Second Millennium (PGW) | 10-04434 | $ 131,250.00 | X |
| 5 | Allanson | 10-04263 | $ 1,137,833.00 | |
| 6 | Alper | 10-04293 | $ 577,500.00 | X |
| 7 | American Express | 10-04435 | $ 460,821.13 | X |
| 8 | Anderson | 10-04344 | $ 59,500.00 | X |
| 9 | Anding | 10-04260 | $ 1,021,860.00 | |
| 10 | Apriven Partners, LP | 10-04413 | $ 232,726,145.00 | |
| 11 | Ark Royal Capital, LLC | 10-04325 | $ 1,200,000.00 | |
| 12 | Aron | 10-04205 | $ 56,015,852.00 | |
| 13 | Aronovsky | 10-04259 | $ 920,384.00 | X |
| 14 | Associated Bank | 10-04422 | $ 181,783,741.94 | |
| 15 | Baer | 10-04370 | $ 3,204,227.17 | |
| 16 | Baratz, et al. | 10-04420 | $ 7,436,285.00 | |
| 17 | Beresford Bancorporation, Inc. | 10-04447 | $ 1,057,254.18 | |
| 18 | Big Brothers Big Sisters of Gr. TC | 10-04323 | $ 204,000.00 | X |
| 19 | B'nai B'rith International | 10-04326 | $ 44,950.00 | X |
| 20 | Boland, et al. | 10-04356 | $ 293,501.00 | X |
| 21 | Boosalis (Alex) | 10-04248 | $ 571,750.00 | X |
| 22 | Boosalis (Gus) | 10-04247 | $ 7,677,351.00 | |
| 23 | Boosalis (John) | 10-04246 | $ 1,860,500.00 | |
| 24 | Boosalis (William) | 10-04245 | $ 5,949,500.00 | |
| 25 | Boosalis Family Limited Partnership | 10-04390 | $ 4,961,800.00 | |
| 26 | Braun | 10-04222 | $ 6,513,293.00 | |
| 27 | Brax Capital Group | 10-04430 | $ 750,000.00 | X |
| 28 | Brennan | 10-04264 | $ 969,403.00 | X |
| 29 | Bushey | 10-04394 | $ 40,000.00 | X |
| 30 | Calibrax Capital Partners, et al. | 10-04426 | $ 8,000,000.00 | |
| 31 | Carlstrom, et al. | 10-04213 | $ 2,880,222.00 | |
| 32 | Carter | 10-04337 | $ 1,742,229.07 | |
| 33 | Caruso | 10-04274 | $ 62,117.00 | X |
| 34 | Cercle Sportif Fola Esch | 10-04414 | $ 200,000.00 | X |
| 35 | Challenge Printing | 10-04290 | $ 1,139,262.00 | |
| 36 | Charap | 10-04229 | $ 1,835,024.00 | |
| 37 | Chee-Awai | 10-04398 | $ 1,750,000.00 | |
| 38 | Children's Heartlink | 10-04319 | $ 7,500.00 | X |
| 39 | Chin, et al. | 10-04258 | $ 809,917.00 | X |
| 40 | Cholakis | 10-04379 | $ 1,059,663.00 | |
| 41 | Christenson, et al. | 10-04288 | $ 191,708.00 | X |
| 42 | Chuck and Harold's | 10-04438 | $ 2,100,000.00 | |
| 43 | Circle F Ventures, LLC | 10-04355 | $ 13,922,635.00 | |
| 44 | Clayton | 10-04405 | $ 60,000.00 | X |
| 45 | Cohen Partnership et al | 10-04431 | $ 1,769,899.38 | |
| 46 | Colvin (Kenneth/Thelma), et al. | 10-04266 | $ 719,718.00 | X |
| 47 | Colvin, Larry, et al. | 10-04310 | $ 673,399.00 | X |
| 48 | Colving, Kimberlee et al. | 10-04311 | $ 36,511.00 | X |
| 49 | Crohn's & Colitis Foundation of Am | 10-04317 | $ 10,000.00 | X |
| 50 | Crown Bank | 10-04429 | $ 6,111,715.34 | |
| 51 | Cunningham et al. | 10-04442 | $ 3,317,114.00 | |

**Adversary Proceedings Filed in** *In re Petters Company, Inc., et al.* **Bky No. 08-45257**

| | __Case Name__ | __Adversary Number__ | __Demand Amount__ | __Mediation Case__ |
|---|---|---|---|---|
| 52 | Dallman | 10-04356 | $ 616,070.00 | X |
| 53 | Danko | 10-04339 | $ 1,925,000.00 | |
| 54 | Deikel (PCI) | 10-04351 | Settlement Pending | |
| 55 | Deikel (PGW) | 10-04335 | Settlement Pending | |
| 56 | Dennis, et al. | 10-04208 | $ 12,001,190.00 | |
| 57 | Diment | 10-04249 | $ 1,089,375.00 | |
| 58 | Dorsey | 10-04360 | $ 18,500.00 | X |
| 59 | Dovolis | 10-04223 | $ 2,430,640.00 | |
| 60 | Dunlap | 10-04410 | $ 3,853,179.50 | |
| 61 | Edgebrook, Inc. | 10-04204 | $ 5,881,200.00 | |
| 62 | Electric Motor Supply Co. | 10-04267 | $ 107,450.00 | X |
| 63 | Engels | 10-04338 | $ 601,688.00 | X |
| 64 | Evans Charap | 10-04228 | $ 167,337.00 | X |
| 65 | Faraone, et al. | 10-04287 | $ 2,381,310.00 | |
| 66 | Farrar | 10-04377 | $ 10,804,535.00 | |
| 67 | Feneis (Dan and Patricia) | 10-04275 | $ 675,703.00 | X |
| 68 | Feneis (Steve) | 10-04268 | $ 94,923.00 | X |
| 69 | Fidelis Foundation | 10-04286 | $ 406,922,647.00 | |
| 70 | Fleming (Hayden), et al. | 10-04255 | $ 1,541,280.00 | |
| 71 | Fleming (Patrick), et al. | 10-04257 | $ 279,153.00 | X |
| 72 | Garden State Securities | 10-04412 | $ 300,000.00 | X |
| 73 | Gelb | 10-04261 | $ 654,000.00 | X |
| 74 | General Electric Capital Corp | 10-04418 | $ 293,525,228.00 | |
| 75 | Hagan | 10-04207 | $ 3,714,000.00 | |
| 76 | Hamm | 10-04373 | $ 2,300,000.00 | |
| 77 | Hardy | 10-04408 | $ 530,741.00 | X |
| 78 | Harmer | 10-04372 | $ 1,284,811.39 | |
| 79 | Hauser | 10-04254 | $ 8,444,252.00 | |
| 80 | Hay | 10-04399 | $ 4,938,987.74 | |
| 81 | Hayes | 10-04269 | $ 811,258.00 | X |
| 82 | High Plains Investment LLC | 10-04250 | $ 3,341,210.00 | |
| 83 | Hillesland | 10-04253 | $ 601,230.00 | X |
| 84 | Hoag, et al. | 10-04291 | Dismissed | |
| 85 | Hodge | 10-04425 | $ 165,554.00 | X |
| 86 | Hofer | 10-04221 | $ 36,278,748.00 | |
| 87 | Holzem | 10-04392 | $ 10,000.00 | X |
| 88 | Home Federal and Vlahos | 10-04416 | $ 3,998,716.53 | |
| 89 | Home Federal Savings Bank | 10-04439 | $ 152,500.00 | X |
| 90 | Honig | 10-04362 | $ 32,500.00 | X |
| 91 | Hopfenspriger | 10-04270 | $ 56,250.00 | X |
| 92 | Idlewild Properties, LLC | 10-04380 | $ 824,625.00 | X |
| 93 | Insight Partners | 10-04411 | $ 333,333.34 | X |
| 94 | Isaac (George), et al. | 10-04210 | $ 4,862,584.00 | |
| 95 | Isaac (Lynn), et al. | 10-04209 | $ 16,781,361.00 | |
| 96 | Jay Salmen | 10-04341 | $ 350,000.00 | X |
| 97 | Jeffries | 10-04400 | $ 3,200,000.00 | |
| 98 | Jerry | 10-04406 | $ 105,846.08 | X |
| 99 | Joe | 10-04358 | $ 62,000.00 | X |
| 100 | Johnson (Brian/Mary Joseph) | 10-04271 | $ 501,599.00 | X |
| 101 | Johnson (Larry) | 10-04381 | $ 65,000.00 | X |
| 102 | Jordan, John | 10-04376 | $ 165,228.64 | X |

**Adversary Proceedings Filed in** *In re Petters Company, Inc., et al.* **Bky No. 08-45257**

| | Case Name | Adversary Number | Demand Amount | Mediation Case |
|---|---|---|---|---|
| 103 | Joseph (Anna) | 10-04272 | $ 307,292.00 | X |
| 104 | JPMorgan Chase & Co. | 10-04446 | $ 300,000.00 | |
| 105 | JPMorgan Chase & Co. | 10-04443 | $ 241,000,000.00 | |
| 106 | Kabe | 10-04273 | $ 534,233.00 | X |
| 107 | Kanios, et al. | 10-04206 | $ 1,262,500.00 | |
| 108 | Kastor | 10-04276 | $ 74,625.00 | X |
| 109 | Kenneth Johnson | 10-04423 | $ 2,087,467.00 | |
| 110 | Kenney | 10-04225 | $ 595,256.00 | X |
| 111 | Kerbel, et al. | 10-04284 | $ 240,208.00 | X |
| 112 | Klassen | 10-04369 | $ 75,625.00 | X |
| 113 | Knoblach | 10-04382 | $ 35,772,989.00 | |
| 114 | Kruse | 10-04371 | $ 25,500.00 | X |
| 115 | Kubinski et al | 10-04387 | $ 221,900.00 | X |
| 116 | Kuperus | 10-04277 | $ 76,250.00 | X |
| 117 | Kyriakides | 10-04278 | $ 149,175.00 | X |
| 118 | Lac Courte Oreilles Band of Lake Superior Chippewa | 10-04388 | $ 1,678,355.00 | |
| 119 | Lagermeier | 10-04403 | $ 10,000.00 | X |
| 120 | Lancer, et al. | 10-04427 | $ 217,264,330.07 | |
| 121 | Larsen Agribusiness, Inc. | 10-04283 | $ 324,016.00 | X |
| 122 | Laumann | 10-04374 | $ 308,543.80 | X |
| 123 | Lewicki | 10-04252 | $ 278,873.00 | X |
| 124 | Lindstrom | 10-04368 | $ 145,000.00 | X |
| 125 | M&I Marshall and Ilsley Bank | 10-04397 | $ 3,717,836.99 | |
| 126 | Make-a-Wish Foundation of MN | 10-04320 | $ 11,728.75 | X |
| 127 | Mansour, et al. | 10-04296 | $ 3,010,000.00 | |
| 128 | Margolin | 10-04428 | Dismissed | |
| 129 | Margolis | 10-04348 | $ 91,920.47 | X |
| 130 | Mau | 10-04347 | $ 101,459.00 | X |
| 131 | McCarthy, et al. | 10-04262 | $ 5,282,000.00 | |
| 132 | McGaunn | 10-04340 | $ 300,000.00 | X |
| 133 | McGough | 10-04226 | $ 1,150,000.00 | |
| 134 | McKinney | 10-04365 | $ 60,000.00 | X |
| 135 | Menczynski | 10-04336 | $ 1,068,509.25 | |
| 136 | Metro Gem, Inc., et al. (Vennes) | 10-04352 | $ 2,348,317,475.39 | |
| 137 | Metro I, LLC, et al. (Arrowhead) | 10-04328 | $ 5,185,791,217.70 | |
| 138 | Meyer | 10-04417 | $ 76,572.15 | X |
| 139 | Mignin | 10-04294 | $ 505,768.00 | X |
| 140 | Millennium Development, LLC | 10-04383 | $ 121,645.00 | X |
| 141 | Miller | 10-04343 | $ 199,729.09 | X |
| 142 | Miller Companies, Inc. | 10-04282 | $ 278,000.00 | X |
| 143 | Miller, et al. | 10-04256 | $ 2,180,000.00 | |
| 144 | Minneapolis Jewish Foundation | 10-04313 | $ 11,500.00 | X |
| 145 | Minnesota Public Radio | 10-04314 | $ 3,500.00 | X |
| 146 | Monighan | 10-04395 | $ 30,000.00 | X |
| 147 | Morgan | 10-04415 | $ 60,000.00 | X |
| 148 | Musich, et al. | 10-04224 | $ 1,760,244.00 | |
| 149 | Nelson (Jerry) | 10-04384 | $ 327,000.00 | X |
| 150 | North Central Food Systems, Inc. | 10-04389 | $ 2,497,000.00 | |
| 151 | O'Brien | 10-04361 | $ 22,500.00 | X |
| 152 | Olson, et al. | 10-04297 | $ 362,000.00 | X |
| 153 | Opportunity Finance (Fingerhut) | 10-04375 | $ 21,600,000.00 | |

