# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc. et al., | |
| Debtors. | Court File No. 08-45257 |
| | Court File Nos.: |
| (includes: | |
| Petters group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

| | |
|---|---|
| Douglas A. Kelly, in his capacity as the Court-appointed Chapter 11 Trustee of Debtor Petters Company, Inc., | Adversary No. 10-4254 |
| Plaintiff, | |
| vs. | |
| Peter Hauser, | |
| Defendant. | |

## PETER HAUSER'S RESPONSE TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND APPROVING CASE MANAGEMENT PROCEDURES

Peter Hauser (Hauser) hereby responds to and respectfully opposes the Trustee's Procedures Motion and joins in the response of General Electric Capital Corporation's

1

Response to Trustee's Motion for an Order Authorizing and Approving Case Management Procedures. In further support of this Response, Hauser states as follows:

1. All the transfers complained of in the Complaint took place between November 14, 1996 and April 20, 2001, outside the statute of limitations. The applicable Minnesota Statute of Limitations is contained in M.S.A. § 541.05, Subd. 1(2). The statute of limitations is a firm six years. It does not provide for a "discovery" tolling of the statute. The Trustee argues that Minn. Stat. § 541.05, Subd. 1(6) applies which provides for a "discovery" tolling the statute of limitations.

2. Even if the Trustee's argument is correct that Plaintiff's claims are tolled until discovery, the Plaintiff's Complaint at paragraph 42 is fatal to Plaintiff's claim the statute should be tolled. The Plaintiff stands in the shoes of Petters and if the Defendant Hauser "knew or should have known" of the fraudulent activity as alleged in paragraph 42, that allegation is fatal to the Plaintiff's complaint because no tolling should be allowed and the statute of limitations must commence from the date of each separate transaction when the Plaintiff also knew or should have known of the Ponzi activity.

Dated: January 13, 2011

__/e/ Michael J. Iannacone___
Michael J. Iannacone, #48719
Attorney for Defendant
8687 Eagle Point Boulevard
Lake Elmo, MN 55042
(651) 224-3361