## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered Under** |
| | **Case No. 08-45257** |
| Petters Company, Inc., et al., | |
| | Court File No. 08-45257 |
| Debtors. | |
| (includes: | Court File Nos.: |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-15330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

## MEMORANDUM OF OPPORTUNITY FINANCE AND RELATED DEFENDANTS IN OPPOSITION TO TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING AND APPROVING CASE MANAGEMENT PROCEDURES

Opportunity Finance, LLC, Opportunity Finance Securitization, LLC, Opportunity Finance Securitization II, LLC, Opportunity Finance Securitization III, LLC, and International Investment Opportunities, LLC (collectively, "Opportunity Finance Defendants"), and the Sabes Family Foundation, Sabes Minnesota Limited Partnership, Robert W. Sabes, Janet F. Sabes, Jon R. Sabes, and Steven F. Sabes (collectively, "Individual Defendants") respectfully submit this Memorandum in Opposition to the Trustee's Motion for an Order Authorizing and Approving Case Management Procedures Governing Multiple Adversary Proceedings Arising under 11 U.S.C. §§ 105, 502, 506, 510, 542, 544, 547, 548, and 500 ("Procedures Motion").

## <u>INTRODUCTION</u>

For the past two years, including in connection with this Procedures Motion, the Trustee has portrayed these bankruptcies as arising from a classic Ponzi scheme, in which people simply "invest" money in a single enterprise and receive purported investment returns based on the efforts of an investment manager. That is not what happened here. Unlike many Ponzi-scheme bankruptcies, these proceedings involve a large number of asset-based commercial loan transactions, in which banks and other secured lenders loaned large amounts of money in highly-structured credit facilities to specific corporate borrowers, at specific interest rates, for specific terms. Opportunity Finance, LLC ("Opportunity Finance") was one of those secured lenders. Moreover, in Opportunity Finance's case, as in some others, its loans were made to special purpose entities (here, PC Funding, LLC ("PC Funding") and SPF Funding, LLC ("SPF Funding")), which were created for the very purpose of ensuring that the affairs of any other Petters-related entity, specifically including any future bankruptcy proceedings, would not alter or impair the lender's rights and remedies against, and contractual relationship with, the borrower.

Opportunity Finance thus did not "invest" in anything; it made secured loans to a specific bankruptcy-remote borrower. Opportunity Finance received no "false profits," but rather interest on loans made for value to its borrower. If its borrower committed fraud, then it, like everyone else, was defrauded – in this case, to the tune of more than $15 million, which was the outstanding balance on its loans when Mr. Petters was arrested. Mr. Petters' decision to operate otherwise legitimate businesses as a criminal enterprise does not convert secured commercial lenders like Opportunity Finance into unwitting "investors" in a Ponzi scheme.

The above facts are important to the current Procedures Motion because, in the case of Opportunity Finance, they show that a threshold issue in the adversary proceedings against Opportunity Finance (and perhaps several other cases) is resolution of the Trustee's pending motion to substantively consolidate the various bankrupt estates ("Substantive Consolidation Motion"). The Trustee's Procedures Motion does not even mention the Substantive Consolidation Motion, but a decision on that motion is potentially dispositive of many of the causes of action asserted against Opportunity Finance and its co-defendants. If the motion is denied, as we believe it should be – using substantive consolidation as an offensive weapon in the way the Trustee proposes here is not permitted by Eighth Circuit law or any other precedent – then many of the Trustee's claims against Opportunity Finance and its co-defendants must be dismissed, in whole or in part. Opportunity Finance made no loans to, and received no transfers from, Petters Company, Inc. ("PCI") or any debtors in these proceedings other than its borrowers, PC Funding and SPF Funding. And, even if the Trustee could assert some claims against these defendants in the absence of substantive consolidation, those claims would be governed by an entirely different legal framework, which the parties should know to be applicable at the outset of the proceedings. The Court already has set a March 15, 2011 hearing date for the Substantive Consolidation Motion, and that hearing should go forward as scheduled. The Court should decide the motion before anything else happens in the Opportunity Finance adversary proceedings.

In addition, the Opportunity Finance Defendants and the Individual Defendants also were recently sued in the Polaroid bankruptcy proceedings, in which the Polaroid Trustee seeks to recover, *inter alia*, one of the same transfers that the Trustee here also seeks to recover. As mentioned at the Polaroid status conference on January 12, 2011, we believe that the initial

response and other deadlines applicable to the Opportunity Finance adversary proceedings in both bankruptcies should be identical; it simply makes no sense for these defendants and the Trustees to be briefing identical issues on a separate schedule.

