**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **Jointly Administered under** |
| | **Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| | Court Files Nos.: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

**NOTICE OF EXPEDITED HEARING AND MOTION FOR ORDER AUTHORIZING TRUSTEE TO FILE DOCUMENTS UNDER SEAL**

To:  All entities and persons specified in Local Rule 9013-3 and listed herein on the accompanying certificate of service.

1.  Douglas A. Kelley, the Chapter 11 Trustee ("Trustee") in these jointly administered cases, through his undersigned counsel, hereby moves this Court for the relief requested and gives notice of expedited hearing

2.  The Court will hold a hearing on this Motion at 11:30 a.m. on March 8, 2011, or as soon thereafter as the parties may be heard, before the Honorable Gregory F. Kishel, Chief United States Bankruptcy Judge, in Courtroom 2A, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

3. Pursuant to Local Rule 9006-1(c), any response to the Motion must be filed with the Court and served by mail or delivery not later than March 3, 2011, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays). However, given that an expedited hearing is requested, the Trustee does not object to responses being filed no later than 24 hours prior to the time set for the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This is a core proceeding. Voluntary Petitions commencing the Chapter 11 cases of PCI and PGW were filed on October 11, 2008. Petitions commencing the Chapter 11 cases of PC Funding, Thousand Lakes, SPF Funding, PL Ltd., Edge One and MGC Finance were filed on October 15, 2008. The petition commencing the Chapter 11 case of PAC Funding was filed on October 17, 2008. The petition commencing the Chapter 11 case of Palm Beach Finance was filed on October 19, 2008 (collectively, the "Petitions," the "Petition Dates," the "Bankruptcy Cases" and the "Bankruptcy Estates"). Venue of these Cases and this motion are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Cases are now pending before this Court.

5. The Trustee continues to operate the businesses as debtors-in-possession pursuant to §1108 of the Bankruptcy Code. A committee of unsecured creditors (the "Creditor's Committee") was appointed on November 21, 2008, pursuant to § 1102 of the Bankruptcy Code. On December 24, 2008, the United States Trustee appointed Douglas A. Kelley as Trustee in these Cases. On February 26, 2009, this Court approved that appointment.

6. This Motion arises under 11 U.S.C. §§ 105 and 107 and Federal Rule of Bankruptcy Procedure 9018. This Motion is filed pursuant to Federal Rule of Bankruptcy Procedure 9014 and Local Rules 2002-1 and 9013-1 through 3. Trustee respectfully requests the court authorizing the Trustee to file a motion to vote shares of MN Airline Holdings, LLC held by PCI and PGW with certain confidential commercial information redacted.

## BACKGROUND

7. PCI is a Minnesota corporation, the shares of which are 100% owned and, prior to October 6, 2008, were 100% controlled by Thomas J. Petters ("Petters"). PCI, in turn, is the sole member or shareholder, as applicable, and owns 100% of the membership interests or shares, as applicable, of special purpose entities PC Funding, Thousand Lakes, SPF Funding, PL Ltd., Edge One, MGC Finance, and PAC Funding (the "PCI SPEs"). Petters also owned and, prior to October 6, 2008, controlled 100% of the shares of Palm Beach Finance (and together with PCI and the PCI SPEs, the "PCI Estates"). The operational and managerial decisions of PCI Estates and their affiliates were principally made by Petters and the Individual Defendants (as that term is defined below). PCI obtained capital for the Petters enterprises, on its own account and also utilizing single purpose entities to obtain billions of dollars of funding, and purportedly to acquire merchandise for sale to wholesalers and retailers nationwide. The purchase and sale business, however, did not exist.

8. PGW is a privately held Delaware limited liability company that was also 100% owned and, prior to October 6, 2008, was 100% controlled by Petters. The operational and managerial decisions of PGW and its subsidiary entities were also made by Petters and the Individual Defendants. PGW was a holding company that provided certain accounting, legal

3

and human resource services to Petters' business entities, but had no independent operations. PGW obtained funds mostly from PCI that PCI obtained as part of a scheme to defraud investors, as well as from investors whose funds were used to further the fraudulent scheme.

9. Prior to commencement of the Receivership and the Bankruptcy Cases, in November of 2006, Sun Minnesota Domestic, LLC, Sun Minnesota Foreign, LLC and Sun Credit, LLC (collectively, the "Sun Entities") and Petters, through Petters Aviation, LLC ("Petters Aviation"), joined together to acquire Sun Country Airlines. The ownership of Sun Country Airlines was placed in MN Airline Holdings, LLC ("MN Holdings"), the shares of which in turn were owned by the Sun Entities, Petters Aviation and a few passive individual investors. MN Airline Holdings in turn owns and controls 100% of the membership interests of MN Airlines, LLC dba Sun Country Airlines ("MN Airlines" or "Sun Country").

