# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Petters Company, Inc., et al.,<br><br>    Debtors.<br><br>(includes:<br>Petters Group Worldwide, LLC;<br>PC Funding, LLC;<br>Thousand Lakes, LLC;<br>SPF Funding, LLC;<br>PL Ltd., Inc.;<br>Edge One, LLC;<br>MGC Finance, Inc.;<br>PAC Funding, LLC;<br>Palm Beach Financing Holdings, Inc.) | **Jointly Administered under<br>Case No. 08-45257<br>Jury Trial Demanded**<br><br>Court File Nos.<br>08-45258 (GFK)<br>08-45326 (GFK)<br>08-45327 (GFK)<br>08-45328 (GFK)<br>08-45329 (GFK)<br>08-45330 (GFK)<br>08-45331 (GFK)<br>08-45371 (GFK)<br>08-45392 (GFK)<br><br>Chapter 11 Cases<br>Judge Gregory F. Kishel |

**RESPONSE AND OBJECTION OF JPMORGAN CHASE & CO., ET AL., TO TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING AND APPROVING SUPPLEMENTAL CASE MANAGEMENT PROCEDURES GOVERNING MULTIPLE ADVERSARY PROCEEDINGS ARISING UNDER 11 U.S.C. § 105, 502, 506, 510, 542, 547, 548, AND 550**

JPMorgan Chase & Co. ("JPMorgan"), JPMorgan Chase Bank, N.A. ("JPMC Bank"), One Equity Partners LLC ("OEP"), Jacques A. Nasser, Lee M. Gardner, Charles F. Auster, James W. Koven, Rick A. Lazio, J. Michael Pocock, William L. Flaherty, and Ira H. Parker (collectively, the "Individual Defendants" and with JPMorgan, JPMC Bank, and OEP, "JPMC") respectfully submit this response and objection, together with the Declaration of John R. McDonald dated April 15, 2011 ("McDonald Decl.") and the exhibit annexed thereto, to the discovery procedures set forth in the Motion for an Order Authorizing and Approving

Supplemental Case Management Procedures Governing Multiple Adversary Proceedings Arising Under 11 U.S.C. § 105, 502, 506, 510, 542, 547, 548, and 550 (the "Supplemental Procedures Motion")[1] brought by Douglas A. Kelley, Trustee in the matter of *Petters Company Inc., et al.*, Case No. 08-45257 (GFK).[2]

## PRELIMINARY STATEMENT

The Trustee's proposals regarding the timing and scope of discovery in the PCI/PGW Adversary Proceedings are self-serving, unfair, and inefficient. If adopted, they would force JPMC and myriad other defendants sued by the Trustee to undertake extensive, time-consuming and costly discovery on complex, years-old transactions on an unreasonably accelerated timetable, despite the pendency of dispositive motions which have the potential to render such discovery entirely unnecessary—or at the very least limit and focus the issues on which discovery may be appropriate. Discovery should be stayed in those proceedings in which dispositive motions are pending until such motions are resolved by the Court. Furthermore, the Trustee's discovery proposals are otherwise objectionable because they unduly limit the scope of discovery available to defendants and impose an unreasonable timetable.

---

[1] The Supplemental Procedures Motion was brought as Section II to the Trustee's Motion For An Order Consolidating For Hearing And Determination Of Common Questions Of Law Raised In Motions To Dismiss (the "Consolidation Motion"). JPMC is separately filing its opposition to the Consolidation Motion. The filing of these responses is without prejudice to JPMC's motions to dismiss the Adversary Proceedings and its motion to withdraw the reference, and should not be deemed or construed to submit JPMC to the equitable jurisdiction of the Court.

[2] Petters Company, Inc. and Petters Group Worldwide, LLC are referred to as "PCI" and "PGW" respectively.

**ARGUMENT**

I.  **Discovery Should Be Stayed In Its Entirety In Cases In Which A Dismissal Motion Is Pending Until Resolution Of The Motion**

The Court should stay all discovery in adversary proceedings in which dispositive motions are pending (such as in the JPMC Adversary Proceedings) until after the Court resolves such motions. Trial courts have broad discretion to manage discovery, including the "inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2040 (3d ed. 2010). *Cf.* Fed. R. Civ. P. 26(c) (a court "may enter any order which justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had").

