**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| | Court File No. 08-45257 |
| Petters Company, Inc., et al., | Court Files Nos.: |
| Debtors. | 08-45258 (GFK) |
| (includes: | 08-45326 (GFK) |
| Petters Group Worldwide, LLC; | 08-45327 (GFK) |
| PC Funding, LLC; | 08-45328 (GFK) |
| Thousand Lakes, LLC; | 08-45329 (GFK) |
| SPF Funding, LLC; | 08-45330 (GFK) |
| PL Ltd., Inc.; | 08-45331 (GFK) |
| Edge One LLC; | 08-45371 (GFK) |
| MGC Finance, Inc.; | 08-45392 (GFK) |
| PAC Funding, LLC; | |
| Palm Beach Finance Holdings, Inc.) | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

---

**NOTICE OF HEARING AND MOTION OF FREEBORN & PETERS LLP
TO FILE EXHIBITS TO FIRST INTERIM APPLICATION FOR
ALLOWANCE AND PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES AS SEALED DOCUMENTS**

TO:   The Honorable Gregory F. Kishel, United States Bankruptcy Judge, the United States Trustee and all other parties entitled to notice.

1.   Freeborn & Peters LLP ("*F&P*") on behalf of Douglas A. Kelley, the Chapter 11 Trustee (the "*Trustee*") for Petters Company, Inc. ("*PCI*"), Petters Group Worldwide, LLC ("*PGW*"), PC Funding, LLC ("*PC Funding*"), Thousand Lakes, LLC ("*Thousand Lakes*"), SPF Funding, LLC ("*SPF*"), PL Ltd., Inc. ("*PL Ltd.*"), Edge One LLC ("*Edge One*"), MGC Finance, Inc. ("*MGC*"), PAC Funding, LLC ("*PAC*") and Palm Beach Finance Holdings, Inc. ("*Palm

*Beach*," and collectively with PCI, PGW, PC Funding, Thousand Lakes, SPF, PL Ltd., Edge One, MGC and PAC, the "*Debtors*"), hereby gives notice of hearing on the motion of Freeborn & Peters LLP to file exhibits to first interim application for allowance and payment of compensation and reimbursement of expenses as sealed documents (the "*Motion*").

2. The Court will hold a hearing on this Motion at 9:30 a.m. on September 27, 2011, or soon thereafter as the parties may be heard, before Gregory F. Kishel, United States Bankruptcy Judge, in Courtroom 2A of the United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota.

3. Any response to the Motion must be filed with the Court and served upon Applicant by delivery or mail not later than September 22, 2011, which is five (5) days before the hearing (including Saturdays, Sundays and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. F&P requests entry of the attached order authorizing it to submit to the Clerk of the Court as sealed documents certain exhibits (collectively, the "*Exhibits*") to F&P's First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses (the "*Fee Application*") and in support thereof, states as follows:

## BACKGROUND

5. The Petitions commencing the Chapter 11 bankruptcy cases for PCI and PGW were filed on October 11, 2008; the Petitions commencing the Chapter 11 bankruptcy cases for PC Funding, Thousand Lakes, SPF Funding, PL Ltd., Edge One and MGC were filed on October 15, 2008; the Petition commencing the Chapter 11 bankruptcy case for PAC was filed on October 17, 2008; and the Petition commencing the Chapter 11 bankruptcy case for Palm Beach

2

was filed on October 19, 2008 (collectively, the "*Cases*" and the "*Petition Dates*").  Venue of these Cases and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Cases are pending before this Court.

6. On November 21, 2008 a Committee of Unsecured Creditors was appointed pursuant to § 1102 of the Bankruptcy Code (the "*Committee*"). On December 24, 2008, the United States Trustee appointed Douglas A. Kelley as Trustee in these Cases and this Court issued an order approving such appointment on February 26, 2009. The Trustee continues to operate these businesses pursuant to § 1108 of the Bankruptcy Code.

7. The Court authorized F&P's retention as special counsel to the Trustee in these Cases effective as of February 22, 2011 pursuant to the Order Authorizing Employment of Freeborn & Peters LLP as Counsel dated March 8, 2011 (the "*Employment Order*," Dkt. No. 1049).

8. Concurrently with this Motion, F&P has filed its Fee Application, pursuant to which it seeks interim approval of compensation in the amount of $760,519.72 and reimbursement of expenses in the amount of $20,394.05, related to its representation of the Trustee for the period from February 22, 2011 through July 31, 2011 (the "*Application Period*").

## JURISDICTION

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(a).

