UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re | Jointly Administered under Case No. 08-45257 |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| (includes: | Court File Nos.: |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

---

**NOTICE OF HEARING AND MOTION IN LIMINE TO EXCLUDE:**

**(1) EXPERT TESTIMONY OF FACT WITNESSES OFFERED BY THE OBJECTING PARTIES; AND**

**(2) THE TESTIMONY OF EXPERT WITNESS PROFESSOR STEVEN SCHWARCZ TO THE EXTENT HE SEEKS TO OFFER LEGAL CONCLUSIONS OR OPINIONS**
_____

TO:   The Parties in Interest identified in Local Rule 9013-3(a)(2).

## INTRODUCTION

1.   Douglas A. Kelley (the "<u>Trustee</u>"), the duly-appointed Chapter 11 Trustee of the above-captioned debtors (the "<u>Debtors</u>"), by and through his counsel, hereby moves this Court for the relief requested herein and gives notice of hearing.

2. The Court will hold a hearing on this Motion at 1:30 p.m. on Monday, December 5, 2011, or as soon thereafter as the parties may be heard, before Gregory F. Kishel, Chief United States Bankruptcy Judge, in Courtroom 2A of the United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota.

3. Any response to the Motion must be filed and served by mail or delivery not later than November 30, 2011.  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This is a core proceeding.  A Voluntary Petition commencing the Chapter 11 case of Petters Company, Inc. ("PCI") was filed on October 11, 2008.  Petitions commencing the Chapter 11 cases of PC Funding, LLC ("PC Funding"), Thousand Lakes, LLC ("Thousand Lakes"), SPF Funding, LLC ("SPF Funding"), PL Ltd., Inc. ("PL Ltd."), Edge One, LLC ("Edge One") and MGC Finance, Inc. ("MGC Finance") were filed on October 15, 2008.  The petition commencing the Chapter 11 case of PAC Funding, LLC ("PAC Funding") was filed on October 17, 2008.  The petition commencing the Chapter 11 case of Palm Beach Finance Holdings, Inc. ("Palm Beach") was filed on October 19, 2008 (collectively, the "Bankruptcy Cases" and the "Bankruptcy Estates").

5. Venue of the Bankruptcy Cases and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. A committee of unsecured creditors (the "Creditors' Committee") was appointed on November 21, 2008 pursuant to § 1102 of the Bankruptcy Code.  On December 24, 2008, the United States Trustee appointed Douglas A. Kelley as Trustee in these Cases.  On February 26, 2009, this Court approved that appointment.

2

7. On April 6, 2011, the Trustee filed an Amended and Restated Motion for Substantive Consolidation seeking to substantively consolidate the estates of PCI, PC Funding, Thousand Lakes, SPF Funding, PL Ltd., Edge One, MGC Finance, PAC Funding, and Palm Beach (the "Motion").  (Docket No. 1099).

8. The Creditors' Committee joined in the Trustee's Motion.  (Docket No. 1131).

9. On April 15, 2011, (Docket No. 1118) Opportunity Finance, LLC; Opportunity Finance Securitization, LLC; Opportunity Finance Securitization II, LLC; Opportunity Finance Securitization III, LLC; International Investment Opportunities, LLC; the Sabes Family Foundation, the Sabes Minnesota Limited Partnership, Robert W. Sabes, Janet F. Sabes, Jon R. Sabes and Steven F. Sabes (the "Opportunity Finance Objecting Parties") filed an objection to the Trustee's Motion.

10. On April 15, 2011, (Docket No. 1139) Westford Special Situations Master Fund, L.P.; Westford Global Asset Management Ltd.; Westford Special Situations Fund Ltd.; Westford Special Situations Fund, L.P.; Westford Asset Management, LLC; Epsilon Global Master Fund, L.P.; Epsilon Global Active Value Fund Ltd.; Epsilon Global Active Value Fund I-B Ltd.; Epsilon Global Active Value Fund, L.P.; Epsilon Global Master Fund II, L.P. a/k/a Epsilon Global Master Fund II, L.P., Sub 1; Epsilon Global Active Value Fund II-B Ltd.; Epsilon Global Active Value Fund II, L.P.; Epsilon Global Active Value Fund II-B, L.P.; Epsilon Global Asset Management Ltd.; Epsilon Investment Management, LLC; Epsilon Global Active Value Fund III Ltd.; Stafford Towne Ltd.; and Steve Goran Stevanovich (the "Epsilon/Westford Objecting Parties") filed an objection to the Trustee's Motion.

