UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | Court File Nos.: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One, LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

ORDER GRANTING MOTION FOR AUTHORITY
TO USE CASH COLLATERAL

This matter came on for hearing on December 20, 2011 on the joint motion of: (1) Douglas A. Kelley, the duly-appointed Chapter 11 Trustee for above-captioned debtors, and (2) the Official Committee of Unsecured Creditors for use of certain cash collateral of Petters Group Worldwide, LLC. Based on all the files, records and proceedings,

IT IS HEREBY ORDERED:

1. The Chapter 11 Trustee is hereby authorized to use $2,000,000 of cash collateral currently in the possession of Petters Group Worldwide, LLC, and up to $500,000 of additional cash collateral expected to be recovered by Petters Group Worldwide, LLC from other Petters-

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *12/20/2011*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

related entities, to pay Petters Group Worldwide's approved and allowed professional fees and expenses, ongoing litigation costs and trustee bond fees. All professionals receiving payment from cash collateral shall apply such payment to the fees and expenses owed to such professional by Petters Group Worldwide, subject to further order of this Court.

2. To the extent that Petters Company, Inc. and/or Petters Capital, LLC hold valid perfected liens against Petters Group Worldwide's cash collateral, those entities shall receive replacement liens in all post-petition assets of Petters Group Worldwide, including avoidance actions and other rights to payment arising under Chapter 5 of the Bankruptcy Code, to the extent the Trustee uses Petters Company, Inc.'s and/or Petters Capital's cash collateral to pay professionals with allowed administrative claims against Petters Group Worldwide and does not pay such cash to or for the benefit of such entity. Any replacement liens provided will be of the same nature, character, validity, priority, dignity, extent and effect as the pre-petition liens possessed by Petters Company, Inc. and Petters Capital in cash collateral, and shall be without prejudice to the rights of the Trustee or any other party in interest to challenge the nature, character, validity, priority, dignity, extent and effect of any such liens, or to commence any proceeding under the Bankruptcy Code to avoid, challenge, or recharacterize any claims asserted by Petters Company, Inc. and/or Petters Capital.

Dated: December 20, 2011

*/e/ Gregory F. Kishel*

_____
Gregory F. Kishel
Chief United States Bankruptcy Judge