# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| (includes: | Court Files Nos.: |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

Douglas A. Kelley, in his capacity as the court-appointed Chapter 11 Trustee of Debtor Petters Company, Inc.,

Plaintiff,

| | |
|---|---|
| v. | Adv. Case Nos.: |
| Vlahos, et al.; | 10-04201 |
| Edgebrook, Inc.; | 10-04204 |
| Kanios, et al.; | 10-04206 |
| Hagan; | 10-04207 |
| Dennis, et al.; | 10-04208 |
| Lynn Isaac, et al.; | 10-04209 |
| George Isaac, et al.; | 10-04210 |
| Papadimos; | 10-04211 |
| Svigos; | 10-04212 |
| Carlstrom, et al.; | 10-04213 |
| Taunton; | 10-04214 |
| Hofer, et al.; | 10-04221 |
| Braun, et al.; | 10-04222 |
| Dovolis; | 10-04223 |
| Kenney; | 10-04225 |
| McGough; | 10-04226 |

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/15/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

| | |
|---|---|
| Romano; | 10-04227 |
| Evans Charap; | 10-04228 |
| Charap; | 10-04229 |
| William Boosalis; | 10-04245 |
| John Boosalis; | 10-04246 |
| Gus Boosalis; | 10-04247 |
| Alex Boosalis; | 10-04248 |
| Diment; | 10-04249 |
| High Plains Investment LLC; | 10-04250 |
| Hauser; | 10-04254 |
| Hayden Fleming, et al.; | 10-04255 |
| Patrick Fleming, et al.; | 10-04257 |
| Chin; | 10-04258 |
| Anding; | 10-04260 |
| McCarthy, et al.; | 10-04262 |
| Brennan; | 10-04264 |
| Timmer; | 10-04265 |
| Kenneth Colvin, et al.; | 10-04266 |
| Steve Feneis; | 10-04268 |
| Hayes; | 10-04269 |
| Brian Johnson, et al.; | 10-04271 |
| Joseph; | 10-04272 |
| Kabe; | 10-04273 |
| Caruso; | 10-04274 |
| Dan G. Feneis, et al.; | 10-04275 |
| Kastor; | 10-04276 |
| Ruggieri; | 10-04279 |
| Jane Slobodyanuk; | 10-04280 |
| Slava Slobodyanuk; | 10-04281 |
| Miller Companies, Inc.; | 10-04282 |
| Larsen Agribusiness, Inc.; | 10-04283 |
| Kerbel, et al.; | 10-04284 |
| Faraone, et al.; | 10-04287 |
| Christenson, et al; | 10-04288 |
| Challenge Printing; | 10-04290 |
| Overstock.com; | 10-04292 |
| Scherber; | 10-04295 |
| Mansour, et al.; | 10-04296 |
| Olson, et al.; | 10-04297 |
| Larry Colvin, et al.; | 10-04310 |
| Kimberlee Colvin, et al.; | 10-04311 |
| Urban Ventures; | 10-04324 |
| Ark Royal Capital, LLC; | 10-04325 |
| B'nai B'rith Int'l; | 10-04326 |
| Menczynski; | 10-04336 |
| Circle F Ventures, LLC; | 10-04355 |

| | |
|---|---|
| Dallman; | 10-04356 |
| McKinney; | 10-04365 |
| Harmer; | 10-04372 |
| Farrar; | 10-04377 |
| Cholakis; | 10-04379 |
| Idlewild Properties, LLC; | 10-04380 |
| Larry Johnson; | 10-04381 |
| Knoblach, et al.; | 10-04382 |
| Millennium Development; | 10-04383 |
| Nelson; | 10-04384 |
| North Central Food Systems; | 10-04389 |
| Boosalis Family Ltd. Partnership; | 10-04390 |
| Schopper; | 10-04391 |
| Insight Partners LP; | 10-04411 |
| Garden State Securities; | 10-04412 |
| Apriven Partners, LP; | 10-04413 |
| Home Federal Savings Bank, et al.; | 10-04416 |
| Meyer; | 10-04417 |
| Baratz, et al.; | 10-04420 |
| Signature Bank; | 10-04421 |
| Kenneth Johnson; | 10-04423 |
| Southwest Aviation, et al.; | 10-04424 |
| James Hodge; | 10-04425 |
| Calibrax Capital Partners; | 10-04426 |
| Lancer Financial Services, LLC, et al.; | 10-04427 |
| Brax Capital Group; | 10-04430 |
| Actionwear International, et al.; | 10-04432 |
| After the Second Millennium; | 10-04433 |
| After the Second Millennium; | 10-04434 |
| Boland; | 10-04436 |
| Home Federal Savings; | 10-04439 |
| Cunningham, et al.; | 10-04442 |
| Beresford Bancorporation, Inc.; | 10-04447 |