**Adversary Proceedings Filed in** *In re Petters Company, Inc., et al.* **Bky No. 08-45257**

| | Case Name | Adversary Number | Demand Amount | Mediation Case |
|---|---|---|---|---|
| 154 | Opportunity Finance (Sabes) | 10-04301 | $ 2,524,051,803.72 | |
| 155 | O'Shaughnessy | 10-04401 | $ 7,270,004.50 | |
| 156 | Overstock.com | 10-04292 | $ 2,547,406.00 | |
| 157 | Palma | 10-04393 | $ 1,025,723.96 | |
| 158 | Papadimos | 10-04211 | $ 5,790,869.00 | |
| 159 | Pernula | 10-04366 | $ 180,000.00 | X |
| 160 | Phelps | 10-04342 | $ 821,183.00 | X |
| 161 | Potts, et al. | 10-04437 | $ 778,941.88 | X |
| 162 | Ratliff | 10-04409 | $ 1,995,500.00 | |
| 163 | Redstone American Grill, Inc. | 10-04203 | $ 5,446,100.00 | |
| 164 | Redstone Limited Partnership | 10-04202 | $ 600,167.00 | X |
| 165 | Riedl | 10-04346 | $ 100,127.00 | X |
| 166 | Ritchie Capital Management, L.L.C., et al. | 10-04440 | $ 21,584,308.81 | |
| 167 | Romano | 10-04227 | $ 809,699.00 | X |
| 168 | Romenesko | 10-04419 | $ 2,126,569.68 | |
| 169 | Ruggieri, et al. | 10-04279 | $ 484,030.00 | X |
| 170 | Sarenpa | 10-04363 | $ 40,758.00 | X |
| 171 | Scherber | 10-04295 | $ 387,050.00 | X |
| 172 | Schmit | 10-04367 | $ 178,125.00 | X |
| 173 | Schopper | 10-04391 | $ 739,860.00 | X |
| 174 | Seminole Tribe of Florida, Inc. | 10-04386 | Dismissed | |
| 175 | Signature Bank | 10-04421 | $ 153,791.00 | X |
| 176 | Slobodyanuk (Jane) | 10-04280 | $ 174,639.00 | X |
| 177 | Slobodyanuk (Slava) | 10-04281 | $ 114,614.00 | X |
| 178 | Southwest Aviation, et al. | 10-04424 | $ 580,142.00 | X |
| 179 | St. Cloud American Legion | 10-04316 | $ 15,000.00 | X |
| 180 | St. Jude Children's Research Hosp | 10-04312 | $ 15,000.00 | X |
| 181 | Svigos | 10-04212 | $ 7,380,417.00 | |
| 182 | SXD Corporation | 10-04289 | $ 714,755.00 | X |
| 183 | Taunton (Paul), et al. | 10-04215 | $ 29,793,188.00 | |
| 184 | Taunton (Peter), et al. | 10-04214 | $ 1,276,500.00 | |
| 185 | Tesar | 10-04359 | $ 54,643.00 | X |
| 186 | The Breast Cancer Reesearch Fdn | 10-04315 | $ 60,000.00 | X |
| 187 | The Retreat | 10-04357 | $ 20,000.00 | X |
| 188 | Thomas Shimoji and Company, Ltd. | 10-04354 | $ 140,000.00 | X |
| 189 | Timmer, et al. | 10-04265 | $ 5,242,081.00 | |
| 190 | Ting | 10-04345 | $ 67,600.00 | X |
| 191 | Salmen, Tom | 10-04364 | $ 78,750.00 | X |
| 192 | Toshi Investments, Ltd. | 10-04378 | $ 640,000.00 | X |
| 194 | Traub | 10-04404 | $ 1,658,333.39 | |
| 195 | Trent Tucker Non-Profit Org | 10-04322 | $ 25,000.00 | X |
| 196 | Urban Ventures Leadership Fdn | 10-04324 | $ 11,000.00 | X |
| 197 | Vlahos, et al. | 10-04201 | $ 39,493,900.00 | |
| 198 | Volunteers of America in MN | 10-04321 | $ 57,500.00 | X |
| 199 | Waara | 10-04407 | $ 36,500.00 | X |
| 200 | Westford Special Situations Master Fund (Epsilon/Stevanovich) | 10-04396 | $ 3,203,439,988.09 | |
| 201 | Wishes and More | 10-04318 | $ 9,350.00 | X |
| 202 | Wright | 10-04385 | $ 363,775.00 | X |
| 203 | Zhang | 10-04402 | $ 38,000.00 | X |

# Exhibit B

## (Private Mediator List)

## (Forthcoming)

# Exhibit C

# (Financial Disclosure Form)

## A. PERSONAL INFORMATION

| 1. Name (Last, First, Middle) (include maiden name if applicable) | | | | 2. Social Security Number |
|---|---|---|---|---|

| 3. Street Address | | 4. City | 5. State | 6. Zip Code |
|---|---|---|---|---|

| 7. Date of Birth (MM/DD/YY) | 8. If married, Spouse's Full Name & Date | 8a. If divorced, Ex-spouse's Full Name & Date | 9. Home Telephone Number ( ) |
|---|---|---|---|

| 10. Employer or Business Name | 11. Work Telephone Number ( ) |
|---|---|

12. Minor children, dependents, and members of household

| Full Name (Last, First, Middle) | Relationship | Social Security Number | Date of Birth (MM/DD/YY) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Scope of Information Requested:** Requests for information about you include a request for the same information about your spouse (unless you are legally separated and living apart), minor children, and any other dependents. Use the attached schedule if additional space is needed for any information requested.

## B. INCOME/PAYMENTS RECEIVED

List all income or other payments received from any source in the last 6 years by you, or by any other person or entity if you have or had any right, power, or authority to control or enjoy the use of the money or property received by such other person or entity.

| Type | 2010 | 2009 | 2008 | 2007 | 2006 | 2005 | Source(s) |
|---|---|---|---|---|---|---|---|
| 1. Salary/Wages | | | | | | | |
| 2. Commissions, Advances, Bonuses, & Benefits | | | | | | | |
| 3. Severance Pay | | | | | | | |
| 4. Dividends | | | | | | | |
| 5. Interest | | | | | | | |
| 6. Distributions of Capital | | | | | | | |
| 7. Annuities, Pensions | | | | | | | |
| 8. Rents/Royalties | | | | | | | |
| 9. Sale of assets | | | | | | | |
| 10. Repayment of loans | | | | | | | |
| 11. Alimony/Child Support | | | | | | | |
| 12. Gifts over $1,000 | | | | | | | |
| 13. Other (itemize): | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL INCOME/RECEIPTS:** | | | | | | | |

## C. EXPENSES/DISBURSEMENTS

List all your expenditures or other disbursements during the past 12 months including, but not limited to, the items below.

| Type | Amount | Frequency/Date | Payee |
|---|---|---|---|
| 1. Mortgage/Rent | | | |
| 2. Food | | | |
| 3. Utilities | | | |
| 4. Payments on Loans | | | |
| 5. Real Estate Taxes | | | |
| 6. Insurance Premiums | | | |
| 7. Medical Expenses | | | |
| 8. Automobile Expenses | | | |
| 9. Alimony/Child Support | | | |
| 10. Income Taxes | | | |
| 11. Other Expenses (itemize): | | | |
| **TOTAL EXPENSES/DISBURSEMENTS:** | | | |

Use attached schedule if additional space is needed.

## D. GIFTS AND TRANSFERS

1. Identify the recipient and amount of all gifts made by you to any other persons or entities within the past 10 years.

| 2010 | 2009 | 2008 | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 |
|------|------|------|------|------|------|------|------|------|------|
|      |      |      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |      |      |

2. To the extent not included above, identify the recipient and amount all transfers of property of any type exceeding $2,000 in value per transfer (or $20,000 in total to a single recipient) made by you to any other persons or entities within the past 10 years for which less than fair value was received in exchange for the transfer.

| 2010 | 2009 | 2008 | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 |
|------|------|------|------|------|------|------|------|------|------|
|      |      |      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |      |      |

3. To the extent not included above, identify the recipient and amount all transfers of property of any type made by you to any relatives, family members (current or former, including any ex-spouses), friends, or significant others within the past 10 years.

| 2010 | 2009 | 2008 | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 |
|------|------|------|------|------|------|------|------|------|------|
|      |      |      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |      |      |
|      |      |      |      |      |      |      |      |      |      |

## E. ASSETS

List all assets owned now or during the past 10 years by you, directly or indirectly, and all assets that are or were subject to your enjoyment or control, regardless of whether legal title or ownership is held in your name.

| Type | Current Balance/Value | Description (Account Holder, Location, etc.) |
|------|-----------------------|----------------------------------------------|
| 1. Checking Accounts |  |  |
| 2. Savings Accounts |  |  |
| 3. Certificates of Deposit |  |  |
| 4. Listed securities (stocks, bonds) |  |  |
| 5. Unlisted Securities |  |  |
| 6. Mutual funds |  |  |
| 7. Commodity accounts |  |  |
| 8. Trusts |  |  |
| 9. Insurance policies (cash value) |  |  |
| 10. IRA, Keogh, 401(k), Annuity, Pension or Deferred Compensation Plan accounts |  |  |
| 11. Inheritances |  |  |
| 12. Partnership Interests (non-securities) |  |  |
| 13. Net value of ownership interest in businesses |  |  |
| 14. Profit-sharing plans |  |  |
| 15. Motor vehicles (make/model, year, license): |  |  |
|  |  |  |
| 16. Business/farm equipment |  |  |
| 17. Inventory assets |  |  |
| 18. Accounts receivable/claims |  |  |
| 19. Household goods, furnishings, appliances, & personal effects |  |  |
| 20. Jewelry |  |  |
| 21. Coins or stamp collections, art, rugs, silver, antiques, & other valuables |  |  |
| 22. Electronic equipment |  |  |
| 23. Firearms/guns |  |  |
| 24. Recreational vehicles, boats, ATVs, etc. |  |  |
| 25. Tools, machinery |  |  |
| 26. Residential real estate (description, address): |  |  |
|  |  |  |
|  |  |  |
| 27. Commercial real estate (description, address): |  |  |
|  |  |  |
|  |  |  |

Use attached schedule if additional space is needed.

| | | | |
|---|---|---|---|
| 28. Patents | | | |
| 29. Trademarks | | | |
| 30. Service marks | | | |
| 31. Royalty agreements | | | |
| 32. Licenses | | | |
| 33. Other general intangibles | | | |
| 34. Other assets not listed (itemize): | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL ASSETS:** | | | |

## F. LIABILITIES

List all liabilities including, but not limited to, the items below.

| Type | Amount Owed | Creditor | Description, terms, etc. |
|---|---|---|---|
| 1. Mortgages/home equity lines of credit | | | |
| 2. Auto loans | | | |
| 3. Credit card debt | | | |
| 4. Margin loans | | | |
| 5. Insurance policy loans | | | |
| 6. Installment loans | | | |
| 7. Accrued real estate taxes | | | |
| 8. Judgments/settlements owed | | | |
| 9. Contingent liabilities (lawsuits pending) | | | |
| 10. Tax liabilities (federal, state, local) | | | |
| 11. Other loans, notes, or accounts payable: | | | |
| | | | |
| | | | |
| **TOTAL LIABILITIES:** | | | |

## G. DOCUMENTS TO ATTACH

1. Attach all federal tax returns filed by you (including personal, trust, partnership, or business returns) for the year of the first transfer identified in the Complaint as received by you and all subsequent years.

2. Attach all federal gift tax returns filed by you (including personal, trust, partnership, or business returns) for the year of the first transfer identified in the Complaint as received by you and all subsequent years.

3. Attach all certifications or statements of financial position made by you during the past 6 years regarding your investments and holdings including, but not limited to, Accredited Investor Certifications and Beneficial Ownership Reports (SEC Schedule 13D).

4. Attach all financial statements or applications prepared or completed by you during the past 6 years for any purpose (e.g., a financial statement provided to a bank to secure a loan).

5. Attach all financial statements for any entities owned by you, in whole or in part, prepared for the year of the first transfer identified in the Complaint as received by you and all subsequent years.

6. Attach current business valuation estimates for any entities in which you now hold an ownership interest.

## H. DECLARATIONS AND SIGNATURE

I, _____, hereby declare under penalty of perjury that I have examined the information given in this statement and attached hereto and, to the best of my knowledge and belief, it is true, correct, and complete. I further declare that I have no assets, owned either directly or indirectly, or income of any nature other than as shown in, or attached to, this statement. I understand that any material misstatements or omissions made by me herein, or in any attachments hereto, may constitute criminal violations punishable under 18 U.S.C. § 152 or other statutes.

The statements herein and attached hereto represent my financial condition as of _____ (date).

_____    (signature)    _____    (date)

Sworn to me this _____ day of _____, 20___.