As to the Trustee's coordination suggestions in the Procedures Motion, the Opportunity Finance Defendants and the Individual Defendants do not oppose in principle the idea of coordinating common legal issues to the extent possible. But the schedule and procedures for coordination the Trustee appears to be proposing – including unspecified "expedited discovery" and a three-step process for a "consolidation motion" – are both inefficient and premature. For one thing, given the Trustee's proposal for mandatory mediation of certain cases, it appears that a large number of adversary proceedings will move off of the active litigation track. We believe the Court and the parties should first determine how many (and which) cases are actually going to be litigated before moving too far down the path of coordination, because the number of cases necessarily impacts the appropriate timing and procedure for any coordination. That number should be known relatively quickly under the mediation election schedule proposed by the Trustee. Moreover, to the extent there are potentially dispositive legal issues that are common to numerous adversary proceedings that can be decided as a threshold matter – for example, statute of limitations issues – we believe it makes sense for the Court to decide those issues in some coordinated fashion, but before any discovery or other activities in the cases move forward.

At bottom, the Procedures Motion contains very little explanation of exactly how the Trustee proposes that legal, discovery, and other issues can be coordinated in a way that is not only efficient but also fair to the defendants in the individual adversary proceedings. That may well be intentional and unavoidable, given the current uncertainty about how many cases actually will be litigated. In any event, the absence of specificity underscores that, rather than devising

intricate procedures for coordination of activities that may not be necessary, the better path forward is for the parties first to brief and the Court to decide dispositive legal motions that are common to multiple cases, while staying all discovery and other proceedings.

## BACKGROUND

Opportunity Finance was a commercial finance business established in 2001 by Jon R. Sabes and Steven F. Sabes. The company was created for the specific purpose of making secured commercial loans to corporate borrowers. Following substantial due diligence into Mr. Petters and his consumer electronics trading business, Opportunity Finance agreed to provide commercial financing in connection with the business. The contemplated transaction was for Opportunity Finance to make loans from both its own financial resources and through a $100 million senior lending facility provided to Opportunity Finance by DZ Bank. DZ Bank is one of Germany's largest banks, and it provides specialized asset-based warehouse financing to companies such as Opportunity Finance. Opportunity Finance's loans were to be secured by specified "accounts" generated from purchase orders for electronic goods inventories issued by large big-box retailers, which had been obtained by Mr. Petters' business.

In developing and negotiating these complex transactions, all parties were represented by sophisticated legal counsel, who prepared voluminous loan documentation and issued numerous opinion letters concerning the *bona fides* of the transactions and the existence of appropriate corporate formalities. As a key part of the transactions, DZ Bank and Opportunity Finance insisted that Mr. Petters create and incorporate a special purpose, bankruptcy-remote entity that would serve as the borrower for the secured loans. Mr. Petters and his companies' counsel thus created the bankruptcy-remote company PC Funding, LLC, and arranged for the assignment of specific accounts on a true-sale basis to PC Funding. PC Funding then obtained secured loans

from Opportunity Finance through a master Credit Agreement and a master Security Agreement.[1]

In accordance with this arrangement and the loan documents, Opportunity Finance engaged in numerous, arms-length secured lending transactions with PC Funding between 2002 and 2007.[2] Throughout the lending relationship, all loans were formally documented with promissory notes and other standard loan documentation (specifying interest rates, maturity dates, default terms, etc.), UCC-1 statements were filed on the collateral, and corporate formalities were adhered to and abided by. Opportunity Finance never loaned or otherwise provided any monies to PCI or Petters Group Worldwide ("PGW").

Over the course of this multi-year lending relationship, PC Funding paid Opportunity Finance the borrowed principal plus the specified interest on the loans. Opportunity Finance, in turn, repaid its lenders their principal and interest. The relationship ended after PC Funding went into default on its loans at the end of 2007; when Mr. Petters' fraud was revealed in September 2008, PC Funding owed Opportunity Finance more than $15 million in principal and interest.

PC Funding and SPF Funding filed petitions commencing Chapter 11 bankruptcies on October 15, 2008. [08-45326 (PC Funding), Dkt. No. 1; 08-45328 (SPF Funding), Dkt. No. 1]. Consistent with its separate corporate existence, PC Funding identified Opportunity Finance as

---

[1] Prior to 2002, International Investment Opportunities, LLC, the predecessor company to Opportunity Finance, made various secured loans to the special purpose entity Petters Finance, LLC (which was later renamed SPF Funding, LLC). Opportunity Finance also made some secured loans to Petters Finance, LLC. These loans were structured similarly to the loans between Opportunity Finance and PC Funding.

[2] In 2004, Opportunity Finance's senior lender changed from DZ Bank to West Landesbank ("West LB"), another one of Germany's largest banks that provides asset-based commercial loans. The loan structure between Opportunity Finance and West LB was essentially the same as with DZ Bank. At the time of the change from DZ Bank to West LB, legal counsel for all parties again reviewed and attested to the *bona fides* of the transactions and the existence of all appropriate corporate formalities of PC Funding.

its sole creditor on its petition. [08-45326 (PC Funding), Dkt. No. 1]. As a then-dormant entity, SPF Funding identified no creditors on its petition. [08-45328 (SPF Funding), Dkt. No. 1]. The most recent PC Funding balance sheet filed by the Trustee disclosed that, as of November 30, 2010, PC Funding had more than $20.3 million in assets and owed its only creditor— Opportunity Finance—$15.7 million. [08-45257, Dkt. No. 850 at Ex. 6].