10. Barely one year after acquiring Sun Country, in November 2007, the Sun Entities sold their interest in MN Holdings to Petters Aviation (the "Buyout"). After the Buyout, Sun Country struggled financially, requiring Petters Aviation, Petters Aircraft Leasing, LLC ("PAL"), PCI, PGW and Petters (the "Petters Entities") to provide funds to Sun Country to maintain operations, finance the lease of aircraft and for other business needs.

11. On October 6, 2008, after disclosure of Petters' fraudulent scheme, MN Holdings and MN Airlines each filed for protection under Chapter 11 of the Bankruptcy Code (collectively, the "Sun Country Bankruptcy Cases" and the "Sun Country Bankruptcy Estates"), pending before the United States Bankruptcy Court for the District of Minnesota, Case Nos. 08-35198 and 08-35197 respectively. The Sun Country Bankruptcy Cases are currently assigned to Judge Robert J. Kressel.

12. PCI and PGW, along with other Petters Entities filed proofs of claim based on funds each advanced to or on behalf of MN Holdings and its wholly owned subsidiary Sun Country (collectively, the "Sun Country Debtors") that remained unpaid as of the commencement of the Sun Country Bankruptcy Cases.

13. The Sun Country Debtors' Second Modified Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated September 10, 2010 was confirmed by the Bankruptcy Court by an Order entered on September 10, 2010 (the "Sun Country Confirmation Order" and the "Sun Country Confirmed Plan") and became effective on February 23, 2011.

14. Pursuant to the Sun Country Confirmed Plan, the Petters Entities are each entitled to a pro rata distribution of the new common stock of MN Holdings upon the effective date of the Sun Country Confirmed Plan. The Sun Country Confirmed Plan has become effective and PCI and PGW have received a pro rata distribution of the new common stock of MN Holdings. PCI and PGW each own and control approximately 4.4% and 2.6% respectively of the outstanding MN Holdings common stock. While PCI and PGW are minority shareholders, the Petters Entities collectively have a controlling interest in the reorganized MN Holdings.

### RELIEF REQUESTED

15. Section 107(b) of the Bankruptcy Code allows the Court, on request of a party in interest to protect an entity with respect to trade secret or confidential commercial information. *See also* Fed. R. Bank. P. 9018(1). The Trustee is a party in interest pursuant to § 1109(b) of the Bankruptcy Code.

16. MN Holdings is currently and actively marketing for sale its ownership of Sun Country and anticipates accepting a letter of intent with a proposed purchaser of MN Holdings'

5

shares of Sun Country (the "Sun Country Shares").  MN Holdings will ultimately negotiate an agreement for the purchase and sale of the Sun Country Shares, which transaction will require the approval of the Petters Entities, including PCI and PGW, as shareholders of MN Holdings.

17. To facilitate MN Holdings' negotiations for the sale of the Sun Country Shares, and to effectively maximize the value obtained for those shares, MN Holdings must have some assurance that the sale price they negotiate for the Sun Country Shares will be accepted by the shareholders of MN Holdings.

18. The Trustee will be filing a motion to authorize him to vote PCI's and PGW's shares of MN Holdings to approve such sale (the "Voting Motion"), but only if the price paid by a prospective purchaser for the Sun Country Shares exceeds a minimum price.  The Voting Motion will contain, however, the minimum aggregate sale price for the Sun Country Shares at which the Trustee would be authorized to vote PCI's and PGW's shares.  The disclosure of this minimum aggregate sale price would be detrimental to MN Holdings' ability to negotiate the price and other terms of a purchase agreement that will maximize the value obtained for the Sun Country Shares.  Anything that could impair MN Holdings obtaining maximum value for the Sun Country Shares will be directly detrimental to the value both PCI and PGW could realize for their shares of MN Holdings.

19. In order to maximize the recovery for the respective Debtors' estates' shares in MN Holdings, the Trustee seeks authority to file his Motion to Authorize the Trustee to Vote Shares of MN Airline Holdings, LLC in which only the minimum aggregate purchase price for the Sun Country Shares at which the Trustee will be authorized vote the shares of PCI and PGW will be redacted.

**EXPEDITED RELIEF**

20. The Trustee requests that relief be granted on an expedited basis. The reorganized MN Holdings is actively marketing Sun Country and is anticipating accepting a letter of intent from a proposed purchaser shortly. MN Holdings' ability to negotiate a price at which it will sell its shares of Sun Country and complete such transaction in a timely manner will be hindered if the Trustee cannot provide MN Holdings and the prospective purchaser of the Sun Country Shares with some assurance that the price being offered will be accepted by shareholders. Expedited relief is necessary so that the Trustee can file his Motion to Authorize the Trustee to Vote Shares of MN Airline Holdings, LLC in which only the minimum purchase price at which the Trustee could vote PCI's and PGW's shares will be redacted. Upon approval of this Motion, the Trustee will file the redacted Voting Motion. Parties required to be served will either receive electronic notice of this motion by filing in CM/ECF or will be sent a copy of such motion by fax or email where possible.