It is well-understood that "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)). In fact, the "very purpose of Fed. R. Civ. P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or

defense, such as a motion to dismiss based on a failure to state a claim for relief, should, however, be resolved before discovery begins. . . . [N]either the parties nor the court have any need for discovery before the court rules on the motion."). These considerations have special weight where, as here, dispositive motions pending before the Court challenge the sufficiency of claims sounding in fraud. As the Eighth Circuit has noted, "[d]iscovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). The heightened pleading required by Rule 9(b) for fraud claims "serves several purposes, including . . . preventing a claimant from searching for a valid particular claim after filing suit." *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 667 (5th Cir. 2004); *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997) (Rule 9(b) is intended to deter "'the use of complaints as a pretext for fishing expeditions.'") (quoting *Weisburgh v. St. Jude Med., Inc.*, 158 F.R.D. 638, 642 (D. Minn. 1994)).

In determining whether such a stay is appropriate, courts "'must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). In proceedings such as these, where a stay pending resolution of dispositive motions could avoid unnecessary discovery not just on the part of a single defendant, but as to over one hundred, "any harm" such a stay would cause the Trustee "would be substantially outweighed by the potential that resolution of the pending dispositive motions would obviate the need" for discovery entirely. *Riehm v. Engelking*, Civ. No. 06-293 (JRT/RLE), 2006 WL 2085404, at *2 (D. Minn. July 25, 2006). The Trustee opposes staying discovery, but fails to demonstrate the

4

kind of prejudice that might outweigh the harm to defendants subjected to the burden and cost of unnecessary discovery while dispositive motions are pending—only a "belie[f]" that "it is appropriate to move the Pending Adversary Proceedings forward as promptly and efficiently as possible." Supp. Procs. Mot. ¶ 29. When dispositive motions are pending, and the only interest prejudiced by a stay is the plaintiff's "desire to proceed expeditiously with his case," this "interest is offset" by the burden discovery would impose on defendants, and a stay of discovery is proper. *Stine v. Lappin*, Civ. No. 07-vc-01839-WYD-KLM, 2008 WL 4216108, at *1 (D. Colo. Sept. 5, 2008).

The Trustee argues that a stay would "unduly delay the resolution of the Adversary Proceedings." Supp. Procs. Mot. ¶ 29. This *ipse dixit* assertion does not justify burdening defendants with potentially unnecessary discovery; to the contrary, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)).

The Trustee also argues that a stay would "in some cases produce an inconsistent process in Pending Adversary Proceedings involving multiple defendants, some of which may have answered the complaint." Supp. Procs. Mot. ¶ 29. This objection is simply irrelevant to the vast majority of complaints, and the Trustee does not explain why the potential for inconsistent process in a small minority of complaints requires a drastic, undifferentiated across-the-board ruling, rather than a solution tailored to the proceedings at issue. If the Trustee is genuinely concerned by these inconsistencies, he could just as easily move to stay discovery in these proceedings as to all defendants, including those who answered.

5

In determining whether to stay discovery pending resolution of dispositive motions, the Court should also "consider[ ] its own convenience." *Stine*, 2008 WL 4216108, at *2. This factor tips decidedly in favor of a stay. "[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a fully dispositive motion is pending." *Id.* (quoting *Dem. Rep. of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)). Resolution of the pending dismissal motions prior to discovery will obviate—both by eliminating certain cases entirely, and by narrowing and focusing the issues in others—a not insignificant number of discovery disputes which would doubtless otherwise arise. *See, e.g.*, *Woodstock v. Golder*, No. 10-0348, 2011 WL 166684, at *2 (D. Colo. Jan. 19, 2011) ("it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed on the merits"); *In re Graphics Processing Units Antitrust Litig.*, No. 06-07417, 2007 WL 2127577, at *5–6 (N.D. Cal. July 24, 2007) (granting stay of discovery pending decision on motions to dismiss where sound case management practice suggested "adjudicating the motions to dismiss [would] shed light on the best course for discovery").