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The basis for relief requested herein is 11 U.S.C. §§ 105 and 107(b) and Federal Rule of Bankruptcy Procedure 9018. This Motion is filed pursuant to Federal Rule of Bankruptcy Procedure 9014 and Local Rules 2002-1 and 9013-1 through 3.

## RELIEF SOUGHT

13. For the following reasons, F&P requests that it be permitted to file *Exhibit B* to the Fee Application, which consist of the time entries of its attorneys and paraprofessionals for the Application Period, under seal.

14. As described in great detail in the Fee Application, F&P has been engaged by the Trustee to perform an investigation of potential estate claims against a professional services firm that performed services on behalf of the Debtors and their principal, Thomas Petters, in the period prior to the Petition Dates. This investigation has resulted in the drafting of an adversary complaint against the professional services firm, which remains unfiled as of the date of this Motion.

15. In order to comply with the timekeeping requirements imposed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and guidelines generally followed by courts in this District, F&P has maintained detailed time entries which describe the precise nature of the services rendered during the Application Period, including: (1) review and culling of over 3 million documents produced by several parties, including the professional services firm; (2) interviews with seven potential expert witnesses; (3) interviews of five potential fact witnesses; and (4) comprehensive legal research on a multitude of complex legal issues related to potential claims and causes of action, as well as defenses that may be raised by the professional services firm.

16. These time entries constitute attorney work product of F&P, and contain highly sensitive (and potentially privileged) information that, if publicly released at this time, could irreparably compromise the Trustee's litigation efforts. Indeed, if such time entries were made available to the professional services firm, the firm would gain access to, among other things,

F&P's proposed litigation strategy, its evaluation of the viability of certain claims and causes of action, the identity of potential expert and fact witnesses and an analysis of potential defenses that could be raised in the event that the Trustee elects to file the adversary complaint. F&P submits that a release of such information at this time, prior to the filing of the Complaint and prior to any potential pre-filing settlement discussions, would result in a diminution of value of such claims, which constitute a potentially valuable asset of these estates.

17.  Moreover, F&P is concerned that the public release of its time entries during the pre-filing phase of its investigation may cause reputational harm to the professional services firm itself, as it is not currently a defendant to any adversary proceeding related to these Cases. F&P has gone to great lengths to protect the identity of the professional services firm during its pre-filing investigation, so that the firm's reputation and standing in the professional community is unaffected in the event that the Trustee decides not to pursue claims against it. It is unquestionably the case that a public release of F&P's time records will undermine F&P's efforts in this regard.

18.  Finally, F&P submits that a redaction of its time detail sufficient to protect its litigation strategy and attorney work product will be overly burdensome and nearly impossible to accomplish. *Exhibit B* to the Fee Application consists of over 200 pages of time detail, nearly all of which consists of attorney work product, the contents of potentially privileged communications with the Trustee and litigation strategy that has taken over five months – and thousands of hours of professional effort – to develop. A redaction of this time detail will require a substantial investment of resources – which F&P submits is better devoted to the substance of the litigation claims it is investigating – and would render *Exhibit B* virtually unreadable. Accordingly, F&P believes that a filing of *Exhibit B* under seal – and permitting

5

limited access to the Exhibits by the Court and certain other key parties – best accomplishes the dual goals of opening the Exhibits to appropriate scrutiny while protecting F&P's valuable work product.

19.     Section 107(b) of the Bankruptcy Code states, "[o]n request of a party in interest, the bankruptcy court shall…protect an entity with respect to a trade secret or confidential research, development or commercial information; or protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(1)-(2). *See also* Fed. R. Bank. P. 9018(1). The work product sought to be protected by F&P falls under the purview of section 107(b). *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655 (Bankr. W.D. Tex. 1997) ("Certainly a lawyer's work product is one type of "confidential research" that falls within the plain language of the statute's protection").

20.     F&P submits that section 107(b) and Bankruptcy Rule 9018, as well as the equitable powers granted under section 105(a) of the Bankruptcy Code, give this Court authority to permit the filing of the Exhibits under seal. By permitting the filing of *Exhibit B* under seal, F&P's confidential and proprietary work product, as well as the litigation strategy that has been developed through the efforts of over one dozen F&P professionals, can be preserved for the benefit of these estates and creditors.

21.     However, in order to permit appropriate scrutiny of the Fee Application and *Exhibit B* by key parties in interest in these Cases, F&P acknowledges that *Exhibit B* must be made available for review under limited circumstances. Accordingly, F&P proposes that, notwithstanding the filing of *Exhibit B* under seal, it will make unredacted (except for privileged information) copies of *Exhibit B* available to the Trustee, the Office of the United States Trustee (the "*UST*") and the Committee for their review. F&P submits that this limited review is

6

sufficient to afford key parties with the ability to confirm the reasonableness of the services rendered by F&P, as well as the time incurred in the performance of its duties, and complies with the disclosure obligations set forth in section 107(c)(3) of the Bankruptcy Code.