11. On April 18, 2011, (Docket No. 1144) West Landesbank AG  ("WestLB") filed an objection to the Trustee's Motion.

3

12. On April 15, 2011, (Docket No. 1134) Deutsche Zentral-Genossenschaftbank, Frankfurt am Main ("DZ Bank") filed an objection to the Trustee's Motion.

13. On April 15, 2011, (Docket No. 1140), Elistone Fund ("Elistone Fund") filed an objection to the Trustee's Motion.

14. The Opportunity Finance Objecting Parties, the Epsilon/Westford Objecting Parties, WestLB, DZ Bank and Elistone Fund are collectively referred to herein as the "Objecting Parties."

15. On November 17, 2011, the Trustee filed his Supplemental Memorandum in Support of Amended and Restated Motion to Substantively Consolidate Certain of the Debtors' Estates (the "Supplemental Memorandum").

16. An evidentiary hearing on the Trustee's Motion is scheduled to occur from December 12 to December 14, 2011 (the "Hearing").

17. This Motion arises under Fed. R. Bankr. P. Rule 9017 and Fed. R. Evid. 403, 701, 702, and 704. This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rule 9013.

18. The Trustee seeks an Order (1) pursuant to Federal Rules of Evidence 701 and 702 excluding testimony involving scientific, technical, or other specialized knowledge offered by fact witnesses to be called at the evidentiary hearing by the Objecting Parties, and (2) pursuant to Federal Rules of Evidence 403 and 704, excluding testimony offered by expert witness Professor Steven Schwarcz to the extent he seeks to offer legal conclusions or opinions.

**FACTUAL BACKGROUND**

19. Pursuant to the Court's Amended Order on Stipulation to Further Amend Scheduling Order on the Trustee's Motion, on September 16, 2011 the Opportunity Finance Objecting Parties and Epsilon/Westford Objecting Parties disclosed Steven Schwarcz and Paul

Charnetzki as their expert witnesses who will offer expert testimony at the Hearing. The Epsilon/Westford Objecting Parties also identified Myron Glucksman as an additional expert witness. Messrs. Schwarcz, Charnetzki, and Glucksman are the "Disclosed Experts".

20.     In their September 16, 2011 expert witness disclosure, the Opportunity Finance Objecting Parties also informed the Trustee they

> also may call at the hearing in this matter several fact witnesses (for example, lawyers or accountants involved in the relevant transactions) **who, by nature of their training and experience, may provide testimony on matters involving scientific, technical, or other specialized knowledge**. Such witnesses include professionals, agents, employees, and/or consultants who are (or previously were) affiliated with (1) Andrews Kurth LLP, (2) Blanski Peter Kronlage & Zoch, P.A., (3) Deutsche Zentralgenossenschaftbank AG, (4) Fredrikson & Byron, P.A., (5) Freeman Wehmhoff Gatlin, PLLC, (6) Kaye Scholer, LLP, (7) Mayer, Brown & Platt, (8) Moss & Barnett, P.A., (9) Opportunity Finance, and (10) West Landesbank.

The Opportunity Finance Objecting Parties did not specifically identify any of these fact witnesses in their expert witness disclosure or comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) regarding expert witness disclosures with respect to any individuals other than Schwarcz and Charnetzki. The other Objecting Parties have not specifically stated they will attempt to elicit expert testimony from any of the fact witnesses they have identified.

21.     With their September 16, 2011 expert disclosures, the Opportunity Finance Objecting Parties provided an expert report of Professor Schwarcz, who currently is a law professor at Duke Law School. In his expert report, Professor Schwarcz discusses the tests courts use to decide substantive consolidation and offers his legal opinion or conclusion that the Court should not order substantive consolidation as requested by the Trustee.

22.      On November 3, 2011, the Opportunity Finance Objecting Parties identified twenty witnesses they may call at the evidentiary hearing. (Docket No. 1421). Two of these

witnesses are Disclosed Experts, Steven Schwarcz and Paul Charnetzki. The remaining eighteen witnesses include lawyers, investment bankers, accountants, and principals of Opportunity Finance alluded to in the Opportunity Finance Objecting Parties' September 16, 2011 expert witness disclosure.

## RELIEF REQUESTED

**WHEREFORE**, the Trustee requests that this Court grant the Trustee's Motion in Limine and (1) exclude any fact witness opinion testimony offered by the Opportunity Finance Objecting Parties, or any of the Objecting Parties, which is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702, and (2) exclude the expert testimony of Professor Steven Schwarcz to the extent he seeks to testify as to legal conclusions or opinions.