        Defendants

**ORDER FURTHER MODIFYING THE COURT'S CASE MANAGEMENT ORDER (DKT NO. 2172) TO PROVIDE FOR ALLOCATION OF TIME AND SEQUENCE OF DEPOSITION OF TRUSTEE'S EXPERT WITNESS**

---

  This matter is before the Court pursuant to proposals submitted by Douglas A. Kelley, the duly-appointed Chapter 11 Trustee of the Debtors ("the Trustee"), and a working group of

3

certain of the defendants named above (the "Defendants").  The proposals were made for an order to modify the Court's prior order relating to the deposition of Theodore F. Martens, the witness that the Trustee has retained to present evidence under Fed. R. Evid. 702, 703, or 705. After discussion at the omnibus hearing of April 7, 2015, counsel reached a compromise on most of their issues.  Via filed letters [BKY 08-45257, Dkt. Nos. 2825 and 2826], they presented three remaining contentions to the court for decision.

Both proposals have been reviewed at length.  The two sides are commended for arriving at a structure that has many good points: it puts limits on the length of Martens's deposition; it provides for a one-day joint examination of the witness on identified "common issues"; it allocates the remainder of the time in deposition among individual Defendants according to an objective formula keyed to the specifics of the Trustee's claims against each deposing Defendant; and it contemplates and requires coordination among the Defendants for the actual conducting of the deposition.

Clearly, the measure for the allocation of each Defendant's time was set in rough proportion to the complexity of the transactional history that exposes each single Defendant to liability in avoidance.  It parcels out the time per Defendant, without regard to the identity of defense counsel.  By its very terms, the allocation measure is to be applied Defendant by Defendant.  It gives each Defendant a specific measure for the duration of its interrogation of the witness.

However, the measure should not be altered in its application, merely because multiple Defendants are represented by one lawyer.  The basic notion of the measure is simple, workable, and objectively grounded.  Its application will be easy.  That would not be the case were a group of Defendants--or, more accurately, their one common lawyer--to make a cumulated allocation

4

of time generic, and then to reallocate that time internally among the group's members. The idea would be to permit the lawyer to spend more than a Defendant-specific interval of time to explore that particular client's case with the witness--were another client in the group willing to give up its own time. This undercuts the uniformity of the allocation and departs from the predicates of its measure. The basic notion of the measure does not match to the melding of allocated time among Defendants who are represented by one attorney.

Put another way, from a different perspective: under the agreed terms, applying the allocation formula to the full number of Defendants results in a maximum length of time for which Martens would be subject to interrogation. Counsel have already done the math to arrive at that (8.7 days of 7 hours each). But the result is only a maximum. The formula and this process do guarantee each Defendant its own component of time. However, if a Defendant does not *use* its due, that allocated component should lapse, and Martens's total time under interrogation should be correspondingly reduced. The defense constituency as a collective is not guaranteed anything under the measure and the allocation. Neither should any particular Defendant be entitled to anything above its individual level.

For the same reason, the allocation should not be extended so as to create a fungible commodity--interrogation time--or a market in it within the defense constituency. The Defendants want to make a particular Defendant's allocation assignable to any other Defendant or group of Defendants that is represented by a *different* lawyer. This obviously departs from the sensibility of the allocation formula. And apart from that, it could lead to a free-for-all in competition for unused time components; cumulative and repetitious interrogation; and interrogation beyond the topical boundaries that are logically linked to each Defendant's potential exposure.

The Trustee's position on these issues is the better-founded. The parties' formula was crafted as a balance between adequacy of interrogation and efficiency in conducting it. Its application should play its way out by conducting Martens's deposition through a sequence of blocks of individually-allocated time--just as the structure of the formula implies.

Those are the points expressly noted by the lawyer who presented the Defendants' proposal. However, he slipped an additional proviso into his proposed order without drawing attention to it in his written submission. The Trustee objected to the proviso and identified this as a third unsettled issue.

The defense proposal is to expressly allow pre-deposition written discovery requests to the Trustee, on the subject matter of Martens's deposition. The Trustee insists that the earlier provisions for written discovery under the limitations of the Case Management Order, as amended, were sufficient.

The Case Management Order's provisions only allowed "one set of [written] discovery," which was to be "regarding issues common to Defendants." At this point, the Trustee's counsel never states whether he was served with that set. However, he complains of having been served already with fifteen separate sets of discovery--apparently each one from a different Defendant-- and he anticipates receiving more.