[Seal]

_____

Notary Public

My commission expires on _____ (date)

## Supplemental Schedule to Financial Disclosure Form

| Section/Item | Additional Information |
|---|---|
| Identify form section and item number to which additional information relates. | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under**<br>**Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| | Court Files No.'s: |
| (includes:<br>Petters Group Worldwide, LLC;<br>PC Funding, LLC;<br>Thousand Lakes, LLC;<br>SPF Funding, LLC;<br>PL Ltd., Inc.;<br>Edge One LLC;<br>MGC Finance, Inc.;<br>PAC Funding, LLC;<br>Palm Beach Finance Holdings, Inc.) | 08-45258 (GFK)<br>08-45326 (GFK)<br>08-45327 (GFK)<br>08-45328 (GFK)<br>08-45329 (GFK)<br>08-45330 (GFK)<br>08-45331 (GFK)<br>08-45371 (GFK)<br>08-45392 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

## CERTIFICATE OF SERVICE

Gretchen Luessenheide, of the City of New Hope, County of Hennepin, State of Minnesota, states that on December 10, 2010 she served the following documents:

1. Notice of Hearing and Motion for an Order Authorizing and Approving Case Management Procedures Governing Multiple Adversary Proceedings Arising Under 11 U.S.C. §§ 105, 502, 506, 510, 542, 544, 547, 548 and 550;
2. Memorandum of Law in Support of Motion for an Order Authorizing and Approving Case Management Procedures Governing Multiple Adversary Proceedings Arising Under 11 U.S.C. §§ 105, 502, 506, 510, 542, 544, 547, 548 and 550
3. Proposed Order Authorizing and Approving Case Management Procedures Governing Multiple Adversary Proceedings Arising Under 11 U.S.C. §§ 105, 502, 506, 510, 542, 544, 547, 548 and 550

upon

| Arrowhead Capital Management LLC<br>c/o James N. Fry<br>601 Carlson Parkway, Suite 1250<br>Minnetonka, MN 55305 | Rhone Holdings II, Ltd.<br>c/o Thomas K. Cauley, Bryan Krakauer,<br>Brian McAleenan<br>Sidley Austin LLP<br>1 South Dearborn<br>Chicago, IL 60603 |
|---|---|

| | |
|---|---|
| Elite Landings, LLC<br>2005 Cargo Road<br>Minneapolis, MN 55450 | Northwater Entities<br>c/o Matthew A. Feldman<br>Wilkie Farr & Gallagher, LLP<br>787 7th Avenue<br>New York, NY 10019 |
| Huron Consulting Group, Inc.<br>4795 Paysphere Circle<br>Chicago, IL 60674-4795 | Greenwich Insurance Company<br>c/o David M. Gische and Marcus B. Holladay<br>Troutman Sanders LLP<br>401 9th Street NW<br>Washington, DC 20004-1234 |
| Douglas A. Kelley<br>Kelley & Wolter PA<br>Centre Village Offices<br>431 South 7th Street, Suite 2530<br>Minneapolis, MN 55415 | Freestone Low Volatility Partners LP<br>c/o Mark R. Jacobs<br>Pryor Cashman LLP<br>410 Park Avenue<br>New York, NY 10022 |
| Neal Gerber & Eisenberg LLP<br>C/O Thomas C. Wolford<br>Two North LaSalle Street Suite 1700<br>Chicago, IL 60602 | Issa Moe<br>Moss and Barnett<br>4800 Wells Fargo Center<br>90 South 7th Street<br>Minneapolis, MN 55402 |
| Steven W. Thomas<br>Thomas Alexander & Forrester LLP<br>14 27th Avenue<br>Venice, CA 90291 | Petters Aviation LLC<br>2005 Cargo Road<br>Minneapolis, MN 55450 |
| Taunton Ventures LP<br>c/o Paul Taunton<br>9980 Deerbrook Drive<br>Chanhassen, MN 55317 | Randall L. Seaver<br>On behalf of Petters Capital, LLC<br>12400 Portland Avenue South<br>Suite 132<br>Burnsville, MN  55337 |
| Kevin J Short<br>150 S. 5th St. Ste 3260<br>Minneapolis, MN 55402 | |
| Deanne Anderson<br>562 Summerfield Drive<br>Chanhassen, MN 55317 | Kimberly B. Kozar<br>Hoff, Barry & Kozar, P.A.<br>775 Prairie Center Drive<br>160 Flagship Corporate Center<br>Eden Prairie, MN 55344 |
| Gloria C. Lewis<br>President/CEO<br>Big Brothers Big Sisters of the Greater Twin Cities<br>2550 University Ave<br>#410N<br>St. Paul, MN 55114 | Robert L. McCollum<br>McCollum, Crowley, Moschet & Miller, LTD<br>700 Wells Fargo Plaza<br>7900 Xerxes Ave S<br>Minneapolis, MN 55431 |

| | |
|---|---|
| Dennis W. Glick<br>President<br>B'nai B'rith International<br>2020 K. Street, NW<br>7th Floor<br>Washington, D.C. 20006 | Dove Carter<br>8429 Butler Greenwood Dr<br>Royal Palm Beach, FL 33411 |
| Robert Bushey<br>912 Dee Place<br>Spring Lake Park, MN 55432 | Cercle Sportif Fola Esch a/k/a Fola Esch<br>57 rue de l'Alzette<br>L-4011 Esch-sur-Alzette, Luxembourg |
| Elizabeth Perlich Sweeney<br>President<br>Children's Heartlink<br>5075 Arcadia Avenue<br>Minneapolis, MN 55436 | Kevin D. Hofman<br>Halleland Habicht PA<br>33 South Sixth Street, Suite 3900<br>Minneapolis, MN 55402 |
| Whitney Clayton<br>2886 Millicent Dr<br>Salt Lake City, UT 84108 | Jim Fennel<br>Crohn's & Colitis Foundation of America<br>1885 University Ave. W.<br>Suite 355<br>Minneapolis, MN 55104 |
| George Danko<br>1510 Green Trees Road<br>Wayzata, MN 55391 | Thomas B. Heffelfinger<br>Patrick B. Hennessy<br>Cynthia L. Hegarty<br>Best & Flanagan LLP<br>225 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402-4690 |
| Anastasia Dorsey<br>1123 Florida Ave West<br>Palm Beach, FL 33401 | Douglas R. Peterson<br>Leonard, Street and Deinard<br>The Graif Building<br>3 Civic Center Plaza<br>Suite 400<br>P.O. Box 967<br>Mankato, MN 56002 |
| William D. Dunlap<br>951 Spring Hill Road<br>Wayzata, MN 55391 | Thomas B. Heffelfinger<br>Patrick B. Hennessy<br>Cynthia L. Hegarty<br>Best & Flanagan LLP<br>225 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402-4690 |
| Patrick Engels<br>9481 Olympia Drive<br>Eden Prairie, MN 55347 | Joseph Anthony<br>Anthony, Ostlund, Baer & Louwagie, P.A.<br>90 South Seventh Street<br>Suite 3600<br>Minneapolis, MN 55402 |
| Scott Hardy<br>1654 Isabella Parkway<br>Chaska, MN 55318 | Rebecca Holzem<br>3407 East Lake Street<br>Long Lake, MN 55356 |

3

| | |
|---|---|
| Kimberly Honig<br>25 10th St. Apt. 5C<br>New York, NY 10003 | Bruce Miller<br>Pierce Atwood LLP<br>160 Federal St.<br>10th Floor<br>Boston, MA 02110 |
| Thomas Jay Salmen<br>404 Mississippi River Blvd So<br>St. Paul, MN 55105 | Jon McGaunn<br>11140 Narragansett Bay Court<br>Wellington, FL 33414 |
| Tammy Jerry<br>14220 46th Place N<br>Minneapolis, MN 55446 | Chad A Johnson<br>Hellmuth & Johnson, PLLC<br>10400 Viking Drive, Suite 500<br>Eden Prairie, MN 55344 |
| Arthur Joe<br>5716 Bluebird Ln<br>Minnetonka, MN 55345 | Douglas R. Peterson<br>Leonard, Street and Deinard<br>The Graif Building<br>3 Civic Center Plaza<br>Suite 400<br>P.O. Box 967<br>Mankato, MN 56002 |
| Daniel Lagermeier<br>9190 Victoria Drive<br>Eden Prairie, MN 55347 | Joseph Anthony<br>Anthony, Ostlund, Baer & Louwagie, P.A.<br>90 South Seventh Street<br>Suite 3600<br>Minneapolis, MN 55402 |
| Tom McKinney<br>Executive Director<br>Make-a-Wish Foundation of Minnesota<br>615 First Ave NE, #415<br>Minneapolis, MN 55413 | Daniel W. Boerigter<br>Yost & Baill, LLP<br>2050 U.S. Bank Plaza South<br>220 South Sixth Street<br>Minneapolis, MN 55402 |
| David Margolis<br>1031 Sumter Avenue North<br>Minneapolis, MN 55427 | Jeffrey M. Bruzek<br>Bruzek Law Office<br>265 West 7th Street, Suite 200<br>St. Paul, MN 55102 |
| Cheryl Mau<br>1210 Goldenrod Lane No<br>Plymouth, MN 55441 | Douglas R. Peterson<br>Leonard, Street and Deinard<br>The Graif Building<br>3 Civic Center Plaza<br>Suite 400<br>P.O. Box 967<br>Mankato, MN 56002 |
| Brett B. McKinney<br>5268 Greystone Way<br>Birmingham, AL 35242 | Joe L. Leak<br>Friedman, Leak, Dazzio, Zulanas & Bowling,<br>P.C.<br>3800 Corporate Woods Drive<br>Birmingham, AL 35242 |
| Richard Menczynski<br>5959 Eastwood Ave<br>Chicago, IL 60630-3104 | Scott Meyer<br>765 Hampden Ave Apt. 509<br>St. Paul, MN 55114-1672 |

4

| | |
|---|---|
| Andrea Miller<br>9096 Larkspur Lane<br>Eden Prairie, MN 55347 | David L. Mitchell<br>Robins, Kaplan, Miller & Ciresi, LLP<br>2800 LaSalle Plaza<br>800 LaSalle Ave<br>Minneapolis, MN 55402-2015 |
| Joshua M. Folelson<br>Minneapolis Jewish Federation<br>13100 Wayzata Blvd, Suite 200<br>Minnetonka, MN 55305 | Steven D. DeRuyter<br>Leonard, Street & Deinard<br>150 South Fifth Street, Suite 2300<br>Minneapolis, MN 55402 |
| Mitzi T. Gramling<br>Associate General Counsel<br>Minnesota Public Radio<br>480 Cedar Street<br>St. Paul, MN 55101 | Mollie O'Brien<br>2598 W 115th Dr<br>Westminster, CO 80234 |
| Shawn Monighan<br>3929 Garfield Ave<br>Minneapolis, MN 55409 | Gianfranco Palma<br>Via G Caccini 4<br>20124 Milano Italy |
| Stephen Barrett Morgan<br>1525 Millcreek Way<br>Salt Lake City, UT 84106 | Kevin Riedl<br>4718 Oak Cliff Drive<br>Eagan, MN 55122 |
| Mary Pernula<br>7576 Walnut Curve<br>Chanhassen, MN 55317 | David L. Mitchell<br>Robins, Kaplan, Miller & Ciresi, LLP<br>2800 LaSalle Plaza<br>800 LaSalle Ave<br>Minneapolis, MN 55402-2015 |
| Michael Phelps<br>1485 Pinetree Pass<br>Eagan, MN 55122 | William J. Fisher<br>Gray Plant Mooty<br>500 IDS Center<br>80 South 8th St.<br>Minneapolis, MN 55402 |
| Stephen R. Ratliff<br>19595 Waterford Place<br>Excelsior, MN 55331 | Joseph Anthony<br>Anthony, Ostlund, Baer & Louwagie, P.A.<br>90 South Seventh Street<br>Suite 3600<br>Minneapolis, MN 55402 |
| Stuart Romenesko<br>15452 Boulder Point Road<br>Eden Prairie, MN 55437 | Justin H. Perl<br>Amy Swedberg<br>Maslon, Edelman, Borman & Brand, LLP<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-4140 |
| Joseph Schmit<br>9319 Quinn Road<br>Bloomington, MN 55437 | Joseph Anthony<br>Anthony, Ostlund, Baer & Louwagie, P.A.<br>90 South Seventh Street<br>Suite 3600<br>Minneapolis, MN 55402 |

DOCS-#3371121-V1

| | |
|---|---|
| Colleen M. Sarenpa<br>4900 Saratoga Lane N<br>Minneapolis, MN 55442 | Curits D. Hutchens<br>Commander of A.L. Post 76<br>St. Cloud American Legion Post 76<br>Legion Fireworks<br>P.O. Box 1642<br>St. Cloud, MN 56302-1642 |
| Steven C. Ebbers<br>Senior Director, Legal<br>ALSAC/St. Jude Children's Research Hospital<br>262 Danny Thomas Place<br>Memphis, TN 38105 | Tamara Tesar<br>1345 Elsinore Circle<br>Medina, MN 55356 |
| Myra J. Biblowit<br>President<br>Breast Cancer Research Foundation<br>60 East 56th St.<br>8th Floor<br>New York, NY 10022 | Sherri L. Toub<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119 |
| John Curtiss<br>President<br>The Retreat<br>1221 Wayzata Blvd E<br>Wayzata, MN 55391 | Amy Bassitt Waara<br>3364 S. Texas Ave<br>St. Louis Park, MN 55426 |
| Thomas Ting<br>10042 Cove Drive<br>Minnetonka, MN 55305 | David Bradley Olsen<br>Henson & Efron, P.A.<br>220 South Sixth Street, Suite 1800<br>Minneapolis, MN 55402-4503 |
| Trent Tucker<br>President<br>433 River Street<br>Minneapolis, MN 55401 | Mark Thieroff<br>Siegel Brill Greupner Duffy & Foster, P.A.<br>1300 Washington Square<br>100 Washington Ave South<br>Minneapolis, MN 55401<br>612-337-6100 |
| Art Erickson<br>CEO<br>Urban Ventures<br>2924 4th Ave S<br>Minneapolis, MN 55408 | Dennis L. Monroe<br>Monroe, Moxness, Berg PA<br>8000 Norman Center Drive<br>Suite 1000<br>Minneapolis, MN 55437-1178 |
| Michael Weber<br>President/CEO<br>Volunteers of America in Minnesota<br>7625 Metro Blvd<br>Minneapolis, MN 55439 | Joseph W. Lawyer<br>Benjamin J. Court<br>Messerli & Kramer, P.A.<br>1400 Fifth Street Towers<br>100 South Fifth Street<br>Minneapolis, MN 55402 |
| Carol Bistodeau<br>Wishes & More<br>961 Hillwind Road<br>Fridley, MN 55432 | Jonathan C. Miesen<br>Stoel Rives LLP<br>33 South Sixth Street, Suite 4200<br>Minneapolis, MN 55402 |