On September 30, 2010, the Trustee, purportedly in his capacities as trustee of PCI, PC Funding, and SPF Funding, commenced an adversary proceeding against the Opportunity Finance Defendants, the Individual Defendants, DZ Bank, West LB, and others. [08-45257, Dkt. No. 540; Adv. No. 10-04301]. Apparently filed for the sole benefit of *PCI's creditors*, the Trustee's complaint alleges a variety of preference and fraudulent transfer claims. Specifically, the Trustee seeks to avoid all transfers arising out of transactions between Opportunity Finance and PC Funding or SPF Funding, and pleads causes of action under §§ 547, 548(a), 550(a), and other sections of the Bankruptcy Code. [08-45257, Dkt. No. 540].

On October 7, 2010, the Trustee commenced a second adversary proceeding against only Opportunity Finance. Through that proceeding, which is pursued for the benefit of creditors of *PGW*, the Trustee seeks to avoid a 2008 assignment to Opportunity Finance of PGW's right, title, and interest in and to any and all rights to payment or proceeds of its shares of Fingerhut Corporation stock. [08-45257, Dkt. No. 612; Adv. No. 10-04375].

After commencing more than 200 other adversary proceedings, on October 10, 2010, the Trustee filed a motion to substantively consolidate the estates of PCI, PC Funding, SPF Funding, Thousand Lakes, LLC, PL Ltd., Inc., Edge One, LLC, MGC Finance, Inc., PAC Funding, LLC and Palm Beach Finance Holdings, Inc. [08-45257, Dkt. No. 689]. Through that motion, the Trustee asks the Court to cast aside the corporate form separating these various entities, ignore

the ex-ante expectations and rights of their distinctly-situated creditors, and forcibly pool the assets and liabilities of the entities as though they were a single, harmonious unit. [08-45257, Dkt. No. 689]. As this Court has recognized, not only is this extreme remedy one of last resort, it imposes an exceedingly heavy burden on the Trustee. *In re Polaroid Corp.*, 424 B.R. 446, 455 n. 12 (Bankr. D. Minn. 2010) (legal standards used to determine propriety of substantive consolidation are "strongly oriented toward creditors' original understandings, expectations, and rights, and they all impose a heavy burden on the proponent"); *see also In re Owens Corning*, 419 F.3d 195, 211 (3d Cir. 2007) ("[B]ecause substantive consolidation is extreme (it may affect profoundly creditors' rights and recoveries) and imprecise, this 'rough justice' remedy should be rare and, in any event, one of last resort after considering and rejecting other remedies . . . .").

Two months after filing the Substantive Consolidation Motion, the Trustee filed the Procedures Motion, seeking an order governing the conduct of the numerous adversary proceedings. [08-45257, Dkt. No. 799].

Finally, on December 17, 2010, the Trustee for Polaroid Corporation and related Polaroid entities filed his own adversary proceeding against the Opportunity Finance Defendants, the Individual Defendants, DZ Bank, and West LB, asserting similar fraudulent transfer claims, including claims seeking to recover one of the same transfers that the PCI Trustee seeks to recover. [*In re Polaroid Corp.*, 08-46618; Adv. No. 10-04600].

## ARGUMENT

## I. AS A THRESHOLD LEGAL MATTER, THE COURT SHOULD DECIDE THE TRUSTEE'S SUBSTANTIVE CONSOLIDATION MOTION.

The Trustee's Procedures Motion does not mention his pending Substantive Consolidation Motion or the potential effect of that motion on the Opportunity Finance adversary proceedings. Because the Substantive Consolidation Motion is potentially dispositive of a

number of claims asserted against the Opportunity Finance Defendants, the Individual Defendants, and other similarly-situated defendants, it should be briefed and decided before any further proceedings in those parties' cases.

The Trustee brings the adversary proceeding against Opportunity Finance and its co-defendants in his capacity as trustee of three distinct entities – PCI, PC Funding, and SPF Funding. He asserts preference and avoidance claims on behalf of all three estates. But PC Funding's lone creditor is Opportunity Finance. SPF Funding has no creditors at all. As a result, absent a decision by the Court to impose the extreme remedy of substantive consolidation, all of the Trustee's claims on behalf of PC Funding and SPF Funding must be dismissed with prejudice. In addition, the Trustee's standing to pursue, on behalf of PCI, avoidance or preference claims against Opportunity Finance would be in serious jeopardy. *See, e.g.*, Substantive Consolidation Mot., Mem. at 7 [08-45257, Dkt. No. 689] (absent reverse veil-piercing or substantive consolidation, "the Trustee's standing to bring avoidance actions under sections 544, 547 and 548 may be challenged"). At a minimum, because Opportunity Finance received no direct transfers from PCI, the Trustee would be limited to claims against it as a subsequent transferee, subject to the defenses under § 550(b) of the Bankruptcy Code.