WHEREFORE, the Trustee respectfully requests the court enter an order (1) granting expedited relief, (2) authorizing the Trustee to file a motion to vote shares of MN Airline Holdings, LLC with certain confidential commercial information redacted, and (3) such other relief as may be just and equitable.

DATED: February 28, 2011 **LINDQUIST & VENNUM P.L.L.P.**

By:  /e/ James A. Lodoen
James A. Lodoen (173605)
Daryle L. Uphoff (0111831)

4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)
www.lindquist.com

**ATTORNEYS FOR
DOUGLAS A. KELLEY,
THE CHAPTER 11 TRUSTEE**

8

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| | Court Files Nos.: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER AUTHORIZING TRUSTEE TO FILE DOCUMENTS UNDER SEAL**

Douglas A. Kelley, Chapter 11 Trustee for the above-captioned Chapter 11 cases, respectfully submits this Memorandum in support of his Motion for Order Authorizing Trustee to File Documents Under Seal. Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the motion filed in connection herewith (the "Motion"), unless the context requires otherwise.

## **FACTS**

The factual basis for this Memorandum is set forth in the verified Motion and is incorporated as though fully set forth herein.

# ARGUMENT

## I. Section 107(b) and Rule 9018 Authorize this Court to Permit the Trustee to File the Motion Under Seal.

Although there is a strong common law presumption of public access to court records, access to judicial records is not without limit. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978). To the contrary, § 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and expressly provides that "on request of a party in interest, the bankruptcy court *shall*

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."

11 U.S.C. § 107(b) (emphasis added). The Trustee is a party in interest pursuant to 11 U.S.C. § 1109(b). Furthermore, Federal Rule of Bankruptcy Procedure 9018 provides:

> On motion or on its own initiative, with or without notice, the court *may make any order which justice requires (1) to protect the estate or any entity* in respect of a trade secret or other confidential research, development, or commercial information....

Fed. R. Bankr. P. 9018 (emphasis added). Thus, while "the common law rule [of access] is well-entrenched, so also is the rule that the public right to access is far from absolute." *In re 50-Off Stores, Inc.*, 213 B.R. 646, 651 (Bankr. W.D. Tex. 1997) (citing *Nixon*, 435 U.S. at 598). This is because every court has "supervisory power over its own records and files" and has the authority to deny public access thereto for a variety of reasons. *Nixon,* 435 U.S. at 598; s*ee also In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006).

If information sought to be filed under seal is within any of the enumerated categories in § 107(b), protection is mandatory. *In re Farmland Indus., Inc.*, 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003); *In re Frontier Group, LLC,* 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000). Indeed, the "court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 27 (2nd Cir. 1994) (emphasis in original) (citing 2 *Collier on Bankruptcy,* ¶ 107.01, at 107-2 (15th ed. 1993)). Although the exceptions articulated in § 107(b) are to be "sparingly applied," the "very existence of the exception[s] demonstrates Congress' anticipation that the administration of bankruptcy cases might, by their very nature, require special intervention to protect some kinds of information from dissemination to the world." *In re 50-Off Stores*, 213 B.R. at 654. This is because

> [p]erhaps more than any other type of proceeding, bankruptcy is, in the main, conducted under the harsh glare of public scrutiny, exposing to public view (at least potentially) a wide scope of information which, in a nonbankruptcy context, would normally be thought to enjoy a certain expectation of privacy. . . . To be sure, the public is deemed to have a "right to know" about the affairs of an entity that has chosen bankruptcy protection. Yet it is precisely this extraordinary exposure that compels the occasional protective intervention of the court.

*Id.*

Information need not rise to the level of a trade secret to be entitled to protection under § 107(b). *In re Orion Pictures Corp.,* 21 F.3d at 28. Confidential commercial information has been defined by the Courts as information that "would cause an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor." *Id.* at 27 (quoting *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th Cir. BAP 1982). Courts, however, have taken a broad approach to

3

the types of information that qualify as "confidential commercial information" afforded the "broad protection" of § 107(b) depending on the facts and circumstances of each case. *In re Orion Pictures Corp.*, 21 F.3d at 28; *see also In re Farmland Indus.,* 290 B.R. at 368 (information relating to timing of sales and debtors' liquidity); *In re Frontier Group, LLC,* 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000) (identities of physician creditors). Bankruptcy courts have specifically included "information related to the buying and selling of securities on the open market" to be afforded protection as confidential commercial information where disclosure of the information would have the ability to affect the market. *See In re Lomas Fin'l Corp.*, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991).