II. **If And When Discovery Proceeds, The Court Should Reject The Trustee's Discovery Proposals**

   A. **The Trustee Seeks To Unfairly Limit The Scope Of Discovery Available To Adversary Proceeding Defendants**

The Trustee would have this Court order that discovery be limited "solely and specifically to nonprivileged matters . . . which relate to":

> (a) the agreements by, and between and/or among any of the Debtors and/or Thomas Petters and the defendant(s) [*sic*]; (b) except with respect to Employee Defendants, communications by and between and/or among the Debtors, Thomas Petters, and/or Co-conspirators and the defendants(s); (c) payment/compensation information and/or investment/loan payment information relating to transfers and transactions that are the subject of the Adversary Proceeding, including transfers made to or for the benefit of any initial transferee or any immediate or mediate

6

> transferee of such initial transferee; (d) the defendant's good faith or lack thereof, including issues related to the defendant's actual or constructive knowledge or notice of fraudulent activity by the Debtors, Thomas Petters or anyone acting on their behalf; and (e) the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason.

Supp. Procs. Mot. § C(vi). Rule 26(b)(1) of the Federal Rules of Civil Procedure clearly provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense*." FED. R. CIV. P. 26(b)(1) (emphasis added). And yet, through these proposed scope restrictions, the Trustee is seeking to prevent defendants from taking discovery on many of the essential elements of the claims asserted by the Trustee and to limit discovery to good faith defenses that would only become relevant if the Trustee can establish the elements of actual or constructive fraud. This approach is unworkable and would be fundamentally unfair to the Defendants.

First, the limitation proposed by the Trustee is predicated on the assumption that some sort of Ponzi-scheme presumption will be applied in all of the PCI/PGW Adversary Proceedings that will relieve the Trustee of pleading and proving the elements of his fraudulent conveyance claims. JPMC has argued in its Motions to Dismiss that such a presumption has never been adopted by any court in this Circuit and that it clearly should not be applied to the claims against JPMC, which arise out of manifestly legitimate transactions involving Polaroid that had nothing to do with the fraudulent promissory note scheme Tom Petters operated through PCI. There is absolutely no basis for defining the scope of discovery based on an assumption that a completely unwarranted and an unprecedentedly broad interpretation of the Ponzi-scheme presumption will be adopted.

Second, even if the Court denies the JPMC Motions to Dismiss and determines that some formulation of a Ponzi-scheme presumption is potentially applicable to the JPMC Adversary Proceedings, discovery concerning the business operations and financial condition of

7

the relevant Debtors will be crucial to the Court's determination of whether particular aspects of each of the Debtor's transactions and operations constituted a "fraudulent investment Ponzi scheme,"[3] and whether the specific challenged transfers to defendants were made "in furtherance of" such a scheme. *See, e.g.*, *Kelley, et al. v. JPMorgan Chase & Co., et al.*, Adv. Nos. 10-04443, 10-04444, 10-04445, Compl. ¶¶ 123, 134 (Oct 10, 2010).

The Trustee's self-serving limitations would also prevent defendants from establishing the debtors' solvency at the time of the challenged transfers.[4] Discovery concerning the relevant Debtor's solvency is necessary not only with respect to the Trustee's constructive fraud claims, but also is relevant to the issue of whether a transfer was made with fraudulent intent or received in good faith. If, for example, a transferor received reasonably equivalent value and was not rendered insolvent by a transfer, those facts strongly suggest that the transfer was not made with the intent to defraud creditors and was received in good faith.

Limiting the scope of discovery in the manner proposed by the Trustee would be extremely wasteful for all concerned. Given the overlap of factual issues relevant to the different claims and defenses at issue in this litigation, such an approach would require the parties to engage in overlapping and duplicative document discovery at different phases of the litigation, and would result in unnecessary and time-consuming disputes concerning the permitted scope of discovery.