22.  A proposed order is submitted herewith and attached hereto as Exhibit A.

WHEREFORE, F&P respectfully requests that this Court grant this Motion and enter an Order that:

1.  allows F&P to file *Exhibit B* to the Fee Application under seal;

2.  allows F&P to limit service of unredacted (except for privileged information) copies of *Exhibit B* to the UST and the Committee; and

3.  grants F&P such further and other relief as the Court deems just and appropriate.

Dated:  September 6, 2011          **DOUGLAS A. KELLEY,**
                                    **CHAPTER 11 TRUSTEE**

                                    By:   /s/ Neal H. Levin
                                          One of His Attorneys

                                    Neal H. Levin (IL No. 6243069)
                                    FREEBORN & PETERS LLP
                                    311 South Wacker Drive, Ste. 3000
                                    Chicago, Illinois 60606-6677
                                    Telephone:  312.360.6000
                                    Facsimile:  312.360.6995

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered under Case No. 08-45257 |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | Court Files Nos: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

### ORDER AUTHORIZING FREEBORN & PETERS LLP TO FILE EXHIBITS TO FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SEALED DOCUMENTS

This matter came on before the Court on September 27, 2011 on the Motion of Freeborn & Peters LLP ("*F&P*") on behalf of Douglas A. Kelley, Chapter 11 Trustee, for authority to file as sealed documents a certain exhibit to F&P's First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses (the "*Fee Application*"). The Court having reviewed the Motion; it appearing to the Court that the Court has jurisdiction of this matter; the Court further finding that due and adequate notice was given; and the Court being full advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

2349486v1

NOW THEREFORE IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED;

2. F&P may file *Exhibit B* to the Fee Application under seal; and

3. F&P may limit service of unredacted (except for privileged information) copies of *Exhibit B* to the Fee Application to the Official Committee of Unsecured Creditors, the Office of the United States Trustee and the Chapter 11 Trustee.

Dated: _____

                                                                     _____
                                                                     Gregory F. Kishel
                                                                     United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
|  | Court File No. 08-45257 |
| Petters Company, Inc., et al., | Court Files Nos.: |
| Debtors. | 08-45258 (GFK) |
|  | 08-45326 (GFK) |
| (includes: | 08-45327 (GFK) |
| Petters Group Worldwide, LLC; | 08-45328 (GFK) |
| PC Funding, LLC; | 08-45329 (GFK) |
| Thousand Lakes, LLC; | 08-45330 (GFK) |
| SPF Funding, LLC; | 08-45331 (GFK) |
| PL Ltd., Inc.; | 08-45371 (GFK) |
| Edge One LLC; | 08-45392 (GFK) |
| MGC Finance, Inc.; |  |
| PAC Funding, LLC; | Chapter 11 Cases |
| Palm Beach Finance Holdings, Inc.) | Judge Gregory F. Kishel |

**UNSWORN CERTIFICATE OF SERVICE**

I, Neal H. Levin, declare that on September 6, 2011, the following documents:

1. Notice of Hearing and Motion of Freeborn & Peters LLP to File Exhibits to First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses as Sealed Documents;

2. Order Authorizing Freeborn & Peters LLP to File Exhibits to First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses as Sealed Documents; and

3. Unsworn Certificate of Service

were electronically filed through the Electronic Case Filing System (ECF) and via U.S. Mail to the addresses listed on the attached Service List and served electronically by Notice of Electronic Filing upon all parties who have requested service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota

Dated: September 6, 2011

**DOUGLAS A. KELLEY,
CHAPTER 11 TRUSTEE**

By:   /s/ Neal H. Levin
     One of His Attorneys

Neal H. Levin (IL No. 6243069)
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6995

**Service List**

Arrowhead Capital Management LLC
c/o James N. Fry
601 Carlson Parkway, Suite 1250
Minnetonka, MN 55305

Barry E, Mukamal
c/o Michael S. Budwick
Jonathan Feldman,
Solomon Genet, Eric Ostroff
Meland Russin & Budwick PA
200 S. Biscayne Blvd, Ste. 300
Miami, FL 33131

Geoff Varga
c/o Edward J. Estrada
Reed Smith LLP
599 Lexington Ave., 22nd Floor
New York, NY 10022