DATED: November 21, 2011

**LINDQUIST & VENNUM P.L.L.P.**

By  /e/ Mark D. Larsen
       Daryle L. Uphoff (#0111831)
       Mark D. Larsen (#318498)
       Terrence J. Fleming (#0293945)
       James A. Lodoen (#173605)
       George H. Singer (#0262043)
       Sandra S. Smalley-Fleming (#0296983)
       Kirstin D. Kanski (#0346676)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)
duphoff@lindquist.com
mlarsen@lindquist.com
tfleming@lindquist.com
jlodoen@lindquist.com
gsinger@lindquist.com
ssmalley-fleming@lindquist.com
kkanski@lindquist.com

**ATTORNEYS FOR DOUGLAS A. KELLEY, CHAPTER 11 TRUSTEE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | |
| Debtors. | Court File No. 08-45257 |
| (includes: | Court Files Nos.: |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION IN LIMINE TO EXCLUDE:**

**(1) EXPERT TESTIMONY OF FACT WITNESSES OFFERED BY THE OBJECTING PARTIES; AND**

**(2) THE TESTIMONY OF EXPERT WITNESS PROFESSOR STEVEN SCHWARCZ TO THE EXTENT HE SEEKS TO OFFER LEGAL CONCLUSIONS OR OPINIONS**

Douglas A. Kelley ("Trustee"), the Chapter 11 Trustee of the above-captioned debtors (the "Debtors"), by and through his counsel, respectfully submits this Memorandum (the "Memorandum") in support of his motion, pursuant to Federal Rules of Evidence 403, 701, 702, and 704, excluding

(1) testimony involving scientific, technical, or other specialized knowledge offered by fact witnesses disclosed by the Objecting Parties, and

(2) the testimony of Professor Steven Schwarcz to the extent he seeks to offer legal conclusions or opinions.

Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the motion filed in connection herewith (the "Motion").

## FACTS

The factual basis for this Memorandum is set forth in the Motion and is incorporated as though fully set forth herein.

## LEGAL ARGUMENT

### I. Federal Rule of Evidence 701 Prohibits Fact Witness Opinion Testimony Based Upon Scientific, Technical, or Other Specialized Knowledge.

Opinion testimony by fact witnesses cannot be based on scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702. Federal Rule of Evidence 701 requires that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and *(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.*

Fed. R. Evid. 701 (emphasis added).

Rule 701 is clear: "if the proposed testimony is based upon scientific, technical, or other specialized knowledge, it is expert testimony, and is subject both to the expert witness disclosure requirements, which will provide the court and opponents with the requisite notice, and to the reliability assessment required by rule 702." 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 701.03 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2011). *See also Bank of China, New York Branch v. NBM, LLC*, 359 F.3d 171, 182 (2d Cir.

2

2004) (trial court abused its discretion in allowing bank employee's testimony about typical international commercial transactions; the testimony was not admissible as lay opinion in bank's civil action under RICO, because testimony was not based entirely on employee's perceptions, but rather on his experience and specialized knowledge in international banking.)

Indeed, Rule 701 was amended in 2000 to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, advisory committee's note. "[T]he [2000] amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." *Id.* Neither the Opportunity Finance Objecting Parties, nor any other Objecting Party, should be permitted to evade the expert witness disclosure requirements of Federal Rule of Civil Procedure 26 and the reliability assessments required by Federal Rule of Evidence 702 by having fact witnesses offer expert testimony. The Objecting Parties have made their expert witness disclosures and the parties have conducted discovery based on these disclosures. The Objecting Parties should not be allowed to keep their options open and elicit expert witness testimony from fact witnesses.

II.     **Legal Opinion or Conclusion Testimony Offered by Steven Schwarcz Should Be Excluded as Unhelpful to the Trier of Fact under Federal Rules of Evidence 403 and 704.**

The Opportunity Finance Objecting Parties have provided notice that they will call Professor Steven Schwarcz to testify as an expert at the Hearing. In his expert report, Professor Schwarcz discusses the tests courts use to decide substantive consolidation and offers his legal opinion or conclusion that the Court should not order substantive consolidation as requested by the Trustee.