So, it is not clear from the record whether the defense has even used the contemplated, established measure to enable it to prepare for the one-day common-issues portion of Martens's deposition. It is true, the earlier case-management terms for this litigation [BKY 08-45257, Dkt. No. 2172, Terms 8 and 11] did not provide for individualized, pre-deposition written discovery requests from individual Defendants. Apparently, in the Trustee's view the provision of a hard-drive containing his cumulated evidence in digital format to all requesting Defendants was to meet the need for such discovery measures. If the Defendants have not united in ordered

efficient discovery on common issues, there will be consequences for that.[1] If they have not requested the hard drive yet, they still may do so.

In opposing this third request, the Trustee fails to acknowledge that bedrock-established procedure in discovery is to allow some written discovery prior to a deposition, on specific facts that will be explored with the deposed witness. This, apparently, is what the defense was seeking by the provision that was slipped into the order. The question now is whether the more traditional process is necessary, or whether the availability of the mass-disclosure met the need.[2] Though the Trustee's counsel has mentioned the mass disclosure via hard-drive during several omnibus hearings, there has been little or no discussion on the nature of the content and its materiality to the transaction-specific claims against individual Defendants.

It would be neither fair nor prudent to address the Defendant's proposal for pre-deposition written discovery on a record as skeletal as this. On the one hand, if transaction-specific information as to each Defendant is already in the mass disclosure via hard drive, compelling the Trustee to respond to pre-deposition discovery would be an unwarranted burden and expense to the estate, without a countervailing practical benefit to the defense.[3] On the other hand, defense counsel should have the benefit of transaction-specific document production, at the very least--so they can make full and best use of their allocated time for interrogating Martens about the case against their clients.[4]

---

[1]The issue will be taken up at the next omnibus hearing (May 19).

[2]All this assumes that the e-format proffer was formatted and organized as Fed. R. Civ. P. 34(b)(2)(E) requires, and was searchable. If it contained Defendant-specific data, this would enable a particular Defendant to easily retrieve data specific to the case against it.

[3]In the context of bankruptcy litigation, the generalized expectations of litigation-specialist attorneys that "that's the way it's done" do not trump the need to conserve estate resources.

[4]The defense had better have explored the specifics of Martens's methodology in the common-issues round of joint discovery requests. There will be enough to elicit on the merits during the one-day common-issues component of the deposition, for much time to be wasted on *how* Martens did his

This issue is significant enough to address, but not now. It will be taken up at the omnibus hearing on May 19, and settled then. Counsel from both sides shall be prepared to address the points and concerns just noted. A further amendment to discovery provisions can be made via order after that, if it is warranted.[5]

On a full consideration of counsel's submissions and relevant portions of the record,

THE COURT FINDS AND CONCLUDES:

1. On December 20, 2013, the Court entered its Order Modifying Discovery of Stay and Setting Case Management Procedures Relative to Partial Motions for Summary Judgment [Dkt. No. 2172] (the "Case Management Order").

2. Pursuant to Paragraph 8 of the Case Management Order, the Trustee was ordered to make Mr. Martens available for a consolidated oral deposition for two days in total on facts relevant to the Trustee's motions for partial summary judgment, with deposition time not to exceed 7 hours each day (for a total deposition time of 14 hours).

3. On March 6, 2015, the Court modified the Case Management Order pursuant to the Order Modifying Term 6 of the Court's Discovery Stay Modification Order Dated December 20, 2013 (Dkt. No. 2172), Extending Dates and Confirming Hearing [Dkt No. 2679] (the "Modification Order").

4. The Modification Order did not alter or otherwise modify Paragraph 8 of the Case Management Order.

---

analysis.

[5]And to make it clear: the Defendants must present a proposal for pre-deposition discovery that is *limited, pointed, and not burdensome*. That proposal must be based on an identification of specific subject matter for their interrogation, and it must be structured to promote a transaction-specific interrogation responsive to the Trustee's theories for avoidance under his motions for partial summary judgment. (The issue of substantive scope as to current discovery and the deposition has been outstanding since the April 7 omnibus hearing. That will be addressed by the separate, more general order for modification of procedures that will be entered shortly.)

5. At the April 7, 2015 omnibus hearing in this matter, the issue of the proposed deposition of Mr. Martens, among other discovery issues, was raised. The parties failed to come to an agreement at the hearing as to the amount of time Mr. Martens should be deposed.