6

| | |
|---|---|
| Xiaohau Zhang a/k/a Connie Zhang<br>17244 Acorn Rdg<br>Eden Prairie, MN 55347 | Acorn Capital Group, LLC<br>c/o Michael A. Rosow<br>Winthrop & Weinstine, Suite 3500<br>225 South Sixth Street<br>Minneapolis, MN  55402 |
| ACG II, LLC<br>c/o Corporation Service Company<br>(registered agent)<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | ACG II, LLC<br>c/o Corporation Service Company<br>(registered agent)<br>50 Weston Street<br>Hartford, CT 06120 |
| Putnam Green, LLC<br>c/o Corporation Service Company<br>(registered agent)<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | Putnam Green, LLC<br>c/o Corporation Service Company<br>(registered agent)<br>50 Weston Street<br>Hartford, CT 06120 |
| Stewardship Credit Arbitrage Fund, LLC<br>c/o Corporation Service Company<br>(registered agent)<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | Stewardship Credit Arbitrage Fund, LLC<br>c/o Corporation Service Company<br>(registered agent)<br>50 Weston Street<br>Hartford, CT 06120 |
| Actionwear International, S.L.<br>Marques de Cronella<br>08940 Cornella de Llobregat<br>Barcelona, Spain | Larry Chaij<br>c/o Harry Miller, Esq.<br>6918 Shallowford Road<br>Victorian Gardens Suite 100<br>Chattanooga, TN 37421 |
| Larry Chaij<br>1950 Waterbury Lane<br>Chattanooga, TN  37421 | Fred Johnson<br>10466 Larwin Avenue, #14<br>Chatsworth, CA 91311 |
| After the Second Millennium<br>c/o Roger Perlman<br>4925 Collins Avenue<br>Apt. 9J<br>Miami Beach, FL  33140-2740 | B. Shane Barnes<br>MEAGHER & GEER, P.L.L.P.<br>33 South Sixth Street, Suite 4400<br>Minneapolis, MN 55402 |
| Russell Allanson<br>4053 Quantico Lane<br>Plymouth, MN 55446 | Apriven Partners LP<br>(TX Limited Partnership)<br>W. Steven Young, Registered Agent<br>4084 Stanford Avenue<br>Dallas, TX  75225 |
| Michael Alper<br>7263 Fisher Island Drive<br>Miami, FL 33109 | Michael Alper<br>209 E. Lakeshore Drive<br>Unit 12E<br>Chicago, IL 60611 |
| David E. Camarotto<br>Bassford Remele<br>33 South Sixth Street, Suite 3800<br>Minneapolis, MN 55402-3707 | Michelle Alton (Vlahos)<br>905 Douglas Avenue<br>Minneapolis, MN  55403 |

7

| | |
|---|---|
| American Express Bank, FSB<br>4315 South 2700 West<br>Salt Lake City, UT  84184 | American Express Travel Related Services<br>Company, Inc.<br>200 Vesey Street<br>New York, NY 10285 |
| Michael J. Ford<br>Quinlivan & Huges, P.A.<br>PO Box 1008<br>St. Cloud, MN  56302-1008 | Tim Anding<br>1438 Riverside Ave<br>Sartell, MN 56377-2348 |
| Ark Royal Capital, LLC<br>616 South Voss, Suite 450<br>Houston, TX 77057 | Don Fogel<br>Snow Fogel Spence LLP<br>2929 Allen Parkway, Suite 4100<br>Houston, TX 77019 |
| Don Aron<br>d/b/a The Aron Companies<br>107 Stablewood Ct.<br>Houston, TX 77024-7046 | Ronald J. Sommers<br>Nathan Sommers Jacobs<br>2800 Post Oak Blvd, 61st Floor<br>Houston, TX 77056-6102 |
| Dan Aronovsky<br>108 Howard Dr<br>Belvedere Tiburon, CA 94920-1448 | |
| Arrowhead<br>Metro I, LLC f/k/a Metro Gem Capital, LLC<br>c/o James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Parkway<br>Suite 1250<br>Minnetonka, MN  55305 | Metro I, LLC<br>c/o Its Registered Agent<br>1220 North Market Street<br>Suite 804<br>Wilmington, DE 19801 |
| Metro I, LLC<br>c/o James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Parkway, Suite 1250<br>Minnetonka, MN 55305 | Metro I, LLC<br>c/o Bruce Recher<br>Henson & Efron, PA<br>220 S 6th St, Suite 1800<br>Minneapolis, MN 55402 |
| Metro I, LLC<br>c/o Registered Agents, Ltd<br>1220 North Market St, Suite 804<br>Wilmington, DE 19801 | James N. Fry<br>Arrowhead Capital Management Corp.<br>601 Carlson Pkwy, Suite 1250<br>Minnetonka, MN 55305 |
| Metro II, LLC<br>c/o Its Registered Agent<br>1209 Orange Street<br>Wilmington, DE  19801 | Metro II, LLC<br>c/o James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Parkway, Suite 1250<br>Minnetonka, MN 55305 |
| Metro II, LLC<br>c/o Bruce Recher<br>Henson & Efron, PA<br>220 S 6th St, Suite 1800<br>Minneapolis, MN  55402 | Metro II, LLC<br>c/o The Corporation Trust Company<br>1209 Orange St<br>Wilmington, DE 19801 |

DOCS-#3371121-V1

| | |
|---|---|
| Metro II, LLC<br>c/o James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Parkway, Suite 1250<br>Minnetonka, MN 55305 | Arrowhead Capital Management, LLC<br>c/o Its Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Arrowhead Capital Management, LLC<br>c/o James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Parkway, Suite 1250<br>Minnetonka, MN 55305 | Arrowhead Capital Management, LLC<br>c/o Bruce Recher<br>Henson & Efron, PA<br>220 S 6th St, Suite 1800<br>Minneapolis, MN 55402 |
| Arrowhead Capital Management, LLC<br>c/o The Company Corporation<br>2711 Centerville Rd, Suite 400<br>Wilmington, DC 19808 | Arrowhead Capital Management, LLC<br>c/o James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Parkway, Suite 1250<br>Minnetonka, MN 55305 |
| Arrowhead Capital Management Corp.<br>c/o Its Registered Agent<br>1220 N Market St, Suite 804<br>Wilmington, DE 19801 | Arrowhead Capital Management Corp.<br>c/o Registered Agents, Ltd.<br>1220 N Market St, Suite 804<br>Wilmington, DE 19801 |
| Arrowhead Capital Management Corp.<br>c/o James N. Fry<br>601 Carlson Pkwy, Suite 1250<br>Minnetonka, MN 55305 | Blue Point Management Ltd.<br>Thistle House<br>4 Burnaby Street<br>Hamilton, HM11 |
| Blue Point Management Ltd.<br>c/o Mello Jones & Martin<br>Thistle House<br>4 Burnaby St<br>Hamilton, HM11, Bermuda | Arrowhead Capital Partners II, LP<br>c/o Its Registered Agent<br>1209 Orange Street<br>Wilmington, DE 19801 |
| Arrowhead Capital Partners II, LP<br>c/o James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Pkwy, Suite 1250<br>Minnetonka, MN 55305 | Arrowhead Capital Partners II, LP<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington DE 19801 |
| Arrowhead Capital Corporation<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington DE 19801 | Arrowhead Capital Corporation<br>c/o James N. Fry<br>Arrowhead Capital Management Corp.<br>601 Carlson Pkwy, Suite 1250<br>Minnetonka, MN 55305 |
| Arrowhead Capital Finance, Ltd.<br>Liquidator: W. William Woods<br>175 Bloor St E<br>Suite 807, South Tower<br>Toronto, ON M4W 3RB | Arrowhead Capital Finance, Ltd.<br>Thistle House<br>4 Burnaby Street<br>Hamilton, HM11 |
| Arrowhead Capital Finance, Ltd.<br>c/o Mello Jones & Martin<br>Thistle House<br>4 Burnaby St<br>Hamilton, HM11, Bermuda | W William Woods<br>175 Bloor St E<br>Suite 807, South Tower<br>Toronto ON M4W 3RB<br>Canada |

9

| | |
|---|---|
| Elistone Fund<br>c/o Its Registered Agent<br>Windward I, 2nd Floor, Regatta Office Pk<br>West Way Rd, PO Box 31106 SMB<br>Grand Cayman,<br>Cayman Islands | Elistone Fund<br>c/o James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Pkwy, Suite 1250<br>Minnetonka, MN 55305 |
| Elistone Fund<br>c/o Citco Fund Services (Cayman Islands) Ltd.<br>Windward I, 2nd Fl, Regatta Office Park<br>West Way Rd<br>PO Box 31106 SMB<br>Grand Cayman | James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Pkwy, Suite 1250<br>Minnetonka, MN 55305 |
| James N. Fry<br>c/o Bruce Recher<br>Henson & Efron, PA<br>220 S 6th St, Suite 1800<br>Minneapolis, MN 55402 | James N. Fry<br>1075 Tonkawa Road<br>Long Lake, MN 55356 |
| Associated Bank<br>c/o Associated Banc-Corp<br>1200 Hansen Blvd.<br>Green Bay, WI 54304 | Douglas B. Altman<br>Altman & Izek<br>901 North 3rd Street<br>Suite 140<br>Minneapolis, MN 55401 |
| Bonnie O. Boland<br>Bridger Village Apartments<br>Apartment 203<br>2307 W. Main Street<br>Bozeman, MT 59718 | Steven B. Towbin<br>Shaw Gussis Fishman Glatz<br>Wolfson & Towbin LLC<br>321 N. Clark Street<br>Suite 800<br>Chicago, IL 60610 |
| Alex Boosalis<br>5712 Dewey Hill Rd<br>Minneapolis, MN 55439 | Alex Boosalis and Partners, Ltd<br>2 Townsend St. #1-801<br>San Francisco, CA 94107 |
| Gus Boosalis<br>P.O. Box 377<br>Belvedere Tiburon, CA 94920-0377 | Keri R. Bennett<br>Keri R. Cunningham Bennett Trust<br>69326 Highway 50<br>Montrose, CO 81401-9780 |
| John Boosalis<br>6006 Norman Rd<br>Lincoln, NE 68512-1922 | William Boosalis<br>5712 Dewey Hill Rd<br>Minneapolis, MN 55439-1803 |
| Boosalis Family Limited Partnership<br>c/o William Boosalis<br>5712 Dewey Hill Road<br>Edina, MN 55435 | Mark Braun<br>321 East Prairie Avenue<br>Wheaton, IL 60187 |
| Business Associates Leasing, Inc.<br>Mark Braun, President<br>855 West Golf Road<br>Schaumburg, IL 60194-1327 | C&C Capital, LLC<br>Summit Financial (Registered Agent)<br>827 S. Bridgway Pl, #110<br>Eagle, ID 83616 |
| Timothy Brennan<br>1115 Ridgeview Court<br>Fergus Falls, MN 56537-8400 | Rolf Nycklemoe<br>106 E. Washington Ave.<br>Fergus Falls, MN 56537-2853 |