In short, denial of substantive consolidation would substantially narrow, if not entirely eliminate, the claims against Opportunity Finance, its co-defendants, and similarly-situated defendants. The Court thus should decide that issue first, so the parties know what legal claims and framework will govern these cases.[3]

---

[3] The Trustee indicated that he might supplement his original motion papers after submission of the PwC Report, *see* Substantive Consolidation Mot. at 6, n.2 [08-45257, Dkt. No. 689], but he has not done so. If he intends to do so, the Court should require him to file any supplement promptly, so that the Opportunity Finance Defendants and the Individual Defendants have sufficient time to review the motion and respond on schedule in early March.

## II.  THE SAME INITIAL SCHEDULE SHOULD APPLY TO THESE DEFENDANTS IN BOTH THE PCI AND THE POLAROID BANKRUPTCIES.

The Opportunity Finance Defendants and the Individual Defendants are among a handful of parties that are defendants in both these proceedings and the Polaroid bankruptcy proceedings. In fact, the main transfer that the Polaroid trustee seeks to recover in his case against Opportunity Finance is one of the same transfers that the PCI Trustee seeks to recover in these cases. As the Court knows, the Polaroid trustee will shortly be moving for a practices and procedures order that largely mirrors the one the Trustee seeks in these cases. Thus, from an efficiency and fairness standpoint, the Opportunity Finance Defendants and the Individual Defendants request that the initial deadlines and schedule applicable to the adversary proceedings against them be the same in both bankruptcies. It makes no sense for these defendants and the respective trustees to be briefing and arguing identical legal issues on a separate schedule in the two proceedings. We believe the PCI Trustee agrees with us on this issue.

## III.  OTHER COMMON THRESHOLD LEGAL ISSUES SHOULD BE DECIDED BEFORE DISCOVERY OR OTHER PROCEEDINGS OCCUR.

The Procedures Motion proposes that "common issues of law and fact" be decided on a "consolidated" basis. *See* Procedures Mot. at 14-15 [08-45257, Dkt. No. 799]. This two-paragraph proposal lacks critical details, making it difficult to evaluate and respond to, but the Opportunity Finance Defendants and the Individual Defendants oppose several aspects that appear on the face of it.

First, it is unclear what the Trustee means by "common issues of fact," particularly in the context of early resolution of issues by the Court. We presume that the facts and circumstances of the numerous defendants' transfers of funds to and from Petters-related businesses will vary greatly (and indeed the complaints in the adversary proceedings reflect many such differences). The Opportunity Finance Defendants and the Individual Defendants do not see any "common

10

issues of fact" that would be appropriate for consolidated resolution at this early stage of the proceedings.

Second, the Trustee makes reference to a desire to take unspecified "expedited discovery" in connection with his proposal regarding early resolution of common issues. Again, we do not know exactly what this means, but we believe the more efficient and sensible course is for the parties to brief and the Court to decide threshold *legal* issues, as to which no discovery is necessary. Several such issues may be appropriate to hear and decide on a consolidated basis – for example, the Trustee's effort in numerous adversary proceedings to avoid transfers that occurred before October 2002 raises a statute of limitations issue that cuts across numerous cases. The purpose of deciding such threshold issues early in the litigation is to allow the parties to avoid altogether costly, disruptive, and time-consuming discovery, or at least to narrow the matters as to which discovery is necessary. The Court and the parties should identify these issues, and establish a reasonable schedule for briefing and arguing them; in the meantime, all discovery should be stayed. Finally, in terms of an "expedited" process, the Trustee has had access to millions of pages of documents, and key witnesses, for more than two years, and has spent millions of dollars on PwC and other professionals who have been reviewing and analyzing data. The defendants have had no opportunity to do anything of the sort. Thus, whatever process moves forward, the defendants should not be rushed into "expedited" proceedings simply because the Trustee has had a two-year head-start and now wants to push forward quickly.

Third, as a general matter, no decisions should be made on whether or how to coordinate common issues for presentation to the Court until the parties and the Court determine how many cases actually are going to proceed on the litigation track. In light of the mandatory mediation

procedures proposed by the Trustee – which do not affect Opportunity Finance – it appears that well over half of the pending adversary proceedings will immediately move into the mediation process and out of active litigation. *See* Procedures Motion, Ex. A. And, because any party in the more than 200 adversary proceedings can voluntarily participate in the mediation program, there may be additional cases that will not be litigated, at least at the outset. At this stage, therefore, it is nearly impossible to foresee which issues will be common among the parties that are actually going to be before the Court, and thus which issues should be coordinated, how, and when. There are likely some threshold legal issues – *e.g.*, statute of limitations – that are present in numerous cases proceeding into litigation, and thus it makes sense to promptly establish a coordinated briefing process for those issues. But as to all other potentially common issues, we respectfully suggest that the Court wait to see how many cases being litigated actually present those issues before deciding on a process and timing for how to present them for decision.