The protections of § 107(b) are not limited to the debtor and parties to the litigation, but apply equally to protect the privacy interests of third parties. *See In re Apex Oil Co.*, 101 B.R. 92, 96 (Bankr. E.D. Mo. 1989) (§107(b) provides a vehicle to protect third-party rights); *In re Nunn*, 49 B.R. 963, 964 (Bankr. E.D. Va. 1985) (protecting identity of members of trade exchange to prevent adverse effect on business). In protecting the confidentiality rights of third parties pursuant to §107(b), courts have focused on whether disclosure will result in an adverse effect on their business. *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429-30 (Bankr. E.D. Tex. 2004). As one court reasoned, if disclosure would "most likely have a serious and detrimental impact on the price for which assets could be sold" then "clearly" the information is "commercial information that merits protection." *In re Farmland Indus.,* 290 B.R. at 368. In this case, if disclosure of the minimum price at which the Sun Country Shares could be sold, it could have a serious and detrimental impact on the ability of MN Holdings to maximize value, which will directly affect the value of PCI's and PGW's shares of MN Holdings.

4

For all the foregoing reasons, the Trustee respectfully requests the Court authorize the filing of the Motion to Authorize Trustee to Vote Shares of MN Airline Holdings, LLC with the minimum purchase price redacted.

## II.    Expedited Relief is Necessary

Fed. R. Bankr. P. 9006(c) provides that the Court, on request of a party and for cause shown, may order a notice period reduced.  Local Rule 9006-1(d) provides that if expedited relief is necessary, the party seeking such relief must request an expedited hearing and take all reasonable steps to provide the most expeditious service and notice possible.  The reorganized MN Holdings is actively soliciting offers to purchase the Sun Country Shares.  MN Holdings' ability to negotiate a price at which it will sell its shares of Sun Country and complete such transaction in a timely manner will be hindered if the Trustee cannot provide MN Holdings and a prospective purchaser of the Sun Country Shares with some assurance the price being offered can be accepted by MN Holdings' shareholders.  Because MN Holdings is currently negotiating with prospective purchasers, expedited relief is necessary so that the Trustee can file his Motion to Authorize the Trustee to Vote Shares of MN Airline Holdings, LLC with the minimum purchase price at which the Trustee could vote PCI's and PGW's shares redacted.  The Trustee believes all parties will have sufficient time to review this Motion prior to the hearing. Accordingly, the Trustee respectfully asserts cause exists to hear the Motion on an expedited basis.

## **CONCLUSION**

The Trustee respectfully requests the Court enter an order (1) granting expedited relief, (2) authorizing the Trustee to File Under Seal pursuant to 11 U.S.C. §107(b), and (3) granting such other relief as may be just and equitable.

5

DATED: February 28, 2011  **LINDQUIST & VENNUM P.L.L.P.**

By: /e/ James A. Lodoen
James A. Lodoen (173605)
Daryle L. Uphoff (0111831)

4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)
www.lindquist.com

**ATTORNEYS FOR
DOUGLAS A. KELLEY,
THE CHAPTER 11 TRUSTEE**

6

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| | Court Files Nos: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

## ORDER AUTHORIZING TRUSTEE TO FILE DOCUMENTS UNDER SEAL

This matter came on before the Court on March 8, 2011, on the Motion of Douglas A. Kelley, Chapter 11 Trustee, for Authority to File Documents Under Seal pursuant to § 107(b) of the Bankruptcy Code and Bankruptcy Rule of Procedure 9018. Appearances of counsel were as noted on the record. Based on the arguments of counsel, the moving documents, and the record made at the hearing, the Court hereby finds that the minimum price at which the Trustee may be authorized to vote the shares Petters Company, Inc. and Petters Group Worldwide, LLC hold in MN Airline Holdings, LLC constitutes "confidential commercial information" as contemplated by § 107(b)(1) and therefore the filing of the Trustee's Motion to Authorize the Trustee to Vote Shares of MN Airline Holdings, LLC under seal is necessary and warranted to preserve the value

of potential assets of the Petters Company, Inc. and Petters Group Worldwide, LLC bankruptcy estates. Therefore,

IT IS HEREBY ORDERED:

1. The Motion for expedited hearing is GRANTED;

2. The Trustee is hereby authorized to file Motion to Authorize the Trustee to Vote Shares of MN Airline Holdings, LLC and the minimum purchase price for MN Airlines, Inc. dba Sun Country Airlines in which the Trustee seeks to be authorized to affirmatively vote the Petters Company, Inc.'s and Petters Group Worldwide, LLC's shares of MN Airline Holdings, LLC shall be redacted.

Dated: _____

_____
Gregory F. Kishel
United States Bankruptcy Judge

2