---

[3] As the Court stated during the hearing approving the Coordination Agreement between Kelley as Trustee and Receiver, the Polaroid Trustee, and the Government, the Trustee is going to have to establish the existence of a Ponzi scheme "the hard way, establish it historically by way of documents and transactionally," and will not be allowed to rely on the guilty pleas of PCI or PGW "as a point of proof that will be relevant to the establishment of a Ponzi scheme." *U.S. v. Petters, et al.*, Civ. No. 08-5348 (ADM/JSM), Hr'g Tr. at 115:15-22 (D. Minn. Sept. 14, 2010) (McDonald Decl. Ex. A.).

[4] The Trustee euphemistically refers to its discovery proposals as "compromises," even though they are not the result of any negotiations, much less concessions, between the Trustee and defendants. Supp. Procs. Mot. ¶ 30 ("The Supplemental Procedures represent, from the Trustee's perspective, a compromise position. . . .").

Evidence pertaining to the Debtors' financial condition and business operations is highly relevant and peculiarly within the Trustee's possession, custody and control. The Trustee does not even attempt to justify this prejudicial, self-serving scope restriction. Indeed, there is no justification. To the extent discovery is to be permitted in these actions during the pendency of dispositive motions, the Court should enter an Order which, consistent with Rule 26(b)(1), permits the parties to take discovery of "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).

### B. The Trustee Proposes An Unreasonable And Unduly Burdensome Discovery Timetable

The Trustee seeks to require the production of a broadly-defined set of so-called "Required Disclosures" within 60 days of the entry of the proposed Supplemental Procedures Order. The definition of "Required Disclosures" is the same one that the Trustee proposed and the Court adopted in the January 21, 2011 Procedures Order for mediation cases. Needless to say, the number of documents falling within this definition in the context of the JPMC Adversary Proceedings is far greater than it would be in most, if not all, of the mediation cases, all of which involve claims totaling $1,000,000 or less. As noted, the "Required Disclosures" include, among other things, copies of all agreements and correspondence (apparently including e-mail under the Trustee's proposal) from an unspecified time period, and all documents reflecting investment/loan payment information relating to the transfers and transactions at issue in the case. The JPMC Adversary Proceedings bring claims involving, *inter alia*, (1) the extensively documented, negotiated, and analyzed sale of a publicly-traded corporation for over $400 million, and (2) several years of borrowings and repayments under similarly extensively documented and negotiated secured credit agreements governing multiple credit facilities and involving not only JPMC Bank and Polaroid, but also a number of other large non-party financial

9

institutions. Requiring JPMC to complete in 60 days the time-consuming and burdensome e-mail restoration, document collection, attorney review and production of all agreements, all correspondence, and all documents reflecting investment/loan payment information relating to these transactions, as would be necessary to satisfy the "Required Disclosures," is not realistic.

Compounding the problem is the Trustee's proposal that purports to require "[r]esponses" to yet additional, unspecified document requests relating to both the subject matter of the "Required Disclosures" and other categories of information, again within the same 60-day time period. To the extent the Trustee is proposing that written responses and objections to document requests will be due within 60 days of service, JPMC has no objection to that timetable once discovery commences. However, to the extent the Trustee is proposing that the production of documents in response to each and every unspecified document request will be complete within 60 days of service, JPMC objects to this proposal as unduly burdensome and unrealistic.

### C. Rule 26 Initial Disclosures Should Not Be Supplanted By The Proposed "Required Disclosures"

JPMC objects, and reiterates the objections stated in its Response to the Trustee's proposed Procedures Order, to section C(ii) of the Supplemental Procedures Motion, which proposes that the provisions of Rules 16, 26(a)(1), 26(a)(2), 26(a)(3), and 26(f)[5] of the Federal Rules of Civil Procedure (made applicable to these proceedings by Fed. R. Bankr. P. 7016 and 7026) be waived in the Adversary Proceedings. The Trustee provides no justification, and cites no law or any other authority, in support of this proposal, which would unfairly advantage the Trustee and prejudice the defendants. The Trustee has had years of access to extensive material