Elite Landings, LLC
PO Box 16352
St. Paul, MN 55116-0352

Vicis CapitalMaster Fund, Ltd.
Matthew J. Flynn, Jonathan Hackbarth
Quarles & Brady
411 E. Wisconsin Ave.
Milwaukee, WI 53202

Greenwich Insurance Company
c/o David M. Gische and Marcus B. Holladay
Troutman Sanders LLP
401 9th Street NW
Washington, DC 20004-1234

Douglas A. Kelley
Kelley & Wolter PA
Centre Village Offices
431 South 7th Street, Suite 2530
Minneapolis, MN 55415

West LB AG, New York Branch
c/o Timothy F. Brown
Arent Fox LP
1050 Connecticut Ave NW
Washington, DC 20036-5339

Rhone Holdings II, Ltd.
c/o Thomas K. Cauley, Bryan Krakauer,
Brian McAleenan
Sidley Austin LLP
1 South Dearborn
Chicago, IL 60603

East River Offshore Ltd.
c/o Jessica S. Etra, Matthew A. Feldman
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019-6099

Estate of Kenneth R. Cunningham III
c/o Mr. Kenneth R. Cunningham, Jr.
11 Pinon Woods Drive
Sedona, AZ 86351-7918

EFO Holdings, L.P. & Cypress Financial
c/o Lawrence J. Friedman, Michael Gaubert,
James Krause, R. Brian Shields
Friedman & Feiger LLP
5301 Spring Valley Rd, Suite 200
Dallas, TX 75254

Kenneth Johnson
c/o Jeffry Henderson, Harris Kay
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604

Kelly Collins-Cunningham
Trustee of Kenneth R. Cunningham III Trust
5325 N 132nd Ave
Litchfield Park AZ 85340-8341

The Breast Cancer Research Foundation
c/o Robert Lemons, Sherri Toub
Weil Gotshal & Manges LLP
767 5th Avenue
New York, NY 10153

Chase Bank, Trustee
c/o Michael McElwee
Varnum LLP
Bridgewater Place
PO Box 352
Grand Rapids MI 49501

Issa Moe
Moss and Barnett
4800 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402

Michael Smith
c/o Martin Mullen
Rowe Allen Mullen LLP
4274 Executive Square 11th Floor
La Jolla CA 92037

Neal Gerber & Eisenberg LLP
c/o Thomas C. Wolford
Two North LaSalle Street Suite 1700
Chicago, IL 60602

Ark Royal Capital LLC
c/o Deborah Perry
3800 Lincoln Plaza
500 North Akard
Dallas TX 75201-6659

Northwestern Foundation
c/o Grover C. Sayre
Leonard O'Brien et al
100 S. Fifth Street
Suite 2500
Minneapolis, MN 55402

Edward Randolph Shaw
722 South Sixth Street
Brainerd, MN 56401

Kevin J Short
150 S. 5th St. Ste 3260
Minneapolis, MN 55402

Epsilon/Westford
c/o Peter J. Schwingler, Bryant D. Tchida
Leonard Street & Deinard
150 S. Fifth Street, Ste 2300
Minneapolis, MN 55402

Palm Beach Finance Partners
c/o Steven W. Thomas
Thomas Alexander & Forrester LLP
14 27th Avenue
Venice, CA 90291

Taunton Ventures LP
c/o Paul Taunton
9980 Deerbrook Drive
Chanhassen, MN 55317

Trent Tucker Non-Profit Organization
4350 Baker Road
Suite 400
Minneapolis MN 55343

Gary Underdahl
ASK Financial
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121

Northwater Entities
c/o Matthew A. Feldman
Wilkie Farr & Gallagher, LLP
787 7th Avenue
New York, NY 10019

Huron Consulting Group, Inc.
4795 Paysphere Circle
Chicago, IL 60674-4795

Petters Aviation LLC
PO Box 16352
St. Paul, MN 55116-0352

Tobias S. Keller, David C. Kiernan
Daniel Reidy
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94101

Daniel J. Frisk, Don R. Grande
Steven M. Light
Grande Frisk & Carter
2700 12th Ave. South, Suite 1
Fargo, ND 58103

Robin E. Keller
Hogan Lovellus US LLP
875 3rd Avenue
New York, NY 10022

Randall L. Seaver
On behalf of Petters Capital, LLC
12400 Portland Avenue South
Suite 132
Burnsville, MN 55337

Daniel E. Reidy
Theodore T. Chung
Tara A. Fumerton
Jones Day
77 W. Wacker Drive
Chicago, IL 60601

Jonathan S. Feldman
Meland Russin & Budwick PA
200 S. Biscayne Blvd, Ste 3000
Miami, FL 33131