3

Federal Rule of Evidence 704(a) allows opinion testimony that goes to an ultimate issue to be decided by the trier of fact. Rule 704(a), however, is limited by the fact that "[t]he basic approach to opinions, lay and expert, in [the] rules is to admit them when helpful to the trier of fact." Fed. R. Evid. 704, advisory committee notes. The legal-conclusion exception to Rule 704(a) exists because this type of testimony is not helpful to the trier of fact. This type of testimony is not helpful as it does nothing more than usurp the fact finder's duties and attempts to instruct the trier of fact, in this case the Court, regarding how it should decide the ultimate legal issue. A trial court is authorized to "exclude opinion testimony if it is so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be." *Williams v. Wal-Mart Stores, Inc.*, 922 F.2d 1357, 1360 (8th Cir. 1990). *See United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) ("where the opinion proffered necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact."). *See also Anderson v. Suiters*, 499 F.3d 1228, 1237 (10th Cir. 2007) ("While expert witnesses may testify as to the ultimate matter at issue, Fed.R.Evid. 704(a), this refers to testimony on ultimate facts; testimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored."); *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (excluding expert reports as nothing more than legal arguments and holding that Rule 704(a) does not allow an expert to render conclusions of law); *Shahid v. City of Detroit*, 889 F.2d 1543, 1547-48 (6th Cir. 1989) (same). Accordingly, any testimony offered by Professor Schwarcz reaching a legal opinion or conclusion should be excluded as improper under Rule 704(a) and unhelpful to the trier of fact under Rule 403. The Court does not need Professor Schwarcz's advice on the law under the guise of opinion testimony.

4

## CONCLUSION

The Trustee requests the Court prevent the Opportunity Finance Objecting Parties (and any other Objecting Party) from violating the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to expert testimony by attempting to proffer expert testimony through the guise of a fact witness. The Objecting Parties' fact witnesses should not be permitted to offer expert testimony. Moreover, Professor Schwarcz should not be permitted to offer legal opinions or conclusions.

DATED:   November 21, 2011 **LINDQUIST & VENNUM P.L.L.P.**

By  /e/ Mark D. Larsen
   Daryle L. Uphoff (#0111831)
   Mark D. Larsen (#318498)
   Terrence J. Fleming (#0293945)
   James A. Lodoen (#173605)
   George H. Singer (#0262043)
   Sandra S. Smalley-Fleming (#0296983)
   Kirstin D. Kanski (#0346676)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)
duphoff@lindquist.com
mlarsen@lindquist.com
tfleming@lindquist.com
jlodoen@lindquist.com
gsinger@lindquist.com
ssmalley-fleming@lindquist.com
kkanski@lindquist.com

**ATTORNEYS FOR DOUGLAS A. KELLEY, CHAPTER 11 TRUSTEE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| | Court Files No.'s: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

**CERTIFICATE OF SERVICE**

Carmel Funk, of the City of St. Paul, County of Ramsey, State of Minnesota, states that on November 21, 2011 she served the following documents:

1. Notice of Hearing and Motion in Limine to Exclude:
    (1) Expert Testimony of Fact Witnesses Offered by the Objecting Parties, and
    (2) The Testimony of Expert Witness Professor Steven Schwarcz to the Extent He Seeks to Offer Legal Conclusions or Opinions; and

upon the following:

| | |
|---|---|
| Arrowhead Capital Management LLC<br>c/o James N. Fry<br>PO Box 465<br>Spring Park, MN 55384-0465 | Rhone Holdings II, Ltd.<br>c/o Thomas K. Cauley, Bryan Krakauer, Brian McAleenan<br>Sidley Austin LLP<br>1 South Dearborn<br>Chicago, IL 60603 |
| Elite Landings, LLC, Petters Aviation LLC<br>PO Box 16352<br>St. Paul, MN 55116-0352 | Matthew A. Feldman, Jessica S. Etra<br>Wilkie Farr & Gallagher, LLP<br>787 7th Avenue<br>New York, NY 10019 |