6. Following the hearing, a working group of counsel for certain of the Defendants, including Jane E. Maschka, Steven M. Pincus, Bryant Tchida, and Michael A. Rosow, and the Trustee worked together to prepare a compromise proposal concerning the limited issue of Mr. Martens' deposition.

7. The Trustee and the working group of counsel on behalf of Defendants have submitted separate proposals on the limited issue of Mr. Martens' deposition to the Court, and the Court adopts the Trustee's proposal to the extent noted.

8. The Court will issue a subsequent order on the remaining discovery issues raised by the parties.

IT IS ORDERED THAT:

1. The Modification Order is modified for the limited purpose of modifying Paragraph 8 of the Case Management Order, as provided below.

2. The Defendants will coordinate amongst themselves the deposition of Mr. Martens for 1 day of 7 hours on the common issues, as identified in Paragraph 6 of the Case Management Order as modified.

3. In addition, the Defendant(s) in each adversary case will be permitted to depose Mr. Martens on the issues specific to that Defendant or those Defendants according to the number of transactions entered into by the Defendant(s) (based on Exhibit A attached):

   a. Defendants in the 1-24 category will have 30 minutes;

   b. Defendants in the 25-50 category will have 1 hour;

   c. Defendants in the 51-100 category will have 1.5 hour; and

Case 08-45257    Doc 2830    Filed 05/15/15    Entered 05/15/15 17:37:40    Desc Main
Document      Page 10 of 13

    d. As to the Defendant in the more than 100 category,[6] Defendant Paul Svigos will have 3.5 hours.

  4. As to the deposition of Mr. Martens on the issues specific to the Defendant(s) in each adversary proceeding, the sequence of the questioning will be determined by the Defendants. The Defendants will provide the Trustee with prior notice of the identity of the Defendants that will depose Mr. Martens and the sequence of the individual Defendants' interrogation no later than June 1, 2015. If Defendants fail to provide the sequence by June 1, 2015, the sequence will be in the order listed in Exhibit A (attached) (i.e., High Plains goes first, followed by Jerry Nelson, etc.).

  5. If a Defendant chooses not to depose Mr. Martens on the issues specific to that Defendant, that Defendant waives the right to take the deposition on those issues and the overall time for Mr. Martens' deposition shall be reduced in like measure to that Defendant's allocated time. That is, if a Defendant does not use the time allotted to that Defendant, that time cannot be used by another Defendant.

  6. A Defendant must demonstrate good cause to obtain more time to depose Mr. Martens either on the common issues or the issues specific to that Defendant or those Defendants.

  7. Defendants who are not currently subject to pending summary judgment motions may participate in the one-day "common issues" deposition, or they waive that right pursuant to Paragraph 6 of the Case Management Order as modified, but will not participate in the

---

[6]There is another set of Defendants in the category of note transactions numbering more than 100: the Lancer Defendants. The Trustee has determined to withdraw his motion for partial summary judgment as to the Lancer Defendants. Accordingly, the Lancer Defendants can participate in the one-day deposition of Mr. Martens on the common issues. The Lancer Defendants will be provided an opportunity to depose Mr. Martens as to issues specific to the Lancer Defendants at another time.

transaction-specific depositions of Mr. Martens. Another round of transaction-specific depositions shall be scheduled by the Court with respect to those Defendants.

8. Defendants may ask follow-up questions on issues discussed during the common-issues deposition during transaction-specific depositions, provided Defendants do not exceed the allotted time.

9. Parties in the following adversary proceedings are not required to participate in any of the depositions of Mr. Martens, and further depositions of Mr. Martens may be scheduled at a later date if necessary:

    a. Adv. Case No. 10-04301 (Kelley v. Opportunity Finance, LLC, et al.);

    b. Adv. Case No. 10-04328 (Kelley v. Metro I, LLC, et al.);

    c. Adv. Case No. 10-04375 (Kelley v. Opportunity Finance, LLC);

    d. Adv. Case No. 10-04396 (Kelley v. Westford Special Situations Fund, L.P., et al.);

    e. Adv. Case No. 10-04422 (Kelley v. Associated Bank);

    f. Adv. Case No. 10-04429 (Kelley v. Crown Bank);

    g. Adv. Case No. 10-04440 (Kelley v. Ritchie Capital Management, LLC, et al.);

    h. Adv. Case No. 12-04288 (Kelley v. BMO Harris Bank, N.A.);

    i. Adv. Case No. 10-04443, ADV 10-04444, ADV 10-04445, and ADV 10-04446 (Kelley v. JP Morgan Chase & Co., et al.); and

    j. Adv. Case No. 10-4352 (Kelley v. Metro Gem et al.).