DOCS-#3371121-V1

| | |
|---|---|
| Brax Capital Group, LLC<br>c/o Abraxas J. DiScala, CEO<br>9440 S. Santa Monica Boulevard<br>Suite 710<br>Beverly Hills, 90210 | Brax Capital Group, LLC<br>c/o Abraxas J. DiScala, CEO<br>Broadsmoore Financial Group LLP<br>711 5th Avenue, Suite 405<br>New York, NY 10022 |
| Michael F. Derksen<br>Morgan, Lewis & Bocklis LLP<br>77 West Wacker Drive<br>Chicago, IL  60601-5094 | Calibrax Capital Partners, LLC<br>c/o Vince Molinari<br>12 Wildwood Drive<br>Syosset, NY 11791-1217 |
| U.S. Trust<br>Errol Carlstrom, IRA<br>3500 8th Street South<br>Minneapolis, MN  55402 | Kevin Decker<br>Briggs & Morgan<br>2200 IDS Center<br>80 S. 8th Street<br>Minneapolis, MN  55402 |
| Joseph M. Caruso<br>1125 N.W. 9th Avenue<br>Unit 421<br>Portland, OR 97209 | Errol Carlstrom<br>3475 Ocean Blvd.<br>Apt. 408<br>Palm Beach, FL  33480 |
| Fred T. Johnson<br>10466 Larwin Ave #14<br>Chatsworth CA 91311 | Challenge Printing, Inc.<br>(MN Corp) dba Imagine! Print Solutions, Inc.<br>Robert J. Lothenbach, CEO<br>100 Valley Park Drive<br>Shakopee, MN  55379 |
| Alan I. Charap<br>2 Drakes Cove Road<br>Larkspur, CA  94939-1812 | Gail Evans Charap<br>2 Drakes Cove Road<br>Larkspur, CA  94939-1812 |
| Ronald & Grace Chin<br>410 Magee Ave<br>Mill Valley, CA 94941-4808 | Dr. Ernest Cholakis<br>2025 Corydon Avenue<br>Unit #120<br>Winnipeg, Manitoba, Canada R3M 0X5 |
| Ronald A. and Gloria J. Christenson<br>4925 Thomas Avenue<br>Minneapolis, MN  55410-1805 | Chuck and Harold's<br>294 Grove Lane, Ste. 113<br>Wayzata, MN  55391 |
| Circle F. Ventures, LLC<br>c/o Dan Cartwright, Registered Agent<br>8642 South Hazelton Lane<br>Tempe, AZ  85284-2585 | Dan Cartwright<br>8642 South Hazelton Lane<br>Tempe, AZ 85284-2585 |
| Dain K. Calvin<br>3001 E. Camelback Road, # 130<br>Phoenix, AZ 85016 | Robert B. Goldberg<br>3490 Piedmont Road, Suite 400<br>Atlanta, GA 30305 |
| LANCER<br>Chad Clifford<br>1365 Rock Court<br>San Marcos, CA 92078 | College of St. Benedict<br>c/o Stephen M. Mertz<br>2200 Wells Fargo Cener<br>90 South Seventh Street<br>Minneapolis, MN 55402 |
| Jay Cohen<br>898 Delores Street<br>San Francisco, CA 94110-2207 | B. Shane Barnes<br>MEAGHER & GEER, P.L.L.P.<br>33 South Sixth Street, Suite 4400<br>Minneapolis, MN 55402 |

DOCS-#3371121-V1

| | |
|---|---|
| Cohen Partnership<br>c/o Chief Executive Officer<br>7021 Ayrshire Lane<br>Boca Raton, FL 33946 | Phillip Cohen<br>11724 North Shorecliff Lane, #2W<br>Mequon, WI 53092 |
| Albert Collyard<br>5636 45th Street<br>Delano MN 55328 | |
| Kenneth and Thelma Colvin<br>20 Encina Court<br>Hillsborough, CA 94010 | Kimberlee Colvin<br>Kimberlee Colvin Keough Plan<br>32 Carmelita Ave<br>Mill Valley, CA 94941 |
| Larry Colvin<br>32 Carmelita Ave<br>Mill Valley, CA 94941 | Larry Colvin<br>Trustee for the Larry Colvin Keough Plan<br>32 Carmelita Ave<br>Mill Valley, CA 94941 |
| Crown Bank<br>6600 France Avenue South #125<br>Edina, MN 55435 | Joanne Cunningham<br>9202 E Red Lawrence Drive<br>Scottsdale, AZ 85262-5051 |
| Kenneth R. Cunningham<br>Kenneth R. Cunningham, Estate of<br>Kenneth R. Cunningham III Trust<br>9202 E Red Lawrence Drive<br>Scottsdale, AZ 85262-5051 | Kenneth R. Cunningham, Jr.<br>120 White Cedar Drive<br>Sedona, AZ 86351-7517 |
| Steven W. Cunningham<br>361 Zachary Drive<br>Prescott, AZ 86301-6575 | Irene Dallman<br>8500 Tessman Farm Road, #230<br>Minneapolis, MN 55445 |
| Theodore Deikel<br>c/o Ronald Haskvitz/Phil Cole<br>Lommen Abdo Cole King and Stageberg, P.A.<br>80 S. 8th Street, #2000<br>Minneapolis, MN 55402 | Ree Enterprises, Inc.<br>Brad Dennis<br>320 Due East Street<br>New Smyrna Beach, FL 32169 |
| Marie Diment<br>7448 Oak Hill Dr<br>Sylvania, OH 43560-1312 | Dean J. Dovolis<br>5009 Ridge Road<br>Minneapolis, MN 55436-1013 |
| Dunigan Fuels, Inc.<br>John A. Landers, President<br>434 Sammons Street<br>Abilene, TX 79605 | Rick Kelburn, Esq.<br>Moss & Barnett<br>4800 Wells Fargo Center<br>80 South Seventh Street<br>Minneapolis, MN 55402-4129 |
| Edgebrook, Inc.<br>Craig Oberlander<br>294 Grove Lane East<br>Suite 113<br>Wayzata, MN 55391 | Justin H. Perl, Esq.<br>Amy J. Swedberg, Esq.<br>Maslon Edelman Borman & Brand, LLP<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |

12

DOCS-#3371121-V1

| | |
|---|---|
| LANCER<br>EFO Holdings, L.P.<br>Scot W. O'Brien, Registered Agent<br>2001 Bryan Street, Suite 3900<br>Dallas, TX 75201 | Electric Motor Supply<br>Scott Bullock, CEO<br>4650 Main Street<br>Fridley, MN 55421 |
| John A. Morris, Esq.<br>Pachulski stang Ziehl and Jones<br>780 Third Avenue<br>36th Floor<br>New York, NY  10017-2024 | Westford Special Situations Master Fund, LP<br>Maples and Calder<br>PO Box 309, Ugland House<br>South Church St<br>Grand Cayman KY1-1104<br>Cayman Islands |
| Westford Global Asset Management, Ltd.<br>Maples and Calder<br>PO Box 309, Ugland House<br>South Church St<br>George Town<br>Grand Cayman KY1-1104<br>Cayman Islands | Westford Special Situations Fund, Ltd.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands |
| Westford Special Situations Fund LP<br>National Registered Agents<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 | Westford Asset Management, LLC<br>National Registered Agents<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Epsilon Global Master Fund LP<br>Maples and Calder<br>PO Box 309, Ugland House<br>South Church St<br>George Town<br>Grand Cayman KY1-1104<br>Cayman Islands | Epsilon Global Active Value Fund, Ltd<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands |
| Epsilon Global Active Value Fund I-B, Ltd.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands | Epsilon Global Active Value Fund, LP<br>National Registered Agents<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Epsilon Global Master Fund II, L.P.<br>a/k/a Epsilon Global Master Fund II, L.P.,<br>Subd. 1<br>Maples and Calder<br>PO Box 309, Ugland House<br>South Church Street<br>George Town<br>Grand Cayman KY1-1104<br>Cayman Islands | Epsilon Active Value Fund II, Ltd.<br>f/k/a Westford Investment Fund Ltd.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands |

| | |
|---|---|
| Epsilon **Global** Active Value Fund II, Ltd.<br>f/k/a Westford Investment Fund Ltd.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands | Epsilon Global Active Value Fund II-B, Ltd.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands |
| Epsilon Global Active Value Fund II-G, Ltd.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands | Epsilon Global Active Value Fund II, L.P.<br>National Registered Agents<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Epsilon Global Active Value fund II-B, L.P.<br>National Registered Agents<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 | Epsilon Global Active Value Fund II-G, L.P.<br>National Registered Agents<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Epsilon Global Asset Management, Ltd.<br>Maples and Calder<br>PO Box 309, Ugland House<br>South Church Street<br>George Town<br>Grand Cayman KY1-1104<br>Cayman Islands | Epsilon Investment Management, LLC<br>National Registered Agents<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Epsilon Global Master **Fund III** - Structured<br>Strategies, L.P.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands | Epsilon Global Master **Fund II** - Structured<br>Strategies, L.P.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands |
| Epsilon Global Master **Fund III** - Structured<br>Strategies, L.P.<br>c/o Steve Goran Stevanovich<br>7521 Isla Verde Way<br>Delray Beach, FL 33446 | Epsilon Global Active Value Fund III Ltd.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands |
| Epsilon Global Active Value Fund III Ltd.<br>c/o Steve Goran Stevanovich<br>7521 Isla Verde Way<br>Delray Beach, FL 33446 | Capital Strategies Fund Ltd.<br>HWR Services Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands |
| Stafford Towne, Ltd.<br>7280 W. Palmetto Park Road<br>Boca Raton, FL 33433 | Steve Goran Stevanovich<br>7521 Isla Verde Way<br>Delray Beach, FL 33446 |

14

| | |
|---|---|
| LANCER<br>Falcon Partners, Ltd<br>Centre Construction, Inc., Registered Agent<br>1623 Harvard<br>Houston, TX 77002 | LANCER<br>Fargo Petroleum, LLC f/k/a Davison<br>Petroleum Products, LLC<br>Steven K. Davison<br>194 Brookside<br>Choudrant, LA 71227 |
| Frank Faraone<br>Vanguard Fiduciary Trust Company<br>165 Canyon Pl<br>Napa, CA 94558-1264 | Craig Martin<br>Edwards Angell Palmer & Dodge LLP<br>919 North Market Street, Ste. 1500<br>Wilmington, DE 19801 |
| Erik A. Ahlgren,  Attorney<br>Suite 105 (East Entrance)<br>Wells Fargo Center<br>220 W. Washington Ave.<br>Fergus Falls, MN 56537 | Dan Feneis<br>7343 County Rd 138<br>St. Cloud, MN 56301-9437 |
| Patricia Feneis<br>706 5th Ave<br>Sartell, MN 56377 | Steve Feneis<br>615 7th St<br>Sartell, MN 56377-1517 |
| Hayden Fleming<br>42180 N 97th Way<br>Scottsdale, AZ 85262-4987 | Daniel Gelb<br>9617 Oak Ridge Tr<br>Minnetonka, MN  55305 |
| Food 4 Less<br>Archie R. Dykes (Director)<br>2102 W 116th Street<br>Leawood, KS  66211 | Roger G. Schwartz<br>Latham & Watkins LLP<br>855 Third Avenue<br>New York, NY 10022-4834 |
| Garden State Securities<br>c/o Kevin J. DeRosa, CEO<br>328 Newman Springs Road<br>Suite 3<br>Red Bank, NJ 07701-5685 | Garden State Securities, Inc.<br>c/o Duggan and Duggan, P.C. , Registered<br>Agent<br>15 Bechstein Drive<br>Aberdeen, NJ  07747 |
| General Electric Capital Corporation<br>901 Main Avenue<br>Norwalk, CT  06851 | Frances D. Hayes<br>3134 S Blackmountain Dr<br>Inverness, FL 34450-8802 |
| John Hagan<br>4770 Alberton Court #2602<br>Naples, FL 34105 | John Hagan<br>5225 Grandview Square, #104<br>Minneapolis, MN 55436 |
| William R. Skolnick<br>Skolnick & Shiff, P.A.<br>2100 Rand Tower<br>527 Marquette Avenue South<br>Minneapolis, MN 55402 | LANCER<br>Harbor Value Fund<br>Michael Smith<br>3 Trendland Cv<br>Sandy, UT 84092 |
| Peter Hauser<br>16913 Kings Ct<br>Lakeville, MN 55044-9180 | LANCER<br>Haven Retirement Fund, LP<br>c/o Ryan Relyea<br>Relyea Asset Management<br>350 N. 9th Street<br>Boise, ID 83702 |