## IV. AT THE APPROPRIATE TIME, THE TRUSTEE SHOULD BE REQUIRED TO COMPLY WITH RULE 26 DISCLOSURE REQUIREMENTS.

The Trustee proposes that several provisions of Rule 26, including Rule 26(a)(2) relating to expert disclosures, should not be applicable in any of the 200 PCI adversary proceedings. Procedures Mot. at 15 [08-45257, Dkt. No. 799]. For the reasons discussed above, we believe that any discussion of discovery procedures at this point is premature. However, when the Court does address such procedures, we believe, as in all complex commercial litigation in federal court, the Trustee and the other parties should be required to provide expert disclosures and other disclosures required by Rule 26, at least in the larger adversary proceedings such as the one against Opportunity Finance. The Trustee does not explain the basis for seeking a waiver of the expert disclosure requirements, and we do not see any such basis. To the extent the Trustee later

attempts to provide a justification for his proposal, we respectfully request the opportunity to brief this issue further.

## V.     A PROVISION REGARDING PRESERVING JURY TRIAL RIGHTS SHOULD BE INCLUDED IN AN INITIAL PROCEDURES ORDER.

Because the Opportunity Finance Defendants and the Individual Defendants (and we presume many other defendants) wish to preserve their right to a jury trial, and because the Court already has decided that it will oversee these adversary proceedings through the dispositive motions stage and then (if necessary) address jury trial requests, *see Kelley v. Hofer, et al.* (*In re Petters Company, Inc.*), Adversary No. 10-04221 (Nov. 15, 2010) (rulings on the record), we believe it would be sensible and efficient for the Court to allow all defendants to preserve their jury trial rights by simply requesting a jury trial in their initial response to the complaint (whether an answer or a motion).  This would avoid the need for large numbers of defendants to file motions with respect to the jury trial issue.  Opportunity Finance suggests the following provision be inserted in the Procedures Order:

> *Preservation of Right to Jury Trial; Timeliness of Motions for Withdrawal of Reference.*  Any defendant wishing to demand a jury trial may do so in accordance with Rule 9015 of the Bankruptcy Rules.  Such defendant need not file a motion to transfer under Local Rule 5011-3 or seek to withdraw the reference under 28 U.S.C. § 157(d), Rule 5011 of the Bankruptcy Rules, or Local Rule 5011-1 until this Court has fully adjudicated all pre-trial matters, including the presentation of all dispositive motions and issuance of decisions on them, and the Trustee shall not contest the timeliness of any such motions if made within a 60 days of such final adjudication.

## CONCLUSION

For the reasons stated, the Court should enter a Procedures Order that:

(i)      sets a schedule for briefing and hearing of threshold legal motions, including the pending Substantive Consolidation Motion, and stay discovery and other proceedings in these matters, or at least in the Opportunity Finance matters, until such motions are decided;

(ii)     does not exempt the Trustee from the disclosure provisions of Rule 26; and

(iii)    includes the preservation of jury trial provision set forth above.


                                        Respectfully submitted,

Dated:  January 13, 2011                WILLIAMS & CONNOLLY LLP
                                        BRIGGS AND MORGAN, P.A.


                                        By:   /e/ Joseph G. Petrosinelli
                                        Joseph G. Petrosinelli (admitted *pro hac vice*)
                                        Jonathan M. Landy (admitted *pro hac vice*)
                                        Jefferey D. Bailey (admitted *pro hac vice*)
                                        Williams & Connolly LLP
                                        725 Twelfth Street, N.W.
                                        Washington, D.C.  20005
                                        Telephone:     (202) 434-5000
                                        Facsimile:     (202) 434-5029
                                        Email:         jbailey@wc.com

                                        John R. McDonald
                                        Kari S. Berman
                                        Matthew D. Forsgren
                                        Briggs and Morgan, P.A.
                                        2200 IDS Center
                                        80 South 8th Street
                                        Minneapolis, MN  55402
                                        Telephone:     612-977-8746
                                        Facsimile:     612-977-8650
                                        Email:         kberman@briggs.com

                                        *Counsel to Opportunity Finance, LLC; Opportunity*
                                        *Finance Securitization, LLC; Opportunity Finance*
                                        *Securitization II, LLC; Opportunity Finance*
                                        *Securitization III, LLC; International Investment*
                                        *Opportunities, LLC; Sabes Family Foundation;*
                                        *Sabes Minnesota Limited Partnership; Robert W.*
                                        *Sabes; Janet F. Sabes; Jon R. Sabes; Steven Sabes*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Petters Company, Inc., et al.,

Debtors.

(includes:
Petters Group Worldwide, LLC;
PC Funding, LLC;
Thousand Lakes, LLC;
SPF Funding, LLC;
PL Ltd., Inc.;
Edge One LLC;
MGC Finance, Inc.;
PAC Funding, LLC;
Palm Beach Finance Holdings, Inc.)