---

[5] The Trustee's proposed waiver of the requirements of Rule 16 and Rule 26(f) would presumably not apply to the JPMC Adversary Proceedings if the Court decides to separately consolidate these matters.

information, including but not limited to current and former employees and affiliates of the Debtors, documents in the Debtors' possession, custody, or control regarding the transfers challenged in the Adversary Proceedings and documents obtained by the Trustee from third parties in his capacities as both receiver and Trustee. As such, waiver of the initial disclosures required under in Rule 26(a)(1) would disproportionately benefit the Trustee at the expense of the defendants. The Court should require the parties to comply with their initial disclosure obligations once the motions to dismiss have been decided, and should not supplant these disclosures with the one-sided and unsupported set of so-called "Required Disclosures" proposed by the Trustee.

Furthermore, while JPMC believes that discussion of the specific application of the expert disclosure rules and pre-trial disclosure rules set forth in Rules 26(a)(2) and (3) is premature at this point, JPMC objects to the Trustee's proposal that the these rules be ordered inapplicable except to the extent set forth in a further order. It seems clear that, to the extent the JPMC Adversary Proceedings (and other proceedings) are not resolved at the motion to dismiss stage, the parties will seek to offer expert testimony and therefore the expert disclosure rules will be important and necessary. The Trustee provides no justification for the proposed deviation from these well-established Federal Rules.

## CONCLUSION

WHEREFORE, JPMC respectfully requests that the Court enter an Order consistent with the foregoing, and grant such other or further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: April 15, 2011 | SIMPSON THACHER & BARTLETT LLP |

                By:  */e/ Thomas C. Rice*

                    Thomas C. Rice (*pro hac vice*)
                    David J. Woll (*pro hac vice*)
                    Jeffrey Coviello (*pro hac vice*)
                    Isaac M. Rethy (*pro hac vice*)

                    425 Lexington Avenue
                    New York, NY 10017-3954
            Tel:  (212) 455-2000
            Fax:  (212) 455-2502
      Email:  trice@stblaw.com

BRIGGS & MORGAN, P.A.

                By:  */e/ John R. McDonald*

                    John R. McDonald (#0168592)
                    Kevin M. Decker (#0314341)

                    2200 IDS Center
                    80 South Eighth Street
                    Minneapolis, MN 55402
            Tel:  (612) 977-8400
            Fax:  (612) 977-8650
      Email:  jmcdonald@briggs.com

*Counsel to JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., One Equity Partners, LLC, Jacques A. Nasser, Lee M. Gardner, Charles F. Auster, James W. Koven, Rick A. Lazio, J. Michael Pocock, William L. Flaherty and Ira H. Parker*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Petters Company, Inc., et al.,<br><br>Debtors.<br><br>(includes:<br>Petters Group Worldwide, LLC;<br>PC Funding, LLC;<br>Thousand Lakes, LLC;<br>SPF Funding, LLC;<br>PL Ltd., Inc.;<br>Edge One, LLC;<br>MGC Finance, Inc.;<br>PAC Funding, LLC;<br>Palm Beach Financing Holdings, Inc.) | **Jointly Administered under<br>Case No. 08-45257**<br>**Jury Trial Demanded**<br><br>Court File Nos.<br>08-45258 (GFK)<br>08-45326 (GFK)<br>08-45327 (GFK)<br>08-45328 (GFK)<br>08-45329 (GFK)<br>08-45330 (GFK)<br>08-45331 (GFK)<br>08-45371 (GFK)<br>08-45392 (GFK)<br><br>Chapter 11 Cases<br>Judge Gregory F. Kishel |

## DECLARATION OF JOHN R. MCDONALD

I, John R. McDonald, hereby declare the following:

1. I am an attorney at the law firm of Briggs and Morgan, P.A. in Minneapolis, Minnesota, and I am counsel to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., parties in interest in the above-captioned bankruptcy proceedings. I make this Declaration in Support of the Response and Objection of JPMorgan Chase & Co., *et al.*, to Trustee's Motion for an Order Authorizing and Approving Supplemental Case Management Procedures Governing Multiple Adversary Proceedings Arising Under 11 U.S.C. § 105, 502, 506, 510, 542, 547, 548, and 550. My Declaration is based on my review of the documents attached hereto.