DOCS-#3592302-v1

| | |
|---|---|
| Huron Consulting Group, Inc.<br>4795 Paysphere Circle<br>Chicago, IL 60674-4795 | Greenwich Insurance Company<br>c/o David M. Gische and Marcus B. Holladay<br>Troutman Sanders LLP<br>401 9th Street NW<br>Washington, DC 20004-1234 |
| Douglas A. Kelley<br>Kelley & Wolter PA<br>Centre Village Offices<br>431 South 7th Street, Suite 2530<br>Minneapolis, MN 55415 | Freestone Low Volatility Partners LP<br>c/o Mark R. Jacobs<br>Pryor Cashman LLP<br>7 Times Square<br>New York, NY 10036-6569 |
| Neal Gerber & Eisenberg LLP<br>C/O Thomas C. Wolford<br>Two North LaSalle Street Suite 1700<br>Chicago, IL 60602 | Steven W. Thomas<br>Thomas Alexander & Forrester LLP<br>14 27th Avenue<br>Venice, CA 90291 |
| Taunton Ventures LP<br>c/o Paul Taunton<br>9980 Deerbrook Drive<br>Chanhassen, MN 55317 | Timothy F Brown<br>Arent Fox LLP<br>1050 Connecticut Ave NW<br>Washington, DC 20036-5339 |
| Kevin J Short<br>150 S. 5th St. Ste 3260<br>Minneapolis, MN 55402 | Matthew J. Flynn<br>Jonathan Hackbarth<br>Quarles & Brady<br>411 E. Wisconsin Ave.<br>Milwaukee, WI 53202 |
| Edward J. Estrada<br>Reed Smith LLP<br>599 Lexington Ave., 22nd Floor<br>New York, NY 10022 | Solomon B. Genet, Edward W. Ostroff,<br>Michael S. Budwick, Jonathan Feldman<br>Meland Russin & Budwick PA<br>200 S. Biscayne Blvd, Ste. 300<br>Miami, FL 33131 |
| Estate of Kenneth R. Cunningham III<br>c/o Mr. Kenneth R. Cunningham, Jr.<br>11 Pinon Woods Drive<br>Sedona, AZ 86351-7918 | Kelly Collins-Cunningham<br>11 Pinon Woods Drive<br>Sedona, AZ 86351-7918 |
| Hugh Hill, Robin E. Keller<br>Hogan Lovellus US LLP<br>875 3rd Avenue<br>New York, NY 10022 | Gary Underdahl<br>ASK Financial<br>2600 Eagan Woods Drive, Suite 400<br>St. Paul, MN 55121 |
| Michael S. McElwee<br>Varnum LLP<br>Bridgewater Place<br>PO Box 352<br>Grand Rapids, MI 49501 | R Brian Shields, James Krause, Michael<br>Gaubert, Lawrence Friedman<br>Friedman & Feiger LLP<br>5301 Spring Valley Rd Suite 200<br>Dallas, TX 75254-2488 |
| Sherri L Toub, Robert J. Lemons<br>Weil Gotshal & Manges LLP<br>767 5th Ave<br>New York, NY 10153 | Deborah M Perry on behalf of Creditor Ark<br>Royal Capital LLC<br>3800 Lincoln Plaza<br>500 North Akard<br>Dallas, TX 75201-3429 |

2

DOCS-#3592302-v1

| | |
|---|---|
| Trent Tucker Non-Profit Organization<br>4350 Baker Road<br>Suite 400<br>Minneapolis, MN 55343 | Harris L Kay, Jeffry Henderson<br>Henderson & Lyman<br>175 West Jackson Blvd Suite 240<br>Chicago, IL 60604 |
| Martin J Mullen on behalf of Creditor Michael Smith<br>Rowe Allen Mullen LLP<br>4275 Executive Square 11th Floor<br>La Jolla, CA 92037 | |

via U.S. Mail to the addresses listed above and electronically by Notice of Electronic Filing upon all parties who have requested service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota.

                                            /e/ Carmel Funk
                                            Carmel Funk

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | |
| Debtors. | Court File No. 08-45257 |
| (includes: | Court Files Nos.: |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

## ORDER

This matter came before the court on December 5, 2011, on the motion of Douglas A. Kelley, Chapter 11 Trustee of the above-captioned Bankruptcy Estates, to exclude (1) expert testimony offered by fact witnesses disclosed during discovery and called by the Objecting Parties to testify at the Hearing, and (2) legal opinions or conclusions offered by Professor Steven Schwarcz, an expert witness identified by the Opportunity Finance Objecting Parties and the Epsilon/Westford Objecting Parties. Based on the arguments of counsel, moving documents, the record made at the hearing, and the Court's findings of fact and conclusions of law, if any, having been recorded in open court following the close of evidence received at the hearing on this matter, and being fully advised in the premises,

DOCS-#3589285-v1

IT IS HEREBY ORDERED THAT:

1. The Trustee's Motion in Limine is GRANTED;

2. The Objecting Parties' fact witnesses shall not provide testimony based on scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702.

3. Expert Witness Professor Steven Schwarcz shall not offer testimony that provides legal opinion or conclusions.

Dated: _____         _____
Gregory F. Kishel
United States Bankruptcy Judge

DOCS-#3589285-v1