10. Pending further order, discovery shall proceed pursuant to the Case Management order, as amended previously and by this order. At the omnibus hearing on May 19, 2015, counsel shall address the Defendants' request for leave to serve written discovery requests before Mr. Martens's deposition.

Dated: *May 15, 2015*

*/e/ Gregory F. Kishel*

Gregory F. Kishel
Chief United States Bankruptcy Judge

| Case No. | Name | Value | | | |
|---|---|---|---|---|---|
| 10-04250 | High Plains Investme | 1 | | | |
| 10-04384 | Nelson, Jerry | 1 | | | |
| 10-04292 | Overstock.com | 1 | | | |
| 10-04391 | Schopper | 1 | | | |
| 10-04274 | Caruso | 2 | | | |
| 10-04290 | Challenge Printing | 2 | | | |
| 10-04380 | Idlewild Properties, L | 2 | | | |
| 10-04296 | Mansour, et al. | 2 | | | |
| 10-04214 | Taunton, Peter, et al. | 2 | | | |
| 10-04276 | Kastor | 3 | | | |
| 10-04379 | Cholakis | 4 | | | |
| 10-04282 | Miller Companies, In | 5 | | | |
| 10-04311 | Colvin, Kimberlee et | 6 | | | |
| 10-04207 | Hagan | 6 | | | |
| 10-04297 | Olson, et al. | 7 | | | |
| 10-04420 | Baratz, et al. (FJE) | 8 | | | |
| 10-04295 | Scherber | 8 | | | |
| 10-04284 | Kerbel et al. | 9 | | | |
| 10-04382 | Knoblach | 10 | | | |
| 10-04272 | Joseph, Anna | 15 | | | |
| 10-04281 | Slobodyanuk, Slava | 15 | | | |
| 10-04257 | Fleming, Patrick, et a | 16 | | | |
| 10-04269 | Hayes | 16 | | | |
| 10-04226 | McGough | 16 | | | |
| 10-04268 | Feneis, Steve | 17 | | | |
| 10-04273 | Kabe | 17 | | | |
| 10-04288 | Christenson, et al. | 18 | | | |
| 10-04283 | Larsen Agribusiness | 19 | | | |
| 10-04356 | Dallman | 20 | | | |
| 10-04206 | Kanios, et al. | 20 | | | |
| 10-04246 | Boosalis, John | 21 | | | |
| 10-04225 | Kenney | 21 | | | |
| 10-04249 | Diment | 23 | | | |
| 10-04280 | Slobodyanuk, Jane | 23 | | | |
| 10-04248 | Boosalis, Alex | 24 | 35 | 0.5 | 2.5 |
| 10-04254 | Hauser | 27 | | | |
| 10-04310 | Colvin, Larry et al. | 29 | | | |
| 10-04271 | Johnson, Brian/Mary | 31 | | | |
| 10-04213 | Carlstrom, et al. (FJE | 32 | | | |
| 10-04355 | Circle F Ventures, LL | 35 | | | |
| 10-04258 | Chin, et al. | 36 | | | |
| 10-04266 | Colvin, Kenneth/Thelma, et al. | 38 | | | |
| 10-04442 | Cunningham, et al. ( | 38 | | | |
| 10-04264 | Brennan | 39 | | | |
| 10-04262 | McCarthy et al. | 42 | | | |
| 10-04210 | Isaac, George, et al. | 47 | | | |
| 10-04265 | Timmer et al. (FJE) | 47 | 12 | 1 | 1.71 |
| 10-04228 | Evans Charap | 52 | | | |
| 10-04279 | Ruggieri et al. | 52 | | | |
| 10-04227 | Romano | 57 | | | |
| 10-04275 | Feneis, Dan and Pat | 59 | | | |
| 10-04204 | Edgebrook, Inc. | 60 | | | |
| 10-04223 | Dovolis | 62 | | | |
| 10-04247 | Boosalis, Gus | 65 | | | |
| 10-04260 | Anding | 83 | | | |
| 10-04211 | Papadimos | 83 | | | |
| 10-04208 | Dennis, et al. | 85 | | | |
| 10-04209 | Isaac, Lynn, et al. | 90 | | | |
| 10-04287 | Faraone, et al. | 94 | | | |
| 10-04229 | Charap | 95 | | | |
| 10-04221 | Hofer, et al. | 98 | 14 | 1.5 | 3 |
| 10-04427 | Lancer, et al. | 136 | | | |
| 10-04212 | Svigos | 176 | 2 | | 1.5 |
| | | 2169 | | | 1 9.71 |