DOCS-#3371121-V1

| | |
|---|---|
| LANCER<br>Haven Retirement Fund, LP<br>c/o Four Seasons Capital Management, LLC<br>General Partner<br>910 West Main Street, Suite 214<br>Boise, ID 83702 | LANCER<br>Haven Retirement Fund, LP<br>c/o Ryan Relyea<br>50 Lone Hollow<br>Sandy, UT 84092 |
| Thomas Hay<br>6 Badger Lane<br>St. Paul, MN 55127-6401 | Thomas Hay<br>12176 SE Birkdale RU<br>Tequesta FL 33469-1740 |
| High Plains Investment<br>Angela Chacon<br>700 Bitner Rd<br>Park City,UT 84098 | James E. Perschback<br>Bracewell & Giuliani<br>106 S St. Mary's Street,Suite 800<br>San Antonio, TX 78205-3603 |
| Diann Hillesland<br>5266 Spring Meadow Ln<br>Sylvania, OH 43560 | Larry Hopfenspriger<br>aka Larry Hallett, Larry C. Hopfenspirger, Jr.<br>2025 Nicollet Ave #203<br>Minneapolis, MN 55404-2552 |
| James Hodge<br>16323 N. 109th Way<br>Scottsdale, AZ 85255 | James Hodge<br>9606 E. Via Montoya<br>Scottsdale, AZ 85255 |
| CHW, LLC, HGH, Inc., Hofer Financial<br>Services, LLC, Hofer Financial Ventures,<br>LLC, Mikarhof, Inc., Imaging Solutions, Inc.,<br>ISMS Capital, LLC, Quality Growth, Inc.<br>c/o Michael Hofer<br>2829 University Dr. S.<br>Fargo, ND 58103 | Lowell P. Bottrell<br>Michael L. Gust<br>Anderson, Bottrell, Sanden & Thompson<br>4132 30th Avenue South, Suite 100<br>P.O. Box 10247<br>Fargo, ND 58106-0247 |
| Iconoculture<br>244 First Avenue North, Suite 200<br>Minneapolis, MN 55401 | Insight Partners<br>c/o Managing Director<br>47 Winter Street<br>8th Floor<br>Boston, MA 02108-4774 |
| Idlewild Properties, LLC<br>(formerly Redstone Properties, LLC)<br>Craig Oberlander, Manager<br>294 Grove Lane #113<br>Wayzata, MN 55391 | Amy J. Swedberg, Esq.<br>Justin H. Perl, Esq.<br>Maslon Edelman Borman & Brand, LLP<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |
| Investco Holding, LLC<br>David Schmitt<br>7605 Rymoor Court<br>Sylvania, OH 43560 | George Isaac<br>George Isaac III Revocable Trust dated 6/16/95<br>P.O. Box 50009<br>Santa Barbara, CA 93105 |
| Lynn A. Isaac<br>Lynn Isaac Revocable Trust dated 09/28/94<br>715 E. Perry Street<br>Bryan, OH 43506-22243 | Jesse James Properties, LLC<br>David Schmitt, Registered Agent<br>7605 Rymoor Court<br>Sylvania, OH 43560 |

16

| | |
|---|---|
| Brian Johnson & Mary Ray Joseph<br>645 Crystal Lake Road<br>Burnsville, MN 55306-5175 | William M. Topka<br>Robert B. Bauer<br>Severson, Sheldon, Dougherty & Molenda,<br>P.A.<br>7300 West 147th Street, Suite 600<br>Apple Valley, Minnesota 55124 |
| Fred Johnson<br>10466 Larwin Avenue<br>#14<br>Chatsworth, CA  91311 | Kenneth (Ken) H. Johnson<br>29242 N. 101st Street<br>Scottsdale, AZ  85262-4584 |
| Larry Alister Johnson<br>4127 Red Oak Ridge<br>Minnetonka, MN 55345 | Larry Allister Johnson<br>22975 Forest Ridge Drive<br>Estero, FL 33928-4378 |
| Anna Joseph<br>29 Mast Street<br>Marina del Ray, CA 90292-4903 | William M. Topka<br>Robert B. Bauer<br>SEVERSON, SHELDON, DOUGHERTY<br>& MOLENDA, P.A.<br>7300 West 147th Street, Suite 600<br>Apple Valley, Minnesota 55124 |
| Galen Kabe<br>13652 287th Street<br>St. Joseph, MN 56374-9653 | F. William Kastor<br>42684 Capri Drive<br>Bermuda Dunes, CA 92203-8057 |
| Chris M. Kanios, M.D.<br>Vanguard Health Ventures, Inc. 401(k)<br>Savings<br>Plan P/I/A, Chris M. Kanios, M.D.,<br>65T164238<br>660 Beaver Creek Circle<br>Suite 200<br>Maumee, OH  43537 | Buzz Roberts, Esq.<br>Shumaker, Loop & Kendrick, LLP<br>2001 South Main Street<br>Unit 206-A<br>Blacksburg, Virginia 24060 |
| Patrick Kenney<br>7859 Brint Road<br>Sylvania, OH  43560-9721 | Marcellus P. Knoblach<br>3201 14th Street<br>St. Cloud MN 56303-1609 |
| Gary and Carol Kerbel<br>1325 Alvarado Rd<br>Berkely, CA 94705-1543 | Ben Hamburg<br>Hamburg Law Corporation<br>2625 Alcatraz Avenue, #500<br>Berkeley, CA 94705 |
| John Kubinski<br>United Performing Association<br>John T. Kubinski<br>4211 Woodland Tr.<br>Minneapolis, MN 55422-4281 | John Kubinski<br>4801 Island Pont Ct., Apt. 801<br>Bonita Springs, FL  34134 |
| Matthew P. Kostolnik<br>MOSS & BARNETT<br>A Professional Association<br>4800 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-4129 | Haven Retirement Fund<br>c/o Ryan Relyea<br>Relyea Asset Management<br>350 N. 9th Street<br>Boise, ID 83702 |

17

| | |
|---|---|
| Larry Kuperus<br>8242 125th Ave<br>Milaca, MN 56353-4418 | Michael L. Brutlag<br>Matthew R. Doherty<br>3555 Plymouth Boulevard, Suite 117<br>Minneapolis, MN 55447 |
| Royce Kyriakides<br>12431 54th Avenue<br>Minneapolis, MN 55442-1876 | Justin H. Perl, Esq.<br>Amy J. Swedberg, Esq.<br>Maslon Edelman Borman & Brand, LLP<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |
| Louis Taylor, Tribal Chairman<br>Lac Courte Oreilles Ojibwe School<br>8575 N Round Lake School Road<br>Hayward, WI 54843 | Paul Shagain, Esq. - Tribal Attorney<br>Lac Courte Oreilles Ojibwe School<br>8575 N Round Lake School Road<br>Hayward, WI 54843 |
| Michael Smith<br>3 Trendland Cv<br>Sandy, UT 84092 | Harbor Value Fund<br>c/o Michael Smith<br>3 Trendland Cv<br>Sandy, UT 84092 |
| Chad Clifford<br>1365 Rock Court<br>San Marcos, CA 92078 | Haven Retirement Fund<br>c/o Four Seasons Capital Management, LLC<br>General Partner<br>910 West Main Street, Suite 214<br>Boise, ID 83702 |
| Haven Retirement Fund<br>910 West Main Street, Suite 214<br>Boise, ID | Haven Retirement Fund<br>c/o Ryan Relyea<br>50 Lone Hollow<br>Sandy, UT 84092 |
| Lancer Partners, Ltd.<br>c/o Jack W. Young, Registered Agent<br>5001 Spring Valley Road, Suite 290W<br>Dallas, TX 75244-8246 | Lancer Partners, Ltd.<br>c/o Jack W. Young, Registered Agent<br>5909 Luther Lane, #900<br>Dallas, TX 75225 |
| Larsen Agribusiness (MT Corp)<br>Kevin Larsen, Director<br>PO Box 76<br>Reserve, MT 59258 | Kim Larsen, Pres of Larsen Agribusiness<br>Box 237<br>Rice, MN 56387 |
| Michael J. Ford<br>QUINLIVAN & HUGHES, P.A.<br>PO Box 1008<br>St. Cloud, MN 56302-1008 | Leonard (Lenny) Lewicki<br>7205 Green Valley Rd<br>Minneapolis, MN 55427-4107 |
| M&I Marshall and Ilsley Bank<br>651 Nicollet Mall<br>Minneapolis, MN 55402 | Brian McCarthy<br>3618 King Road<br>Toledo, OH 43617-1404 |
| Joseph Mansour<br>PO Box 160834<br>Austin, TX 78716-0834 | Joseph Mansour<br>135 Birnam Wood Court<br>Austin, TX 78746 |
| Samuel Mansour<br>1756 Pecan Grove Drive<br>Tupelo, MS 38801 | Philip Mansour Jr.<br>PO Box 1406<br>Greenville, MS 38702-1406 |

18

| | |
|---|---|
| LANCER<br>McCord Christensen Holdings, LLC<br>The Corporation Trust Company of Nevada<br>311 S. Division Street<br>Carson City, NV 89703 | McCord Christensen<br>1625 E. Highgate Ct<br>Eagle, ID  83616 |
| Larry McGough<br>6181 Eagle Lake Drive<br>Maple Grove, MN  55369-6221 | Northwestern Foundation<br>c/o Kirby Stoll, Manager<br>3003 Snelling Ave N<br>Roseville, MN  55113 |
| Metro Gem, Inc.<br>c/o Frank E. Vennes, Jr.<br>220 Moccasin Trail North<br>Jupiter, FL 33458 | Metro Gem, Inc.<br>c/o James L. Volling Esq<br>Faegre & Benson<br>2200 Wells Fargo Center<br>90 South 7th St<br>Minneapolis MN 55402-3901 |
| Metro Gem, LLC<br>c/o Frank E. Vennes, Jr<br>220 Moccasin Trail North<br>Jupiter, FL 33458 | Metro Gem, LLC<br>c/o James L. Volling Esq<br>Faegre & Benson<br>2200 Wells Fargo Center<br>90 S 7th St<br>Minneapolis MN 55402-3901 |
| Frank E. Vennes, Jr.<br>c/o James L. Volling Esq<br>Faegre & Benson<br>2200 Wells Fargo Center<br>90 S 7th St<br>Minneapolis, MN  55402-3901 | Frank E. Vennes, Jr.<br>c/o Gary Hansen Esq<br>Oppenheimer Wolff & Donnelly LLP<br>Plaza VII, Suite 3300<br>45 S 7th St<br>Minneapolis, MN  55402-1609 |
| Frank E. Vennes, Jr.<br>220 Moccasin Trail North<br>Jupiter, FL  33458 | Northwestern Foundation<br>c/o David Danielson Esq<br>3003 Snelling Ave N<br>Roseville, MN 55113 |
| F. Peter Mignin<br>855 W. Golf Road<br>Schaumburg, IL  60194-1327 | Miller Companies<br>James Miller, CEO<br>3335 W St. Germain Street, Box 1228<br>St. Cloud, MN 56302-1220 |
| Alan Miller<br>A.M. Aero, Inc.<br>639 Bushaway Rd<br>Wayzata, MN 55391 | Joseph S. Friedberg, Esq.<br>Joseph S. Friedberg Chartered<br>Suite 300 701 Building<br>701 Fourth Avenue South<br>Minneapolis, MN  55415 |
| Ronald S. Musich<br>PLT & Associates<br>Pit & Associates<br>PO Box 317<br>Spring Park, MN 55348-0317 | Jerry A. Nelson<br>49522 Blybergs Road<br>Pelican Rapids, MN 56572-7160 |

19

| | |
|---|---|
| North Central Food Systems, Inc.<br>Bill Boosalis<br>380 Jackson Street #700<br>St. Paul, MN 55101 | North Central Food Systems, Inc.<br>c/o Prentice Hall Corp.<br>Mohammad Iqbal, CEO<br>18300 Von Karman #720<br>Irvine, CA 92612 |
| Daniel R. Olson<br>Olson Trading, Inc. (MT Corp)<br>4 Harvest Road<br>PO Box 165<br>Medicine Lake, MT 59247 | Daniel R. Olson<br>Olson Trading, Inc. (MT Corp)<br>313 Sheridan Street, Apt. 3<br>Plentywood, MT 59254 |
| Joseph Petrosinelli, Esq.<br>Jonathan M. Landy, Esq.<br>Jeffrey D. Bailey, Esq.<br>Williams & Connolly LLP<br>725 Twelfth Street N.W.<br>Washington, DC 20005 | John R. McDonald<br>Kari Berman<br>Matthew D. Forsgren<br>BRIGGS AND MORGAN, P.A.<br>2200 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 |
| Joseph Petrosinelli, Esq.<br>Jonathan M. Landy, Esq.<br>Jeffrey D. Bailey, Esq.<br>Williams & Connolly LLP<br>725 Twelfth Street N.W.<br>Washington, DC 20005 | Opportunity Finance, LLC<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 |
| Opportunity Finance Securitization III, LLC<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | International Investment Opportunities, LLC<br>c/o Robert W. Sabes<br>3277 Elk Clover Street<br>Las Vegas, NV 89135-1821 |
| Sabes Family Foundation<br>222 South Sixth Street<br>Suite 1200<br>Minneapolis, MN 55402 | Sabes Minnesota Limited Partnership<br>c/o CT Corporation System<br>1201 Peachtree Street, NE<br>Atlanta, GA 30361 |
| Robert W. Sabes<br>6655 West Sahara Avenue<br>Suite B200<br>Las Vegas, NV 89146-2832 | Janet F. Sabes<br>6655 West Sahara Avenue<br>Suite B200<br>Las Vegas, NV 89146-2832 |
| Jon R. Sabes<br>175 Westwood Lane<br>Wayzata, MN 55391-1532 | Steven Sabes<br>480 Peavey Road<br>Wayzata, MN 55391 |
| West Landesbank AG<br>250 Greenwich St<br>50th Floor<br>New York, NY 10007-2111 | The Minneapolis Foundation<br>c/o Sandra L. Vargas, President & CEO<br>800 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 |
| West Landesbank AG<br>c/o Sonja Kardorf, Branch Head<br>250 Greenwich Street<br>Floor 50<br>New York, NY 10007-2111 | West Landesbank AG<br>c/o Tom McCaffery, Branch Head<br>250 Greenwich Street<br>Floor 50<br>New York, NY 10007-2111 |