**Jointly Administered Under**
**Case No. 08-45257**

Court File No. 08-45257

Court File Nos.:
08-45258 (GFK)
08-45326 (GFK)
08-45327 (GFK)
08-45328 (GFK)
08-45329 (GFK)
08-15330 (GFK)
08-45331 (GFK)
08-45371 (GFK)
08-45392 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

---

## CERTIFICATE OF SERVICE

---

     I, Jefferey D. Bailey, certify that on January 13, 2011, I caused the foregoing Memorandum of the Opportunity Finance Defendants and the Sabes Defendants in Opposition to Trustee's Motion for an Order Authorizing and Approving Case Management Procedures to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Douglas B. Altman    daltmanlaw@comcast.net
- Carolyn G. Anderson    cga@zimmreed.com, mbk@zimmreed.com
- Margaret M Anderson    panderson@fhslc.com
- Richard D Anderson    randerson@briggs.com
- Joseph W. Anthony    janthony@aoblaw.com, lwilhelm@aoblaw.com
- Thomas C Atmore    tatmore@losgs.com, lfischer@losgs.com
- Jefferey D Bailey    jbailey@wc.com
- Valerie Bailey-Rihn    val.bailey@quarles.com, tracy.christianson@quarles.com
- Adam C Ballinger    aballinger@lindquist.com, ddavis@lindquist.com
- B Shane Barnes    sbarnes@meagher.com, dmantei@meagher.com
- Daniel C. Beck    dbeck@winthrop.com, tcooke@winthrop.com
- Sean M Berkowitz    sean.berkowitz@lw.com
- Kari Berman    kberman@briggs.com, kwilczyk@briggs.com

- K. Jon Breyer    jbreyer@fruthlaw.com, jjohnson@fruthlaw.com
- Mychal A. Bruggeman    mab@mcmlaw.com, tmoratzka@ecf.epiqsystems.com; ldj@mcmlaw.com;mcm_trustee@mcmlaw.com;jef@mcmlaw.com
- Scott R. Carlson    scarlson@fundgroups.com, ddewing@fundgroups.com
- Benjamin A Cavender    cavender.benjamin@dorsey.com, onahan.maureen@dorsey.com
- Roylene A Champeaux    Roylene.Champeaux@usdoj.gov, karen.malikowski@usdoj.gov; usamn.ecfbankruptcy@usdoj.gov; darcie.boschee@usdoj.gov
- Monica L. Clark    clark.monica@dorseylaw.com
- Katherine A. Constantine    constantine.katherine@dorsey.com, yokiel.maryjo@dorsey.com
- Benjamin J. Court    bcourt@messerlikramer.com, kmagney@messerlikramer.com
- Jeffrey Coviello    jcoviello@stblaw.com
- Stephen J Creasey    screasey@lapplibra.com, dwegler@lapplibra.com
- Andrew W. Davis    andrew.davis@leonard.com
- Kevin M Decker    kdecker@briggs.com, scambronne@briggs.com
- Angela D. Dodd    dodda@sec.gov
- Sarah E. Doerr    doerrsarah@moss-barnett.com, montpetitm@moss-barnett.com
- Matthew R. Doherty    mdoherty@brutlaw.com, rtrucke@brutlaw.com
- S Renee Dotson    sdotson@faegre.com
- Michael S. Dove    mdove@gislason.com, KGleisner@gislason.com; JBurgau@gislason.com
- Theresa H. Dykoschak    tdykoschak@faegre.com, bwalz@faegre.com
- Douglas L Elsass    delsass@fruthlaw.com, jjohnson@fruthlaw.com; knarveson@fruthlaw.com
- Michael Fadlovich    michael.fadlovich@usdoj.gov
- Michael B Fisco    mfisco@faegre.com
- William Fisher    william.fisher@gpmlaw.com
- Terrence J. Fleming    tfleming@lindquist.com, mwilkinson@lindquist.com
- Don Fogel    donfogel@snowfogel.com, janissherrill@snowfogel.com
- Michael J Ford    mford@quinlivan.com, knorton@quinlivan.com; ajohnson@quinlivan.com
- Matthew D. Forsgren    mforsgren@briggs.com, cdanek@briggs.com
- David S Foster    david.foster@lw.com
- Timothy A. Fusco    fusco@millercanfield.com, skoczylas@millercanfield.com
- Clair R Gerry    gerry@sgsllc.com
- Adam A Gillette    agillette@fruthlaw.com, jjohnson@fruthlaw.com; knarveson@fruthlaw.com
- Michael D Gordon    mgordon@briggs.com
- Brian M Graham    bgraham@pedersenhoupt.com
- Wesley T. Graham    wgraham@hensonefron.com, cfisher@hensonefron.com
- Brian C Gudmundson    bcg@zimmreed.com
- Michael L. Gust    mgust@andersonbottrell.com, jernst@andersonbottrell.com
- Bradley J. Halberstadt    bankruptcy@szjlaw.com
- Christopher J Harayda    charayda@faegre.com, jeanderson@faegre.com
- Max C Heerman    mheerman@briggs.com