2.       Attached hereto as **Exhibit A** is a true and correct copy of the Transcript of the Hearing on Motion to Approve Coordination Agreement hearing held on Sept. 14, 2010 in *U.S. v. Petters, et al.*, Civ. No. 08-5348 (ADM/JSM) (D. Minn. Sept. 14, 2010).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of April, 2011 at Minneapolis, Minnesota.

*/e/ John R. McDonald*
John R. McDonald

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | |
| Petters Company, Inc., et al., | **Jointly Administered under Case No. 08-45257**<br>**Jury Trial Demanded** |
| Debtors. | |
| (includes:<br>Petters Group Worldwide, LLC;<br>PC Funding, LLC;<br>Thousand Lakes, LLC;<br>SPF Funding, LLC;<br>PL Ltd., Inc.;<br>Edge One, LLC;<br>MGC Finance, Inc.;<br>PAC Funding, LLC;<br>Palm Beach Financing Holdings, Inc.) | Court File Nos.<br>08-45258 (GFK)<br>08-45326 (GFK)<br>08-45327 (GFK)<br>08-45328 (GFK)<br>08-45329 (GFK)<br>08-45330 (GFK)<br>08-45331 (GFK)<br>08-45371 (GFK)<br>08-45392 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

## CERTIFICATE OF SERVICE

I, Marcus Ploeger, certify that on April 15, 2011, I caused the foregoing Response and Objection of JPMorgan Chase & Co., et al., to the Trustee's Motion for an Order Authorizing and Approving Supplemental Case Management Procedures Governing Multiple Adversary Proceedings Arising Under 11 U.S.C. § 105, 502, 506, 510, 542, 547, 548, and 550, the accompanying Declaration of John R. McDonald, and the exhibit annexed thereto, to be served electronically upon all parties who have requested such service in these cases by filing the same via ECF, and upon non-ECF participants via U.S. Mail at the addresses listed below.

ArrowHead Capital Management LLC
C/O James N Fry
601 Carlson Pkwy
Ste 1250
Minnetonka, MN 55305

TIMOTHY F BROWN
ARENT FOX LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036-5339

MICHAEL S BUDWICK
MELAND RUSSIN & BUDWICK PA
200 S BISCAYNE BLVD STE 3000
MIAMI, FL 33131

THOMAS K CAULEY
SIDLEY AUSTEL LLP
1 S DEARBORN
CHICAGO, IL 60603

EDWARD J ESTRADA
REED SMITH LLP
599 LEXINGTON AVE 22ND FLR
NEW YORK, NY 10022

JESSICA S ETRA
WILLKIE FARR & GALLAGHER LLP
787 7TH AVE
NEW YORK, NY 10019-6099

Elite Landings, LLC
2005 Cargo Road
Minneapolis, MN 55450

Mark Enslin
Lindquist & Vennum P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Estate of Kenneth R. Cunningham III
c/o Mr. Kenneth R. Cunningham, Jr.
120 White Cedar Dr
Sedona, AZ 86351