| | |
|---|---|
| Deutsche Zentralgenossenschaftbank AG<br>DG Bank Building<br>609 Fifth Avenue<br>New York, NY  10017-1021 | West Landesbank AG<br>c/o Michael Frank, Branch Head<br>250 Greenwich Street<br>Floor 50<br>New York, NY 10007-2111 |
| Deutsche Zentralgenossenschaftbank AG<br>Dr. Florian Strassberger, Gen Mgr<br>DG Bank Building<br>609 Fifth Avenue<br>New York, NY 10017-1021 | John R. McDonald<br>Kari S. Berman<br>BRIGGS AND MORGAN, P.A.<br>2200 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 |
| Overstock.com (DE Corp)<br>c/o Jonathan E. Johnson, III<br>6350 S 3000 E #100<br>Salt Lake City, UT  84121 | LANCER<br>Susan Cowden Raybourn<br>3019 Purdue Ave.<br>Dallas, TX 75225 |
| Steve Papadimos<br>7546 Rymoor Court<br>Sylvania, OH  43560-1889 | H. Buswell "Buzz" Roberts, Esq.<br>Shumaker, Loop & Kendrick, LLP<br>2001 South Main Street<br>Unit 206-A<br>Blacksburg, Virginia 24060 |
| Daniel Gelb<br>Plaza I Inc.<br>9617 Oak Ridge Tr<br>Minnetonka, MN  55305 | Joseph W. Dicker<br>Suite 209<br>1406 West Lake St.<br>Mpls., MN  55408 |
| Julian "Jim" Potts<br>425 E. MacEwen Drive<br>Osprey FL 34229-0725 | DEP Marketing, LLC<br>c/o Diane Potts<br>425 E. MacEwen Drive<br>Osprey, FL  34229-0725 |
| Redstone American Grill, Inc.<br>Attn:  Craig Oberlander<br>294 Grove Lane East, Suite 113<br>Wayzata, MN  55391-1682 | Justin H. Perl, Esq.<br>Amy J. Swedberg, Esq.<br>Maslon Edelman Borman & Brand, LLP<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN  55402 |
| Redstone Limited Partnership<br>c/o Dean Vlahos/Craig Oberlander<br>294 Grove Lane East, Suite 113<br>Wayzata, MN  55391-1682 | Justin H. Perl, Esq.<br>Amy J. Swedberg, Esq.<br>Maslon Edelman Borman & Brand, LLP<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN  55402 |
| Ritchie<br>Rhone Holdings II, LTD<br>c/o James M. Jorissen, Esq.<br>Leonard, O'Brien, Spender , Gale & Sayre,<br>Ltd.<br>100 South Fifth Street, Suite 2500<br>Minneapolis, MN  55402 | TLP Services, LLC<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801 |

DOCS-#3371121-V1

| | |
|---|---|
| Vicis Capital Master Fund, Ltd.<br>c/o Vicis Capital, LLC<br>445 Park Avenue, Suite 1901<br>New York, NY 10022 | Pali Capital, Inc.<br>P. O. Box 1768<br>New York, NY 10150-1768 |
| LANCER<br>J. Richard Rock<br>1770 Phantom Avenue<br>San Jose, CA 95125 | Catherine Romano<br>1925 Powhatan Street<br>Falls Church, VA  22043-1832 |
| Julie Ruggieri<br>11056 Caminito Dulce<br>San Diego, CA 92131 | Richard A. & Lynette F. Scherber<br>7810 Mississippi Lane<br>Minneapolis, MN  55444-2152 |
| David Schmitt<br>7605 Rymoor Court<br>Sylvnia, OH  43560 | Donata Sedesky<br>7545 W 110th Street<br>Minneapolis, MN 55438-2377 |
| Hans Schopper<br>P.O. Box CB 11742<br>Chelsea Place<br>Nassau Bahamas | Slava Slobodyanuk<br>6010 Jonquil Lane<br>Minneapolis, MN 55442-1240 |
| Thomas Shimoji & Company<br>c/o Joyce Shimoji<br>495 Kensington Street<br>Winnipeg, Manitoba, R3J 1J8<br>Canada | Thomas Shimoji and Company, Ltd.<br>c/o Thompson Dorfman Sweatman LLP<br>2200-201 Portage Avenue<br>Winnipeg, Manitoba R3B 3L3<br>Canada |
| Yeugenya Slobodyanuk<br>(Jane Slobodyanuk)<br>7205 Green Valley Rd<br>Minneapolis, MN 55427-4107 | LANCER<br>Michael Smith<br>3 Trendland Cv<br>Sandy, UT 84092 |
| Southwest Aviation, Inc.<br>Peter Johnson<br>Raymond Johnson<br>Marlys Johnson<br>1650 West College Drive, Suite 100<br>Marshall, MN 56258 | Jeanine L. Johnson<br>Meyer & Njus, P.A.<br>1100 U.S. Bank Plaza<br>200 South Sixth Street<br>Minneapolis, MN 55402 |
| Peter Johnson<br>311 Acorn Court<br>Lynd, MN 56157 | Clair R. Gerry<br>Gerry & Kulm Ask, Prof. LLC<br>507 W. 10th Street<br>PO Box 966<br>Sioux Falls, SD 57101-0966 |
| Raymond & Marlys Johnson<br>2569 River Road<br>Marshall, MN 56258 | Sun Harvest, LLC<br>Paul A. Gilman, Registered Agent<br>1 IBM Plaza, Ste 3000<br>Chicago, IL 60606 |
| Paul Svigos<br>57 S. Stone Gate<br>Lake Forest, IL  60045 | SXD Corporation<br>c/o John Hupp<br>7300 Metro Boulevard, #550<br>Edina, MN 55439 |

| | |
|---|---|
| Taunton Ventures, LLC<br>Star Holding Company, LLC<br>Paul Taunton<br>9980 Deerbrook Drive<br>Chanhassen, MN 55317 | Chad A. Johnson<br>Hellmuth & Johnson PLLC<br>10400 Viking Drive, Suite 500<br>Eden Prairie, MN 55344 |
| Superior Holdings Company<br>Attn: Peter Taunton<br>4840 Palmer Point Rd<br>Excelsior, MN 55331-9376 | Michael Fisco<br>Faegre & Benson<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402-3901 |
| Wendell Timmer<br>Wendell Timmer IRA<br>4995 NE River Road<br>Sauk Rapids, MN 56379-9303 | Michael J. Ford<br>Quinlivan & Hughes, P.A.<br>Wells Fargo Center<br>400 South First Street, Suite 600<br>St. Cloud, MN 56301 |
| Thomas E. Jamison<br>Douglas L. Elsass<br>Fruth, Jamison & Elsass<br>3902 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402 | True North Funding, LLC<br>Ryan Relyea, Registered Agent<br>7659 S 700 W<br>Midvale, UT 84047 |
| Toshi Investments, Ltd<br>Suite 1003-99 Wellington Crescent<br>Winnipeg, Manitoba, Canada R3M OA2 | LANCER<br>D. Truitt & Lorna Davis Charitable Trust<br>D. Truitt Davis<br>4116 Concord Court<br>Abilene, TX 79603 |
| Dean and Michelle Vlahos<br>11544 W. Wayzata Blvd.<br>Minnetonka, MN 55305 | Michael Meyer<br>Ravich Meyer Kirkman McGrath & Naumann<br>4545 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402 |
| David G. Hellmuth<br>Hellmuth& Johnson PLLC<br>10400 Viking Drive, Suite 500<br>Eden Prairie, MN 55334 | Nancy A. Wright<br>10633 Brunswick Way<br>Bloomington, MN 55438-1806 |
| Lancer Partners, Ltd.<br>c/o Jack W. Young, Registered Agent<br>5001 Spring Valley Road, Suite 290W<br>Dallas, TX 75244-8246 | Jack W. Young<br>5909 Luther Lane, #900<br>Dallas, TX 75225 |

via U.S. Mail to the addresses listed above and electronically by Notice of Electronic Filing upon all parties who have requested service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota.

　　　　　　　　　　/e/ Gretchen Luessenheide
　　　　　　　　　Gretchen Luessenheide

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| (includes: | Court Files Nos.: |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

## ORDER AUTHORIZING AND APPROVING CASE MANAGEMENT PROCEDURES GOVERNING MULTIPLE ADVERSARY PROCEEDINGS ARISING UNDER 11 U.S.C. §§ 105, 502, 506, 510, 542, 544, 547, 548 AND 550

The matter came on for hearing before the Court on January 18, 2011 on the Motion of Douglas A. Kelly, the duly-appointed Chapter 11 Trustee (the "Trustee") of the above-captioned debtors (the "Debtors") for an Order Authorizing and Approving Case Management Procedures Governing Multiple Adversary Proceedings Arising Under 11 U.S.C. §§ 105, 502, 506, 510, 542, 544, 547, 548 and 550 (the "Procedures Motion"). Appearances were as noted on the record. Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Procedures Motion. The Court, having reviewed and considered the Procedures Motion and the objections delivered to the Court in connection with the hearing on the Procedures Motion, if any, and having determined that due, proper, timely adequate and sufficient notice and

opportunity to be heard with respect to the Procedures Motion and all of the relief requested

therein has been afforded to interested parties and that no further notice be given, finds that relief

requested in the Procedures Motion is necessary, appropriate and in the best interests of the

Petters Estates, creditors and other interested parties.   Based on the arguments of counsel,

moving documents and the record made at the hearing, and the Court's findings of fact and

conclusions of law, if any, having been recorded in open court following the close of evidence,

IT IS HEREBY FOUND, DETERMINED AND ORDERED THAT:

1.       The relief requested in the Procedures Motion is GRANTED;

2.       The Procedures governing all parties to the Adversary Proceedings identified on

Exhibit A to the Procedures Motion are as follows:

A.       **Applicability of the Procedures and the Procedures Order:**

(i)       *General Applicability.*   The Procedures and the Procedures Order shall
apply to all of the Adversary Proceedings, except as otherwise provided
herein.

(ii)      *Later-Served Defendants.*   In the event that the Trustee serves a defendant
in an Adversary Proceeding with a summons and a complaint less than
fourteen (14) days prior to the hearing on the Motion seeking the entry of
the Procedures Order or at any time after the entry of the Procedures Order
(such defendant being referred to herein as the "Later-Served Defendant"),
such Later-Served Defendant may object to being subject to the provisions
of the Procedures by filing and serving a written objection within fourteen
(14) days from the date the Procedures Motion or the Procedures Order, as
the case may be, is served upon such Later-Served Defendant.   Upon
receipt of a timely objection, the Court shall hear such objection at a
regularly scheduled Omnibus Hearing Date (as defined below) and
determine whether and to what extent the Procedures Order shall apply to
such defendant.

B.       **Extension of Rule 7004(m) Period:**

(i)       *Extension of Service Deadlines for the Summons and Complaint.*   The
120-day time period provided in Rule 7004(m) of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules") for the Trustee to serve
the summons and complaint in the Adversary Proceedings on all
defendants is and shall be extended by 120 days.   The extension is without

prejudice to the Trustee to seek further extensions of time for cause shown.

**C.**   **Answer Deadline and Extensions**:

(i)   *Answer Deadline*.   Pursuant to the Court's Scheduling Order dated September 22, 2010, unless otherwise extended as hereinafter provided, the defendants in the Pending Adversary Proceedings shall file an answer or other responsive pleading to the complaints filed by the Trustee in connection with the Pending Adversary Proceedings the later of (a) ***January 28, 2011***, or (b) the answer date specified in the summons served on a particular defendant.

(ii)   *Extensions*.   The Trustee shall have the authority to extend the time to file an answer to a complaint or other responsive pleading filed in connection with the Adversary Proceedings.   The parties shall be permitted to enter into informal, written extension agreements or stipulations to extend the time to respond to the complaint in an Adversary Proceeding without the necessity of filing those agreements or stipulations with the Court.

**D.**   **Mediation**:

(i)   *Thresholds*.   All of the Adversary Proceedings in which (a) the Trustee seeks an aggregate monetary recovery of $1,000,000 or less, or (b) the parties otherwise agree in writing to submit to mediation, shall be referred to mandatory mediation (collectively, the "Mediation Cases").

(ii)   *Location*.   Since the Adversary Proceedings are proceedings before this Court, Minnesota is the proper forum for mediation.

(iii)   *Mediators*.   The mediations shall be conducted by bankruptcy judges designated by the Court unless the defendant(s) in the Pending Adversary Proceeding (a) agree(s) to pay the fees and costs of a private mediator identified in accordance with this provision, and (b) by no later than ***February 18, 2011***, notify(s) counsel for the Trustee in writing of its election to proceed with private mediation and identifies a private mediator from the list of proposed mediators submitted in connection with the Procedures Motion as Exhibit B (the "Private Mediator List").   By mutual agreement, the Trustee and the defendant may select a mediator not on the Private Mediator List.

(iv)   *Mediation Request Notice*.   The Trustee shall file a "Notice of Mediation and Request for Referral" (the "Mediation Request Notice") in each Adversary Proceeding designated by the Trustee as a Mediation Case where the defendant does not elect to proceed with private mediation in accordance with the provisions of the previous paragraph of this Section D, requesting the Court to promptly refer the Mediation Case to another bankruptcy judge to serve as mediator; provided, however, that (a) the

Mediation Request Notice shall not be filed by the Trustee before **February 18, 2011**, and (b) unless the parties agree otherwise, the Mediation Request Notice shall not be filed by the Trustee with respect to a defendant in any Mediation Case where such defendant has brought a Motion to Dismiss (as defined below) until after the Court issues its ruling in connection with such motion.