- Cynthia L Hegarty    Chegarty@bestlaw.com, kdahl@bestlaw.com
- David G Hellmuth    dhellmuth@hjlawfirm.com
- Patrick B. Hennessy    phennessy@bestlaw.com, kdahl@bestlaw.com
- Elizabeth A Hulsebos    hulsebos.elizabeth@dorsey.com
- Jennifer V Ives    jenni.ives@leonard.com
- J Jackson    jackson.j@dorsey.com, mckinven.jane@dorsey.com
- David A James    djames@nilanjohnson.com, mgrossman@nilanjohnson.com
- Thomas E Jamison    tjamison@fruthlaw.com, jjohnson@fruthlaw.com; knarveson@fruthlaw.com
- Jeanine L. Johnson    jjohnson@meyernjus.com
- James M. Jorissen    jjorissen@losgs.com, vrittenbach@losgs.com
- Mark J. Kalla    kalla.mark@dorsey.com, hanson.leann@dorsey.com
- Kirstin D. Kanski    kkanski@lindquist.com, cfunk@lindquist.com
- Douglas W. Kassebaum    dkassebaum@fredlaw.com, scharter@fredlaw.com; bankruptcy@fredlaw.com
- Lawrence R King    lking@larsonking.com, lburks@larsonking.com
- Matthew P Kostolnik    kostolnikm@moss-barnett.com, murphyb@moss-barnett.com
- Kimberly B Kozar    kkozar@hbklaw.com, wprice@hbklaw.com
- Connie Lahn    connie.lahn@fmjlaw.com, marie.robinson@fmjlaw.com; erin.buss@fmjlaw.com
- Thomas Lallier    ECF_Notices@foleymansfield.com
- Jonathan M Landy    jlandy@wc.com
- Mark D Larsen    mlarsen@lindquist.com, ddaun@lindquist.com
- Joseph W. Lawver    jlawver@messerlikramer.com, kmilner@messerlikramer.com
- Chris T Lenhart    lenhart.chris@dorsey.com
- Brian F Leonard    bleonard@losgs.com, jeggers@losgs.com
- Seth Leventhal    sleventhal@minnesota-litagator.com, sleventhal@skolnick-shiff.com
- James A. Lodoen    jlodoen@lindquist.com, gluessenheide@lindquist.com
- Daniel N Lovejoy    lovejoy@parkerrosen.com, hanson@parkerrosen.com
- Nauni J Manty    ecf@mantylaw.com
- Brian McAleenan    bmcaleenan@sidley.com, efilingnotice@sidley.com; kperna@sidley.com; spkramer@sidley.com; mealvarez@sidley.com
- John R. McDonald    jmcdonald@briggs.com, mjacobson@briggs.com
- Stephen M Mertz    smertz@faegre.com
- Michael L Meyer    mlmeyer@ravichmeyer.com
- Bryan E Minier    bminier@pedersenhoupt.com
- Joel A Mintzer    jamintzer@rkmc.com, elbecker@rkmc.com
- David L. Mitchell    dlmitchell@rkmc.com
- Timothy D. Moratzka    tdm@mcmlaw.com, ldj@mcmlaw.com;jef@mcmlaw.com
- ANDREW S NICOLL    anicoll@jenner.com
- Michael Olafson    molafson@lindquist.com, sgoettl@lindquist.com
- David Bradley Olsen    dolsen@hensonefron.com, cfisher@hensonefron.com
- John B. Orenstein    jorenstein@rossbizlaw.com, pmau@rossbizlaw.com; lmiller@rossbixlaw.com
- RONALD R PETERSON    rpeterson@jenner.com

- Kathleen M Patrick    kpatrick@munsch.com, jwielebinski@munsch.com; dperry@munsch.com; pmoore@munsch.com
- James E Perschbach    james.perschbach@bgllp.com
- Douglas R. Peterson    douglas.peterson@leonard.com
- Joseph G Petrosinelli    jpetrosinelli@wc.com
- Steven M Pincus    spincus@aoblaw.com, dstower@aoblaw.com;lmausolf@aoblaw.com
- Marcus A Ploeger    mploeger@briggs.com, mjacobson@briggs.com
- Robert Raschke    robert.raschke@usdoj.gov
- Isaac M Rethy    irethy@stblaw.com
- Thomas C Rice    trice@stblaw.com
- Larry B. Ricke    rickel@srsg.net
- Michael E. Ridgway    mike.ridgway@usdoj.gov
- Charles W Ries    cw_ries@mrr-law.com, bankruptcy@mrr-law.com
- H Buswell Roberts    hbroberts@live.com
- Michael Rosow    mrosow@winthrop.com, jahlers@winthrop.com; tcooke@winthrop.com
- James A. Rubenstein    rubenstein@moss-barnett.com, montpetitm@moss-barnett.com
- Renee C. Rubish    renee_rubish@mrr-law.com, nancy_solberg@mrr-law.com
- Kim Ruckdaschel-Haley    kruckdaschel-haley@lindquist.com, dquest@lindquist.com
- David E. Runck    david.runck@fmjlaw.com, marie.robinson@fmjlaw.com; erin.buss@fmjlaw.com
- Jon R. Schindel    jschindel@seilerlaw.com
- Roger G Schwartz    roger.schwartz@lw.com
- K&L Gates LLP Shea    mackenzie.shea@klgates.com, chad.dale@klgates.com
- George H Singer    gsinger@lindquist.com, edaniels@lindquist.com
- Rebecca G. Sluss    rsluss@oppenheimer.com
- Sandra S. Smalley-Fleming    ssmalley@lindquist.com, bhaberman@lindquist.com
- Jeffrey D. Smith    jsmith@lindquist.com, ddavis@lindquist.com
- Patrick C. Smith    patsmith@lawyersofminnesota.com
- Richard G Smolev    rsmolev@kayescholer.com
- Matthew J Splitek    matthew.splitek@quarles.com
- John R. Stoebner    jstoebner@lapplibra.com, rtri@lapplibra.com;lfrey@lapplibra.com
- Amy J Swedberg    amy.swedberg@maslon.com
- Deborah C Swenson    debs@lommen.com, swensonlaw@yahoo.com
- MICHAEL S TERRIEN    mterrien@jenner.com
- Mark H Thieroff    markthieroff@sbgdf.com, amyditty@sbgdf.com
- William M. Topka    topkaw@seversonsheldon.com, buntins@seversonsheldon.com
- US Trustee    ustpregion12.mn.ecf@usdoj.gov
- Daryle Uphoff    duphoff@lindquist.com
- David J Woll    dwoll@stblaw.com
- Steven E. Wolter    swolter@kelleywolter.com, lyang@kelleywolter.com; tfield@kelleywolter.com; jkleinjan@kelleywolter.com