JONATHAN S FELDMAN
MELAND RUSSIN & BUDWICK PA
200 S BISCAYNE BLVD STE 3000
MIAMI, FL 33131

MATTHEW A FELDMAN
787 7TH AVE
NEW YORK, NY 10019

MATTHEW J FLYNN
QUARLES & BRADY
411 E WISCONSIN AVE
MILWAUKEE, WI 53202

LAWRENCE J FRIEDMAN
FRIEDMAN & FEIGER LLP
5301 SPRING VALLEY RD STE 200
DALLAS, TX 75254

MICHAEL L GAUBERT
FRIEDMAN & FEIGER LLP
5301 SPRING VALLEY RD STE 200
DALLAS, TX 75254

SOLOMON B GENET
MELAND RUSSIN & BUDWICK PA
200 S BISCAYNE BLVD STE 3000
MIAMI, FL 33131

DAVID M GISCHE
TROUTMAN SANDERS LLP
401 9TH ST NW
WASHINGTON, DC 20004-1234

JONATHAN HACKBARTH
QUARLES & BRADY
411 E WISCONSIN AVE
MILWAUKEE, WI 53202

JEFFRY M HENDERSON
HENDERSON & LYMAN
175 WEST JACKSON BLVD STE 240
CHICAGO, IL 60604

HUGH HILL
875 THIRD AVE
NEW YORK, NY 10022

MARCUS B HOLLADAY
TROUTMAN SANDERS LLP
401 9TH ST NW
SUITE 1000
WASHINGTON, DC 20004-1234

MARK R JACOBS
PRYOR CASHMAN LLP
410 PARK AVENUE
NEW YORK, NY 10022

HARRIS L KAY
HENDERSON & LYMAN
175 WEST JACKSON BLVD STE 240
CHICAGO, IL 60604

ROBIN E KELLER
HOGAN LOVELLUS US LLP
875 3RD AVE
NEW YORK, NY 10022

BRYAN KRAKAUER
SIDLEY AUTSIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603

JAMES ROBERT KRAUSE
FRIEDMAN & FEIGER LLP
5301 SPRING VALLEY RD STE 200
DALLAS, TX 75254

Douglas A Kelley
Kelley & Wolter PA
Centre Village Offices
431 S 7th St, Suite 2530
Minneapolis, MN 55415

Kelly Collins-Cunningham, Trustee of the Kenneth R. Cunningham III Trust
13234 West Jacobson Dr
Litchfield Park, AZ 85340

Robert J Lemons
Weil Gotshal & Manges LLP
767 5th Ave
New York, NY 10153

MICHAEL S MC ELWEE
VARNUM LLP
BRIDGEWATER PLACE
PO BOX 352
GRAND RAPIDS, MI 49501

ISSA MOE
MOSS AND BARNETT PA
4800 WELLS FARGO CENTER
90 SOUTH 7TH ST
MPLS, MN 55402

MARTIN J MULLEN
ROWE ALLEN MULLEN LLP
4274 EXECUTIVE SQUARE 11TH FLR
LA JOLLA, CA 92037

Neal Gerber & Eisenberg LLP
C/O Thomas C. Wilford
Two North LaSalle Street Suite 1700
Chicago, IL 60602

ERIC W OSTROFF
MELAND RUSSIN & BUDWICK PA
200 S BISCAYNE BLVD STE 3000
MIAMI, FL 33131

DEBORAH M PERRY
3800 LINCOLN PLAZA
500 NORTH AKARD
DALLAS, TX 75201-6659

Ronald R Peterson
Jenner & Block, LLP
330 North Wabash Avenue
Chicago, IL 60611-7603

R BRIAN SHIELDS
FRIEDMAN & FEIGER LLP
5301 SPRING VALLEY RD STE 200
DALLAS, TX 75254

Grover C Sayre
Leonard O'Brien ET AL
100 S Fifth St
Suite 2500
Minneapolis, MN 55402

Edward Randolph Shaw
Attorney Edward R Shaw PA
722 South Sixth Street
Brainerd, MN 56401

Kevin J Short
150 S. 5th St. Ste 3260
Minneapolis, MN 55402

BRYANT D TCHIDA
LEONARD STREET DEINARD
150 SOUTH FIFTH ST
STE 2300
MPLS, MN 55402

STEVEN W THOMAS
THOMAS ALEXANDER & FORRESTER LLP
14 27TH AVE
VENIE, CA 90291

Taunton Ventures LP
C/O Paul Taunton
990 Deerbrook Dr
Chanhassen, MN 55317

Sherri L Toub
Weil Gotshal & Manges LLP
767 5th Ave
New York, NY 10153

Trent Tucker Non-Profit Organization
4350 Baker Road
Suite 400
Minneapolis, MN 55343

Gary Underdahl
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121

Gary D. Underdahl
ASK Financial
2600 Eagan Woods Drive
Suite 400
St. Paul, MN 55121

*/e/ Marcus Ploeger*