(v)   *Scheduling*.  The Trustee, working with the mediator's calendar clerk or office, will commence scheduling mediations based upon the availability of the mediator and the parties shall cooperate with each other regarding the scheduling of mediations.

(vi)  *Required Disclosures*.  Within the later of sixty (60) days of (a) the filing of an answer or other responsive pleading to the complaint, or (b) the entry of the Procedures Order (the latter of such date being referred to herein as the "Required Disclosure Date"), the parties in the Mediation Cases shall, unless otherwise agreed, deliver to the other parties the following required disclosures (the "Required Disclosures"):  (1) copies of all agreements by, between and/or among any of the Debtors and/or Thomas Petters and the defendant(s);  (2) copies of all correspondence, including electronic communications, by, between and/or among the Debtors, Thomas J. Petters, and/or the Co-conspirators and the defendant(s); and (3) copies of all documents reflecting investment/loan payment information relating to the transfers and transactions that are the subject to the Adversary Proceeding, including bank statements, cancelled checks, wire information, tax returns, investment account statements, including any analyses of such investment/loan and payment information.  In the case of any defendant asserting or intending to assert an inability to pay or satisfy a judgment, in whole or in part, or other particularized financial hardship in connection with his, her or its position in the Mediation, the Required Disclosures delivered by such party on the Required Disclosure Date shall also include a requirement to complete and provide the information set forth in the Financial Disclosure Form attached to the Procedures Motion as Exhibit C (the "Financial Disclosure Form"), the particularities of which Financial Disclosure Form the Trustee shall treat as confidential. The Trustee shall be authorized to enter into a confidentiality agreement with a defendant upon reasonable request in order to preserve the confidentiality of personal financial information set forth in the Financial Disclosure Form.

(vii)  *Participation in Mediation*.  The parties to the Mediation Cases shall participate in mediation as scheduled and presided over by the mediator in good faith and with a view toward reaching a consensual resolution.  Each mediation shall be attended in person by a representative for each of the parties with full settlement authority and, if a defendant is represented, their legal counsel, as well as counsel for the Trustee (who shall have settlement authority).

4

(viii)  *Mediator's Directives*.  The mediator, in a separate order, notice or other communication that need not be filed, may require the parties to provide to the mediator any relevant papers and exhibits, a statement of position, and a settlement proposal.  In the mediator's discretion, upon notice (which need not be filed), the mediator may adjourn a mediation.  The mediator may also continue a mediation that has been commenced if the mediator determines that a continuation is in the best interests of the parties.

(ix)  *Failure to Comply*.  Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation in good faith, may result in the imposition by the Court of sanctions, which may include the entry of judgment in favor of the Trustee and the award of costs and attorneys' fees.

(x)  *Confidential Settlement Communications*.  Pursuant to Federal Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications by, between and among the parties in connection with the mediation shall be confidential and inadmissible.

(xi)  *Report on Mediation*.  If an Adversary Proceeding settles or fails to settle at the conclusion of mediation, then the Trustee shall so advise the Court at the next regularly scheduled Omnibus Hearing.

**E.  <u>Motions to Dismiss</u>:**

(i)  *Deadlines for Motions to Dismiss*.  Any defendant in an Adversary Proceeding seeking to bring a motion to dismiss pursuant to Rule 7009 or 7012 of the Bankruptcy Rules or otherwise ("<u>Motion to Dismiss</u>") shall file such motion on or before the later of (a) ***January 28, 2011***, or (b) the answer date specified in the summons served on a particular defendant.

(ii)  *Scheduling Hearing on and Responses to Motions to Dismiss*.  No hearings shall be scheduled on any Motion to Dismiss pending further order of the Court issued in connection with Trustee's Consolidation Motion described in Section F below.  The Court will set a date and time for hearing on the Motion to Dismiss in the Pending Adversary Proceedings at the next regularly scheduled Omnibus Pretrial Hearing on March __, 2011 and will address a briefing schedule with respect to responses to such motions, set additional deadlines and other matters relating to the Motions to Dismiss at such hearing.

**F.  <u>Coordination and Consolidation of Common Issues of Law and Fact</u>:**

(i)  *Common Issues Coordination*.  The Trustee intends to request that the Court consolidate various matters and proceedings for hearing and presentation for decision in the Adversary Proceedings on common questions of law or fact pursuant to Rule 7042 of the Bankruptcy Rules. In connection therewith, the Trustee intends to seek an expedited

discovery schedule on certain matters and request the entry of additional orders to make the litigation of the Adversary Proceedings more efficient and to avoid duplication, unnecessary costs and delay. Counsel for defendants interested in participating in the process of identifying common issues with counsel for the Trustee in connection with the Pending Adversary Proceedings shall communicate that desire to the undersigned counsel for the Trustee on or before *February 4, 2011* and in writing identify (a) their clients, and (b) issues of law and fact they believe to be appropriate to consolidate for hearing and any other matters appropriate for coordination. Counsel for the Trustee shall confer with defendants that have communicated an interest in the coordination of such issues in accordance with the foregoing and discuss common issues and procedures relating to consolidation.

(ii)   *Consolidation Motions*. On or before ***March 2, 2011***, the Trustee shall file a motion with the Court seeking to consolidate for hearing and presentation for decision actions involving one or more common questions of law or fact pursuant to Rule 7042 of the Bankruptcy Rules (the "Consolidation Motion"). In connection therewith, the Trustee shall identify common questions for consolidation and propose an expedited discovery schedule(s) on appropriate matters, deadlines, the further coordination and scope of discovery in multiple Pending Adversary Proceedings, additional procedures, and other matters necessary or appropriate to the efficient and orderly administration of the consolidated actions or proceedings. The Court will hold a hearing on the Consolidation Motion at the next regularly scheduled Omnibus Pretrial Hearing on March __, 2011.

(iii)   *Consolidated Case Filings*. The Consolidation Motion and any responses thereto shall be filed in the main bankruptcy case (*In re Petters Company, Inc., et al.*, BKY Case No. 08-45257), and not in each separately docketed Adversary Proceeding, and shall be captioned accordingly.

**G.    Discovery Matters:**

(i)   *Applicability of Rules*. The discovery provisions of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Minnesota Local Bankruptcy Rules (the "Local Rules") shall govern the discovery to be conducted in the Adversary Proceedings, unless otherwise provided herein or in further order of the Court.

(ii)   *Waiver of Certain Requirements*. The provisions of Rule 26(a)(1), 26(a)(2), 26(a)(3) and 26(f) of the Federal Rules of Civil Procedure, as made applicable to the Adversary Proceedings pursuant to Rule 7026 of the Bankruptcy Rules, shall not apply to the Adversary Proceedings.

(iii)   *Discovery*. Discovery on certain matters relating to common questions of law and fact shall be identified or proposed in connection with the

6

Consolidation Motion and addressed by the Court pursuant to separate order. Pending further order of the Court, the conduct of any and all discovery procedures in the Adversary Proceedings shall be stayed; provided, however, that the Trustee may immediately take any discovery that the Trustee deems necessary or desirable to effectuate service of process on any defendant to the Adversary Proceedings.

(iv)   *Documents in Criminal Proceedings*. The Trustee shall not, in connection with discovery in any Adversary Proceeding, be required to produce the transcripts of the criminal proceedings (or transcripts of hearings ancillary to such criminal proceedings) commenced by the United States against Thomas J. Petters, Deanna Coleman, Robert White, Larry Reynolds, Michael Catain, James Wehmhoff, Greg Bell, PCI and PGW or related documents and exhibits in connection with discovery requests issued by any party in connection with the Adversary Proceedings. Defendants and other parties are directed to the following resource in order to request a copy of those transcripts, documents and exhibits:

> Carla R. Bebault, RPR, FCRR
> 146 Federal Building
> 316 North Robert Street
> Saint Paul, Minnesota 55101
> (651) 848-1220
> carla_bebault@mnd.uscourts.gov

**H.   Omnibus Pretrial Hearings:**

(i)   *Omnibus Pretrial Hearings*. All non-dispositive matters and motions to request the approval of a settlement agreement requiring a hearing in connection with the Adversary Proceedings prior to trial shall be heard by the Court only on scheduled Omnibus Pretrial Hearing Dates established by the Court from time to time (each hearing referred to as an "Omnibus Pretrial Hearing" and the scheduled date for such hearing referred to as the "Omnibus Pretrial Hearing Date"), unless otherwise set forth herein or the Court orders otherwise on a particularized showing of good cause. The initial Omnibus Pretrial Hearing Dates shall be held on at ___ a.m. on March __, 2011, April __, 2011, May __, 2011 and June __, 2011. Thereafter, the Omnibus Pretrial Hearings shall be scheduled approximately every thirty (30) days at the convenience of the Court. The Trustee shall file and serve notices of the scheduling of the Omnibus Pretrial Hearings in the Adversary Proceedings.

(ii)   *Appearances at Omnibus Pretrial Hearings*. Defendants in each of the Adversary Proceedings are not required to appear at the Omnibus Pretrial Hearings unless (a) such defendants have requested relief from the Court that will be heard at the scheduled Omnibus Pretrial Hearing; (b) the Trustee has requested relief against such defendants from the Court that will be heard at the scheduled Omnibus Pretrial Hearing and such

defendants intend to contest that relief; or (c) the Court has directed the defendant to appear.

**I.      Default Judgments:**

(i)      *Applications for Default Judgments*.  If a defendant in an Adversary Proceeding fails to timely interpose a response to the complaint by the deadline to answer or respond (and thus has defaulted), the Trustee shall be entitled to promptly seek the entry of default judgment by application pursuant to Local Rule 7055-1 served on the defaulting party on at least fourteen (14) days notice and final judgment shall be entered pursuant to Rule 7054 of the Bankruptcy Rules.

(ii)     *Certain Papers Not Required*.  The Trustee need not file or serve a motion for default judgment and need not file or serve a memorandum of law.

(iii)    *Hearings on Defaults*.  All hearings on the default applications shall be heard at the Omnibus Pretrial Hearings, except as otherwise provided herein.

**J.      Pre-Trial Jurisdictional Matters:**

(i)      *Retention of Jurisdiction and Authority over Adversary Proceedings*. Consistent with this Court's rulings and pronouncements in *Kelley v. Hofer et al. (In re Petters Company, Inc.)*, ADV. No. 10-04221 (November 15, 2010) and *Hedback v. American Family Mut. Ins. Co. (In re Mathews)*, 203 B.R. 152 (Bankr. D. Minn. 1996), this Court shall retain the jurisdiction and the authority to preside over all Adversary Proceedings and to adjudicate all pre-trial matters, including the presentation of all dispositive motions and issuance of decisions on them.

**K.      Miscellaneous:**

(i)      *Conflicts*.  These Procedures shall control with respect to the Adversary Proceedings to the extent of any conflict with other applicable rules or orders entered prior to the date hereof.

(ii)     *Extensions of Deadlines*.  The deadlines and other provisions contained in the Procedures Order may be extended or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to written agreement or stipulation, which agreement or stipulation need not be filed with the Court.

(iii)    *Notices of Appearance*.  Consistent with the Scheduling Order entered by the Court on September 22, 2010, all attorneys retained by any defendant in an Adversary Proceeding in these bankruptcy cases shall file a notice of appearance on behalf of their client in the file for the Chapter 11 cases

8

and, if the attorney does not timely file an answer, in the file for the Adversary Proceeding as well.

(iv)    *Electronic Service*.  Any motions, notices or other pleadings filed or served by the Trustee in the Adversary Proceedings (other than the summons and complaint) may be served by e-mail (unless the defendant is an individual and is not represented by legal counsel in which event service by e-mail shall not be effective unless such defendant has consented to service by e-mail).  Service by e-mail shall be effective as of the date such e-mail is sent to the e-mail address furnished by the defendants in connection with the Adversary Proceedings or the bankruptcy cases to the Court or counsel for the Trustee.

(v)    *Relief from Procedures*.  Nothing herein shall prevent the Trustee or any defendant in an Adversary Proceeding from seeking relief from the provisions of these Procedures, upon a showing of good cause, by appropriate motion to the Court in accordance with the procedures set forth herein.

(vi)    *Exchange of Documents and Information*.  Nothing herein shall prevent the parties to any Adversary Proceeding from voluntarily exchanging information or engaging in settlement discussions at any time; provided, however, that any voluntary exchange of information shall in no way be construed as a waiver of any of the requirements or limitations contained in these Procedures.

(vii)    *Construction*.  The Procedures set forth in the Procedures Order shall be construed by the parties in a manner that promotes the expeditious and economical resolution of the Adversary Proceedings and administration of these bankruptcy cases.

(viii)    *Service of Procedures Order*.  The Trustee shall serve a copy of the Procedures Order approving these Procedures on each defendant in the Adversary Proceedings; provided, however, that the Trustee shall not be required to serve the Procedures Order on legal counsel for any parties that have filed a notice of appearance in these Chapter 11 bankruptcy cases or the Adversary Proceedings prior to the entry of the Procedures Order.

3.    The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____        _____
                                            Gregory F. Kishel
                                            United States Bankruptcy Judge