I further certify that I caused a copy of the foregoing documents to be sent via U.S. Mail to the following non-ECF participants:

ArrowHead Capital Management LLC
C/O James N Fry
601 Carlson Pkwy
Ste 1250
Minnetonka, MN 55305

MICHAEL S BUDWICK
MELAND RUSSIN & BUDWICK PA
200 S BISCAYNE BLVD STE 3000
MIAMI, FL 33131

THOMAS K CAULEY
SIDLEY AUSTEL LLP
1 S DEARBORN
CHICAGO, IL 60603

EDWARD J ESTRADA
REED SMITH LLP
599 LEXINGTON AVE 22ND FLR
NEW YORK, NY 10022

JESSICA S ETRA
WILLKIE FARR & GALLAGHER
LLP
787 7TH AVE
NEW YORK, NY 10019-6099

Elite Landings, LLC
2005 Cargo Road
Minneapolis, MN 55450

Mark Enslin
Lindquist & Vennum P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

JONATHAN S FELDMAN
MELAND RUSSIN & BUDWICK PA
200 S BISCAYNE BLVD STE 3000
MIAMI, FL 33131

MATTHEW A FELDMAN
787 7TH AVE
NEW YORK, NY 10019

MATTHEW J FLYNN
QUARLES & BRADY
411 E WISCONSIN AVE
MILWAUKEE, WI 53202

SOLOMON B GENET
MELAND RUSSIN & BUDWICK PA
200 S BISCAYNE BLVD STE 3000
MIAMI, FL 33131

DAVID M GISCHE
TROUTMAN SANDERS LLP
401 9TH ST NW
WASHINGTON, DC 20004-1234

JONATHAN HACKBARTH
QUARLES & BRADY
411 E WISCONSIN AVE
MILWAUKEE, WI 53202

HUGH HILL
875 THIRD AVE
NEW YORK, NY 10022

MARCUS B HOLLADAY
TROUTMAN SANDERS LLP
401 9TH ST NW
SUITE 1000
WASHINGTON, DC 20004-1234

MARK R JACOBS
PRYOR CASHMAN LLP
410 PARK AVENUE
NEW YORK, NY 10022

ROBIN E KELLER
HOGAN LOVELLUS US LLP
875 3RD AVE
NEW YORK, NY 10022

BRYAN KRAKAUER
SIDLEY AUTSIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603

Douglas A Kelley
Kelley & Wolter PA
Centre Village Offices
431 S 7th St, Suite 2530
Minneapolis, MN 55415

ISSA MOE
MOSS AND BARNETT PA
4800 WELLS FARGO CENTER
90 SOUTH 7TH ST
Minneapolis, MN 55402

Neal Gerber & Eisenberg LLP
C/O Thomas C. Wilford
Two North LaSalle Street Suite 1700
Chicago, IL 60602

ERIC W OSTROFF
MELAND RUSSIN & BUDWICK PA
200 S BISCAYNE BLVD STE 3000
MIAMI, FL 33131

Ronald R Peterson
Jenner & Block, LLP
330 North Wabash Avenue
Chicago, IL 60611-7603

Kevin J Short
150 S. 5th St. Ste 3260
Minneapolis, MN 55402

STEVEN W THOMAS
THOMAS ALEXANDER &
FORRESTER LLP
14 27TH AVE
VENIE, CA 90291

Taunton Ventures LP
C/O Paul Taunton
990 Deerbrook Dr
Chanhassen, MN 55317

Dated:  January 13, 2011                                    /e/ Jefferey D. Bailey

                                                           Williams & Connolly LLP
                                                           725 Twelfth Street, N.W.
                                                           Washington, DC  20005